**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **SETH DANIELS,**<br>**2227 US Highway 1**<br>**Unit 296**<br>**North Brunswick, NJ 08902**<br><br>**PLAINTIFF,**<br><br>**v.**<br><br>**AMERICAN POWER CONVERSION CORPORATION,**<br>**132 Fairgrounds Road,**<br>**West Kingston, RI 02892**<br><br>**DEFENDANT.** | CA 05 459 ML<br><br>**CIVIL ACTION NO. _______________**<br><br>**[Jury Trial Demanded]** |

***PRO SE* COMPLAINT**

Plaintiff Seth Daniels alleges for his Complaint, *pro se*, as follows:

## I. INTRODUCTION

1. Plaintiff Seth Daniels ("Plaintiff" or "Daniels") brings this action against the Defendant American Power Conversion Corporation ("Defendant" or "APC") to redress race discrimination and retaliation in employment. Plaintiff brings this action against APC pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("§ 1981"), and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1, *et seq.* ("RICRA"). The Plaintiff seeks declaratory and injunctive relief, back pay, front pay, reinstatement and restoration of seniority, compensatory, nominal, and punitive damages, and attorneys' fees, costs, and expenses to redress Defendant's racial discrimination and retaliation against him.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1343(4), 2201, and 2202, 42 U.S.C. § 1981, and Title VII. This Court has supplemental jurisdiction over the Plaintiff's claims under the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1, *et seq*. because they are a part of the same case or controversy as his federal claims.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(a). The unlawful employment practices alleged herein were committed by Defendant within Rhode Island, the Plaintiff would have continued to work for Defendant within Rhode Island but for the Defendant's discrimination, and the employment records pertaining to this case are maintained by Defendant within Rhode Island.

## III. ADMINISTRATIVE EXHAUSTION

4. The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. The Plaintiff filed a timely charge with the United States Equal Employment Opportunity Commission ("EEOC") and has filed suit within ninety (90) days of receipt of his Notice of Right To Sue. The Plaintiff's claims arising under 42 U.S.C. § 1981 and RICRA do not require administrative exhaustion.

## IV. PARTIES

5. **Plaintiff Seth Daniels** is an African-American citizen of the United States and a resident of the state of New Jersey. Daniels began working for Defendant APC in Rhode Island in September of 2003. He held the position of Training and Development Manager for APC's Global Services, a division based in East Providence, Rhode Island.

6. Daniels was unlawfully terminated by APC in Rhode Island in March of 2004 based upon his race and in retaliation for have complained about race discrimination and

harassment in the APC workplace.

7. **Defendant American Power Conversion** is a company that produces and sells alternating current ("AC") and direct current ("DC")-based back-up power products and services, including electrical surge suppressors, uninterruptible power supplies, power conditioning equipment, power management software, and DC power systems. The company also produces and sells precision cooling equipment, and provides professional and consulting networking services.

8. APC sells its products in almost 160 countries, including the United States of America. Its corporate headquarters are located in West Kingston, Rhode Island. It also has a Distribution Center located in West Warwick, Rhode Island, and a plant and additional offices located in East Providence, Rhode Island.

9. From its corporate headquarters, APC maintains actual and/or constructive control, oversight, and/or direction over the office where Plaintiff was employed in East Providence, Rhode Island, including the employment policies, practices, and procedures utilized at such office.

10. The acts set forth in this Complaint from September of 2003 forward were authorized, ordered, performed, approved and/or ratified by APC's officers, executives, managers, agents, employees, and/or representatives while actively engaged in the management of APC's business.

## V. STATEMENT OF FACTS

11. Soon after Daniels joined APC in September of 2003, he was harassed and discriminated against based upon his race.

12. Finance Director Brian Kelly ("Kelly"), a white male, interrogated Daniels

regarding his personal finances when Daniels filled out his W-4 (IRS) form for the company. Kelly further harassed Daniels regarding his qualifications for the job, questioned whether he should have been hired, and told him that he did not fit the mold of an APC employee. Kelly did not treat white employees in such a fashion.

13. In late November of 2003, Daniels' company laptop was stolen from his car. Kelly harassed Daniels regarding the theft, blamed Daniels for allowing the theft to occur, and implied that Daniels benefited from the theft. Previously, the laptops of four white managers were stolen during a business trip, and other equipment was subsequently stolen from other white employees. The white employees were not harassed and blamed for the thefts by APC or, in particular, Kelly.

14. Daniels was harassed in the terms and conditions of his employment by APC. Although direct billing for travel expenses was not prohibited by APC, Daniels was continually harassed about directly billing, to the company, his own work-related travel expenses as well as the work-related travel expenses of other employees whom Daniels supervised or for whom he made travel arrangements.

