IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SETH DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POWER CONVERSION CORPORATION,<br><br>Defendants. | Civil Action<br>No: 05-00459-ML-LDA |

**DEFENDANT AMERICAN POWER CONVERSION CORPORATION'S**
**ANSWER TO PLAINTIFF SETH DANIELS' COMPLAINT**

Defendant, American Power Conversation Corporation ("Defendant" or "APC"), hereby responds to Plaintiff Seth Daniels' ("Plaintiff" or "Daniels"), *Pro Se* Complaint and Demand for Jury Trial ("Complaint") as follows:

## I. INTRODUCTION

1. APC admits that Plaintiff asserts claims, against APC in this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981, and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws §42-112-1, *et seq.*, and that Plaintiff seeks declaratory and injunctive relief, back pay, front pay, reinstatement and restoration of seniority, compensatory, nominal, and punitive damages, and attorneys fees, costs. APC denies any remaining allegations contained in paragraph 1, including any allegations that it discriminated or retaliated against Plaintiff.

## II. JURISDICTION AND VENUE

2. Paragraph 2 of Plaintiff's Complaint contains only purported legal conclusions and summaries to which APC is not obligated to respond. To the extent a response is required, APC denies any and all allegations contained in paragraph 2.

3. The first sentence contained in paragraph 3 of Plaintiff's Complaint contains only purported legal conclusions and summaries to which APC is not obligated to respond. To the extent a response is required, APC denies any and all allegations contained in the first sentence of paragraph 3 of the Complaint. APC denies the remaining allegations contained in paragraph 3 of the Complaint.

## III. ADMINISTRATIVE EXHAUSTION

4. The first and third sentences contained in paragraph 3 of Plaintiff's Complaint contain only purported legal conclusions and summaries to which APC is not obligated to respond. To the extent a response is required, APC denies any and all allegations contained in the first and third sentences of paragraph 3 of the Complaint. APC states that it is without knowledge or information sufficient for it to admit or deny the allegations contained in the second sentence of paragraph 4 of the Complaint, and accordingly denies same.

## IV. PARTIES

5. APC states that it is without knowledge or information sufficient for it to admit or deny the allegations contained in the first sentence of paragraph 5 of the Complaint, and accordingly denies same. APC admits the remaining allegations contained in paragraph 5 of the Complaint.

6. APC denies the allegations contained in paragraph 6 of the Complaint.

7. APC admits the allegations contained in paragraph 7 of the Complaint.

8. APC admits the allegations contained in paragraph 8 of the Complaint.

9. APC states that it is without knowledge or information sufficient for it to admit or deny the allegations contained in paragraph 9 of the Complaint, and accordingly denies same.

10. APC denies the allegations contained in paragraph 10 of the Complaint.

## V. STATEMENT OF FACTS

11. APC denies the allegations contained in paragraph 11 of the Complaint.

12. APC admits that Brian Kelly requested further information from Plaintiff after Plaintiff claimed in his W-4 form to be completely exempt from federal taxes as part of the company's effort to ensure that it properly withholds payroll taxes. APC denies the remaining allegations contained in paragraph 12 of the Complaint.

13. APC admits the allegations contained in the first sentence of paragraph 13 of the Complaint. APC denies the allegations contained in the second sentence of paragraph 13 of the Complaint. APC states that it is without knowledge or information sufficient for it to admit or deny the remaining allegations contained in paragraph 13 of the Complaint, and accordingly denies same.

14. APC denies the allegations contained in paragraph 14 of the Complaint.

15. APC admits that it suspended Plaintiff's ability to direct bill car rental expenses, and states that it maintains a policy allowing employees to direct bill such expenses only in exceptional circumstances, such as where an employee is ineligible to obtain a corporate credit card or is only eligible for a corporate credit card with an insufficient credit limit to cover travel expenses. APC states that it is without knowledge or information sufficient for it to admit or deny the remaining allegations contained in the second sentence of paragraph 15 of the Complaint, and accordingly denies same. APC

admits the allegations contained in the third sentence of paragraph 15 of the Complaint. APC denies the remaining allegations contained in the Complaint.

16. APC states that it is without knowledge or information sufficient for it to admit or deny the allegations contained in paragraph 16 of the Complaint, and accordingly denies same.

17. APC denies the allegations contained in paragraph 17 of the Complaint.

18. APC admits that it terminated Plaintiff's employment on March 12, 2004, and that Plaintiff improperly benefited by devising a direct billing relationship with the Marriott Hotel in Providence, Rhode Island and thereby accruing over 100,000 Marriott Rewards points for his personal account based upon the stays at that Marriott of other APC employees for training events. APC denies the remaining allegations contained in paragraph 18 of the Complaint.

19. APC denies the allegations contained in paragraph 19 of the Complaint. APC answers further by stating that it does not improperly deduct amounts from reimbursement checks for any employee.

20. APC admits that it allows employees who travel on company business to collect travel points for their own personal travel. APC denies the remaining allegations contained in paragraph 20 of the Complaint.

