*Document Electronically Filed*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SETH DANIELS,

Plaintiff,

v.

AMERICAN POWER CONVERSION CORPORATION,

Defendant.

Civil Action No: 05-00459-ML-LDA

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL OF DEFENDANT AMERICAN POWER CONVERSION CORPORATION**

Pursuant to Federal Rule of Civil Procedure 37, Defendant American Power Conversion Corporation ("APC" or "Defendant") submits this memorandum of law in support of its Motion to Compel Plaintiff Seth Daniels ("Plaintiff") to provide full and complete answers to Defendant's interrogatories and requests for production of documents.

**I. Factual Background**

On June 22, 2006, Defendant served Plaintiff with Defendant's First Set of Interrogatories (Exhibit A) and First Request for Production of Documents and Tangible Things (Exhibit B). These documents were served pursuant to Rules 33 and 34 of the Rules of Civil Procedure. On or about August 1, 2006, Plaintiff responded to Defendant's Interrogatories and Request for Production of Documents. (Exhibits C & D.)

Although Plaintiff did send this response to Defendant's discovery requests, many of the individual responses were insufficient. In particular, Plaintiff asserts damage claims in this litigation arising from his claims of harassment, wrongful termination and retaliation. As a result of these claims, Defendant requested through interrogatories and document requests information

reflecting any source of income and/or support he received since the termination of his employment with Defendant. Defendant seeks this information as part of its effort to demonstrate that Plaintiff is not entitled to the damages he seeks. Plaintiff failed, however, to provide answers or fully responsive information to these interrogatories and document requests.

In a good faith effort to resolve these issues without the Court, Defendant wrote a letter to Plaintiff's counsel on October 9, 2006, outlining the deficiencies in Plaintiff's responses and asking Plaintiff to supplement his original responses (Exhibit E). Plaintiff supplemented some of his responses by letter dated November 6, 2006 (Exhibit F). Plaintiff failed, however, to provide any additional information regarding information reflecting any source of income and/or support he received since the termination of his employment with Defendant. In his November 6 letter, and in subsequent correspondence, Plaintiff made multiple assurances to Defendant that he would provide information regarding Plaintiff's income (Exhibit G). To date, he has not provided that information and the parties have been unable to resolve all of the issues presented in Defendant's October 9 letter.

## II. Argument and Authority

Federal Rule of Civil Procedure 37 provides that, "If. . . a party fails to answer an interrogatory submitted under Rule 33 . . . the discovering party may move for an order compelling answer. . . or an order compelling inspection in accordance with the request." Fed. R. Civ. Pro. 37 (2)(B). For the purposes of this rule, an incomplete or evasive answer is considered a failure to disclose. *Id*. at (3).

Rule 26 provides that parties may obtain discovery regarding any matter that is relevant to the claims or defenses of any party, and that the court may order discovery of any matter relevant to the subject matter involved in the action. Significantly, relevant information need not

be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). As described in more detail below, Defendant's discovery requests were properly presented to Plaintiff, yet his answers to several discovery requests were insufficient or incomplete. As to each of these requests, Defendant respectfully requests that the Court compel Plaintiff to supply complete responses. Each of the insufficient individual responses is discussed individually below:

**A. <u>Interrogatory No. 9</u>**

With its discovery requests, Defendant sought to obtain information related to any source of income and/or support he received since the termination of his employment with Defendant. In fact, Defendant's Interrogatory Number 9 asked Plaintiff to:

> Describe fully and in complete detail all sources of income and/or support you have received since your employment with APC ended, including but not limited to the source of the income, the amounts received, and the dates upon which the income was received.

In response to Interrogatory No. 9, Plaintiff stated simply that he "will respond to this interrogatory upon receipt of complete information regarding his income. [Mr. Daniels] is working on generating an audited personal financial statement which is expected to be complete in September." Plaintiff has failed to provide the "audited personal financial statement" detailed in his responses. He has also failed to provide the information regarding his income promised in subsequent correspondence, or to otherwise respond to this interrogatory. *See* Exhibit G.

Defendant requires this information to better assess Plaintiff's damage claims in this case, and to prepare its defense to these claims. It is elementary in claims of employment discrimination that Plaintiff's asserting damage claim against former employers provide information regarding income earned subsequent to their alleged wrongful termination. Despite assurances from Plaintiff, he has wholly failed to provide such information. Therefore,

Defendant requests the Court compel Plaintiff to provide a full and complete response to this interrogatory.

**B. Incomplete Responses to Requests for Production**

Defendant submitted multiple requests for production of documents to Plaintiff that, like Interrogatory Number 9, were intended to elicit information regarding any source of income and/or support he received since the termination of his employment with Defendant. As with Interrogatory Number 9, Plaintiff has failed to provide Defendant with any information regarding the income he has earned since being employed by Defendant.

Defendant's Document Request Number 7 asked Plaintiff to provide:

> All documents and communications that relate in any way to the alleged damages that you seek or claim to have suffered in this Action.

Plaintiff responded to this request by stating that, subject to objections, he would "produce all non-privileged documents in his possession responsive to this request.

Further, Defendant's Document Request Number 8 asked Plaintiff to provide:

> All documents that reflect or record any lost compensation that you attribute to the alleged incidents upon which you bring this Action against APC.

Plaintiff responded to this request by again stating that, subject to objections, he would "produce all non-privileged documents in his possession responsive to this request.

Finally, Defendant's Document Request Number 12 asked Plaintiff to provide:

> Any and all documents relied upon to answer, or identified in response to, Defendant's First Set of Interrogatories propounded upon Plaintiff.

As with the other Requests, Plaintiff responded to this request by stating that, subject to objections, he would "produce all non-privileged documents in his possession responsive to this request.

Despite these responses, Plaintiff failed to provide any information regarding his income since his termination by Defendant. As with the information responsive to Interrogatory Number 9, Defendant requires the information responsive to these document requests to better assess Plaintiff's damage claims in this case, and to prepare its defense to these claims. This information includes, but is not limited to, tax forms (including W-2's, 1099's and income tax filings), audited financial statements, and any other documentation that reflects the income received by Plaintiff since his termination. Indeed, any information that exists that reflects Plaintiff's income since his termination certainly relates to alleged damages claimed by Plaintiff (Request Number 7) reflects lost compensation he claims (Request Number 8), and, based upon Plaintiff's response to Interrogatory Number 9, was relied upon by Plaintiff in responding to his interrogatories (Request Number 12). For these reasons, this information is discoverable.

Despite repeated assurances, Plaintiff has wholly failed to provide such information or documents in response to these requests. Therefore, Defendant requests the Court compel Plaintiff to provide a full and complete response and to produce the documents requested in these requests.

Respectfully submitted,

**AMERICAN POWER CONVERSION CORPORATION,**

By its attorneys,

/s/ George P. Kostakos
George P. Kostakos (6971)
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
401-454-2903 (t)
401-454-2969 (f)
gkostakos@littler.com

Dated: December 5, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of December, 2006, the foregoing Memorandum of Law in Support of Motion to Compel was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ George P. Kostakos
George P. Kostakos