15. Kelly, without notice to Daniels, abruptly ended Daniels' authority to bill car rental expenses directly to APC. Daniels only became aware of the change when traveling and he attempted to rent a car. When Daniels complained to Kelly, Kelly told Daniels to obtain and use a credit card for this purpose. Kelly did not treat white employees in this manner.

16. Daniels, who is black and six feet two inches tall, was asked by APC Human Resources ("HR") to accompany an HR representative to the train station to inform an individual that his job offer was rescinded due to the failure by that individual to pass a drug test. Daniels was told that his presence was requested because "you will scare the shit out of him."

17. In approximately December of 2003, Daniels complained to his supervisor and to an APC HR manager regarding the racially discriminatory and harassing treatment that Daniels had experienced, particularly about Kelly's conduct. In response to these complaints, APC managers advised Daniels to stay out of Kelly's way.

18. In March 2004, without receiving any prior discipline, Daniels was abruptly terminated. APC accused Daniels of receiving kickbacks in the form of travel points when he made reservations at a hotel for individuals who were attending a training event at APC.

19. Although APC alleged, after the fact, that Daniels should have used a different hotel, APC managers knew, prior to the training session, that Daniels had reserved rooms at the hotel in question. Daniels had met all the requirements APC had directed to him in choosing the hotel.

20. APC's policies do not prohibit the receipt of travel points by a person who is properly booking hotel rooms for others. APC managers who are white had received travel points and had advised Plaintiff that the receipt of such travel points was not improper.

21. After his termination, APC deducted approximately $1,000 from Daniels' expense reimbursement checks, for expenses for which he was either entitled for reimbursement, or had never taken from the company. Expenses are not improperly deducted from the checks of white APC employees who have been terminated. In addition, Daniels was never reimbursed for approximately $4,000 worth of work-related expenses.

22. As a result of the Defendant's discriminatory and retaliatory actions, Plaintiff Daniels has suffered extreme emotional and economic harm.

## VI. CAUSES OF ACTION

### COUNT ONE

**(Discrimination on the Basis of Race in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*)**

23. Plaintiff restates and realleges paragraphs 1 through 22 as though set forth here in full.

24. Defendant has discriminated against Plaintiff, harassed him on the basis of his race, and treated him differently than similarly-situated white employees in violation of Title VII.

25. Defendant has discriminated against the Plaintiff on the basis of his race in the terms, conditions, and privileges of his employment.

26. Defendant has engaged in, condoned, and ratified harassing and discriminatory conduct of the Plaintiff which resulted in a racially hostile work environment. Despite knowing of the racial harassment against Plaintiff, Defendant did not take prompt, effective remedial action. Defendant is thus directly or vicariously liable for race harassment under Title VII.

27. Defendant's conduct has been disparate, intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.

28. Defendant's policies and/or practices have also produced a disparate impact against the Plaintiff with respect to the terms and conditions of his employment and termination.

29. By reason of the continuous nature of Defendants' discriminatory conduct, persistent throughout the employment of Plaintiff, the Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

30. Defendant's discriminatory employment practices have caused the Plaintiff to

experience severe harm, including loss of compensation, wages, back pay and front pay, benefits, seniority, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity, and the resulting injury and loss.

31. By reason of Defendant's discrimination, Plaintiff is entitled to all equitable and legal remedies available under Title VII, including, but not limited to: declaratory relief; injunctive relief; back pay; front pay; nominal, compensatory, and punitive damages; and reinstatement with restoration of seniority and benefits.

## COUNT TWO

**(Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*)**

32. Plaintiff restates and realleges paragraphs 1 through 22 as though set forth here in full.

33. In retaliation against Plaintiff's protests and opposition to Defendant's racial harassment and racially discriminatory practices and conduct, Defendant terminated Plaintiff.

34. Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.

35. Plaintiff complained to Defendant's management regarding the racial harassment and racially discriminatory and disparate treatment.

36. In retaliation for engaging in protected activity, Defendant subjected Plaintiff to unlawful termination.

37. As a result of Defendant's retaliation, Plaintiff has suffered extreme emotional and economic harm.

38. By reason of Defendant's illegal retaliation, Plaintiff is entitled to all equitable

and legal remedies available under Title VII, including, but not limited to: declaratory relief; injunctive relief; back pay; front pay; nominal, compensatory, and punitive damages; and reinstatement with restoration of seniority and benefits.

## COUNT THREE

**(Discrimination on the Basis of Race in Violation of The Civil Rights Act of 1866, 42 U.S.C. § 1981)**

39. The Plaintiff restates and realleges paragraphs 1 through 22 as though set forth here in full.

40. Defendants have discriminated against Plaintiff on the basis of his race by denying him the same rights as are enjoyed by white persons in the making, performance, modification, and termination of his contracts, specifically regarding his employment relationship with the Defendant and the enjoyment of all benefits, privileges, terms, and conditions of that relationship, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

41. Defendant has discriminated against Plaintiff, harassed him on the basis of his race, and treated him differently than similarly-situated white employees in violation of § 1981.

42. Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of the Plaintiff.

43. By reason of the continuous nature of Defendant's discriminatory conduct, persistent throughout the employment of the Plaintiff, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

44. Defendant's discriminatory employment practices have caused the Plaintiff to experience severe harm, including loss of compensation, wages, back pay and front pay, benefits,

seniority, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity, and the resulting injury and loss.

45. By reason of Defendants' discrimination, the Plaintiff is entitled to all equitable and legal remedies available under § 1981, including, but not limited to: declaratory relief; injunctive relief; back pay; front pay; nominal, compensatory, and punitive damages; and reinstatement with restoration of seniority and benefits.

**COUNT FOUR**

**(Retaliation in Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981)**

46. Plaintiff restates and realleges paragraphs 1 through 22 as though set forth here in full.

47. In retaliation against Plaintiff's protests and opposition to Defendant's racially discriminatory practices and conduct, Defendant terminated Plaintiff.

48. Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.

49. Plaintiff complained to Defendant's management regarding its racially discriminatory and disparate treatment of him.

50. In retaliation for engaging in protected activity, Defendant subjected Plaintiff to unlawful termination.

51. As a result of Defendant's retaliation, Plaintiff has suffered extreme emotional and economic harm.

52. By reason of Defendant's illegal retaliation, Plaintiff is entitled to all equitable and legal remedies available under § 1981, including, but not limited to: declaratory relief; injunctive relief; back pay; front pay; nominal, compensatory, and punitive damages; and

reinstatement with restoration of seniority and benefits.

**COUNT FIVE**

**(Discrimination on the Basis of Race in Violation of the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1, *et seq.*)**

53. The Plaintiff restates and realleges paragraphs 1 through 22 as though set forth here in full.

54. Defendant has discriminated against Plaintiff on the basis of his race by denying him the same rights as are enjoyed by white persons in the making, performance, modification, and termination of his contracts, specifically regarding his employment relationship with the Defendant and the enjoyment of all benefits, privileges, terms, and conditions of that relationship, in violation of the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1, *et seq*.

55. Defendant has discriminated against Plaintiff, harassed him on the basis of his race, and treated him differently than similarly-situated white employees in violation of RICRA.

56. Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of the Plaintiff.

57. By reason of the continuous nature of Defendant's discriminatory conduct, persistent throughout the employment of the Plaintiff, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

58. Defendant's discriminatory employment practices have caused the Plaintiff to experience severe harm, including loss of compensation, wages, back pay and front pay, benefits, seniority, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity, and the resulting injury and loss.

59. By reason of Defendant's discrimination, the Plaintiff is entitled to all equitable and legal remedies available under RICRA, including, but not limited to: declaratory relief; injunctive relief; back pay; front pay; nominal, compensatory, and punitive damages; and reinstatement with restoration of seniority and benefits.

## IX. PRAYER FOR RELIEF

49. Wherefore, the Plaintiff requests the following relief:

A. A declaratory judgment that the Defendant's conduct challenged herein is illegal and in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e, *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981, and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1, *et seq.*;

B. A permanent injunction against the Defendant and its partners, officers, owners, agents, successors, employees, and representatives, and any and all persons acting in concert with them, from engaging in any further unlawful racial discrimination and retaliation by the Defendant, as set forth herein;

C. An Order requiring Defendant APC immediately to reinstate Plaintiff Seth Daniels into the position he would have held but for the discriminatory discharge and/or retaliation and to adjust his wage rate and seniority accordingly, and to reinstate all of his employment and fringe benefits, and to expunge the termination and all references to it from Plaintiff's employment records;

D. An Order directing Defendant APC to restore all employee benefits to

Plaintiff Seth Daniels to the level that he would be enjoying but for the Defendants' discriminatory and retaliatory conduct;

E. An award of back pay, front pay, lost benefits, and nominal, compensatory, and punitive damages, and other damages for losses suffered by Plaintiff Seth Daniels;

F. An award of litigation costs and expenses, including reasonable attorneys' fees;

G. Pre-judgment interest;

H. Such other and further relief as the Court may deem just and proper, and;

I. Retention of jurisdiction by the Court until such time as the Court is satisfied that the Defendant has remedied the violations complained of herein.

## X. JURY DEMAND

50. The Plaintiff demands a trial by jury of all issues triable of right to a jury.

Date: November 2, 2005

Seth Daniels
2227 US Highway 1
Unit 296
North Brunswick, NJ 08902
866-300-9500

***PRO SE* PLAINTIFF**