21. APC denies the allegations contained in paragraph 21 of the Complaint.

22. APC denies the allegations contained in paragraph 22 of the Complaint.

## VI. CAUSES OF ACTION

**COUNT ONE**

**(Discrimination on the Basis of Race in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*)**

23. APC repeats and incorporates by reference their responses to paragraphs 1 through 22 as if fully set forth herein.

24. APC denies the allegations contained in paragraph 24 of the Complaint.

25. APC denies the allegations contained in paragraph 25 of the Complaint.

26. APC denies the allegations contained in paragraph 26 of the Complaint.

27. APC denies the allegations contained in paragraph 27 of the Complaint.

28. APC denies the allegations contained in paragraph 28 of the Complaint.

29. APC denies the allegations contained in paragraph 29 of the Complaint.

30. APC denies the allegations contained in paragraph 30 of the Complaint.

31. APC denies the allegations contained in paragraph 31 of the Complaint.

**COUNT TWO**

**(Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §200e, *et seq.*)**

32. APC repeats and incorporates by reference their responses to paragraphs 1 through 22 as if fully set forth herein.

33. APC denies the allegations contained in paragraph 33 of the Complaint.

34. APC denies the allegations contained in paragraph 34 of the Complaint.

35. APC denies the allegations contained in paragraph 35 of the Complaint.

36. APC denies the allegations contained in paragraph 36 of the Complaint.

37. APC denies the allegations contained in paragraph 37 of the Complaint.

38. APC denies the allegations contained in paragraph 38 of the Complaint.

**COUNT THREE**
**(Discrimination on the Basis of Race in Violation of The Civil Rights Act of 1866, 42 U.S.C. §1981)**

39. APC repeats and incorporates by reference their responses to paragraphs 1 through 22 as if fully set forth herein.

40. APC denies the allegations contained in paragraph 40 of the Complaint.

41. APC denies the allegations contained in paragraph 41 of the Complaint.

42. APC denies the allegations contained in paragraph 42 of the Complaint.

43. APC denies the allegations contained in paragraph 43 of the Complaint.

44. APC denies the allegations contained in paragraph 44 of the Complaint.

45. APC denies the allegations contained in paragraph 45 of the Complaint.

**COUNT FOUR**
**(Retaliation in Violation of the Civil Rights Act of 1866, 42 U.S.C. §1981)**

46. APC repeats and incorporates by reference their responses to paragraphs 1 through 22 as if fully set forth herein.

47. APC denies the allegations contained in paragraph 47 of the Complaint.

48. APC denies the allegations contained in paragraph 48 of the Complaint.

49. APC denies the allegations contained in paragraph 49 of the Complaint.

50. APC denies the allegations contained in paragraph 50 of the Complaint.

51. APC denies the allegations contained in paragraph 51 of the Complaint.

52. APC denies the allegations contained in paragraph 52 of the Complaint.

**COUNT FIVE**
**(Discrimination on the Basis of Race in Violation of the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws §42-112-1, *et seq.*)**

53. APC repeats and incorporates by reference their responses to paragraphs 1 through 22 as if fully set forth herein.

54. APC denies the allegations contained in paragraph 54 of the Complaint.

55. APC denies the allegations contained in paragraph 55 of the Complaint.

56. APC denies the allegations contained in paragraph 56 of the Complaint.

57. APC denies the allegations contained in paragraph 57 of the Complaint.

58. APC denies the allegations contained in paragraph 58 of the Complaint.

59. APC denies the allegations contained in paragraph 59 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to bring this lawsuit within the applicable statute of limitations period(s), his claims are barred and must be dismissed in their entirety, with prejudice.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's prayer for relief must fail to the extent that Plaintiff has failed to mitigate his damages as required by law.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has made any claim for special damages, he has failed to state such claim with the requisite specificity. Therefore, Plaintiff's claims are barred and should be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable limitations for the filing of his administrative charge of discrimination; or (b) for alleged incidents of discrimination not listed in his charge; or (c) against parties not named in his administrative charge, Plaintiff may not recover any relief for such incidents of alleged discrimination or against unnamed parties.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has otherwise failed to exhaust his administrative remedies, his claims for relief are barred.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state claims upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails due to improper service of process.

**EIGHTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered injuries or damages as alleged, which Defendant denies, his claims to relief are barred because such damages are the result of Plaintiff's own conduct.

**NINTH AFFIRMATIVE DEFENSE**

At all times relevant to the allegations in the Complaint, APC had an effective policy for the prevention and correction of unlawful discriminatory practices. Notwithstanding the existence of this policy, Plaintiff unreasonably failed to utilize it in connection with the allegations of unlawful discrimination asserted herein.

**TENTH AFFIRMATIVE DEFENSE**

Any and all actions taken by Defendant with respect to Plaintiff's employment were lawful and taken for legitimate business reasons.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover punitive damages.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails because Plaintiff's claims are barred, either whole or in part, by the doctrines of waiver, laches and/or estoppel.

APC reserves the right subsequently to assert other defenses of which it may become aware during the course of this proceeding.

**WHEREFORE,** APC respectfully requests that the Complaint be dismissed in its entirety; that judgment be entered in APC's favor; that APC be awarded costs and disbursements including reasonable attorneys fees; and that APC be awarded such other relief as the Court may deem just and proper.

Respectfully submitted,

**AMERICAN POWER CONVERSION CORPORATION,**

By its attorneys,

George P. Kostakos RI Bar No. 6971
10 Weybosset Street, Suite 404
Providence, RI 02903
401-454-2903 (t)
401-454-2969 (f)
gkostakos@littler.com

Dated: March 15, 2006

**CERTIFICATE OF SERVICE**

I, George P. Kostakos, hereby certify that on this 15th day of March 2006, a true and accurate copy of the foregoing Answer was served via first class mail upon plaintiff via his counsel:

Noelle K. Clapham

24 Salt Pond Road, Suite A8

South Kingston, RI 02879

George P. Kostakos