# Gorman, Melissa J.

**From:** Kaczmarek, Christopher B.
**Sent:** Thursday, June 22, 2006 3:55 PM
**To:** 'Claphamlaw@verizon.net'; 'lkisch@wcqp.com'
**Cc:** Kostakos, George P.; Gorman, Melissa J.
**Subject:** APC / Daniels

**Attachments:** cl.pdf; ints.pdf; rfpd.pdf; dep_noti.pdf

cl.pdf (33 KB) ints.pdf (456 KB) rfpd.pdf (239 KB) dep_noti.pdf (44 KB)

Lori and Noelle,

Per my previous email, I attach the discovery requests (and the previous Notice of Deposition, for your files).

regards,

Chris

Christopher B. Kaczmarek
Littler Mendelson, P.C.
One International Place
Suite 2700
Boston, MA 02110
(617) 378-6017 (direct)
(617) 507-8046 (fax)
ckaczmarek@littler.com

N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SETH DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POWER CONVERSION CORPORATION,<br><br>Defendant. | Civil Action<br>No: 05-00459-ML-LDA |

**DEFENDANT AMERICAN POWER CONVERSION CORPORATION'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SETH DANIELS**

Pursuant to Fed. R. Civ. P. 33, Defendant, American Power Conversion Corporation ("APC"), by and through its undersigned counsel, hereby propounds the following written Interrogatories to Plaintiff, Seth Daniels ("Daniels"), to be answered separately and fully, in writing and under oath, within thirty (30) days from the date of service hereof, or on any earlier date as ordered by the Court.

## DEFINITIONS

1. "Document" should be construed in the broadest sense possible under Fed. R. Civ. P. 34, and shall mean all written, printed, typed, electronic, transcribed, encoded, punched, recorded, taped, filmed, or other graphic material of every kind and description whatsoever from which information can be obtained, including but not limited to correspondence, notes, tape recordings, videotapes, electronic mail, and any information stored on computer disks and databases, and shall include all drafts and non-identical copies of documents.

2. "Tape recording" shall include, but not be limited to, recordings of voicemail messages, telephone conversations, messages left on answering machines, and any other verbal communications, whether or not the speaker(s) and/or the listener(s) consented to the recording.

3. "Communication(s)" or "interaction(s)" shall mean any oral or written exchange of words, thoughts, or ideas with another person or entity, whether in person, in a group, by telephone, by letter, by fax, by electronic mail, or otherwise. "Communication(s)" or "interaction(s)" shall include, without limitation, correspondence, conversations, dialogues, discussions, consultations, and documents of any type.

4. "Relating to" or "relate to" shall mean referring to, concerning, describing, memorializing, evidencing, or constituting.

5. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside its scope, or in other words, to give each request its broadest possible meaning.

6. "Any" shall be construed to mean "all," and "all" shall be construed also to mean "any."

7. As used herein, the past tense shall be construed to mean the present tense, and vice-versa.

8. "Plaintiff," "Daniels," "you" or "your" shall refer to plaintiff Seth Daniels and all of his agents, attorneys, representatives, and other persons or entities acting or purporting to act on his behalf.

9. "American Power Conversion Corporation," "APC" or "Defendant" shall refer to defendant American Power Conversion Corporation and all of its predecessors, successors, parents, affiliates, subsidiaries, divisions, parents, groups, agents, officers, directors, present or former partners, employees, independent contractors, representatives, and any other persons or entities acting or purporting to act on its behalf.

11. The terms "Complaint" or "Action" shall refer to the case entitled *Seth Daniels v. American Power Conversion Corporation*, Civil Action No. 05-00459-ML-LDA, pending in the United States District Court for the District of Rhode Island.

**INSTRUCTIONS**

1. In answering these interrogatories, Plaintiff must furnish all information available to him including information in the possession of his attorneys, former attorneys, any investigators and all persons acting on his behalf. If Plaintiff cannot answer the interrogatories in full after exercising due diligence to secure the information requested, so state and respond to the extent possible, specifying Plaintiff's inability to respond fully concerning the unresponded-to portions.

2. The interrogatories which follow are to be considered as continuing, and Plaintiff is requested to provide by way of supplementary responses hereto such additional information or documents as Plaintiff or any persons acting on his behalf may hereafter obtain which will augment, clarify or otherwise modify the responses now given to these interrogatories. Such supplementary responses are to be filed and served upon counsel for Defendant within fourteen (14) days after Plaintiff knows or should know of such information or documents.

3. If any information is withheld under claim of privilege or any other basis, you are requested to furnish a log or list describing the withheld information, including, without limitation, each withheld document if any, together with the following information sufficient to test the claim of privilege or other basis of non-production:

(a) the type of document (*e.g.*, letter, memorandum, diskette, etc.);

(b) the date of the document, if known;

(c) the title of the document;

(d) the author(s) of the document;

(e) the intended and actual recipient(s) of the document;

(f) the general subject matter of the document; and

(g) the factual and/or legal basis(es) for your claim of privilege or ground(s) for nonproduction asserted with respect to the document.

4. "Identify" means, with respect to a natural person, to state:

(a) his or her name;

(b) his or her sex;

(c) his or her last known home address and/or telephone number;

(d) his or her job title and/or position;

(e) a description of his or her job title and/or position, affiliation and job responsibilities at the time of the events referred to in the request;

(f) his or her business address and telephone number;

(g) the name and address of his or her employer; and

(h) his or her relationship, if any, to Plaintiff.

5. "Identify" means, with respect to a corporation, association or other entity, to state:

(a) the legal name under which such entity is incorporated or registered;

(b) the state in which such entity is incorporated or registered;

(c) the full business address and telephone number of such entity; and

(d) the officers of such entity.

6. "Identify" means, with respect to documents, to state:

(a) the nature of the document (e.g., whether a letter, note, report, or memorandum);

(b) the title or caption;

(c) the author thereof and the person or persons to whom the document was originally addressed;

(d) the source from whom Plaintiff obtained such document or documents;

(e) the date of such document or documents;

(f) the current custodian of each such document or documents;

(g) the location at which the document is situated; and

(h) the subject matter of each such document or documents.

7. "Identify" (or to provide the "identity" of a communication) means, with respect to a communication, to supply the following information:

(a) the date on which it was made;

(b) the location at which it was made;

(c) the identities of all makers, recipients and witnesses to the communication;

(d) the medium of communication (e.g., face to face, telephone, etc.); and

(e) the substance of the communication with as much particularity as possible.

8. "Identify" means, with respect to a doctor, physician or other health care provider, to supply the following information:

(a) the person's full name, occupation, title and specialization, if any;

(b) the person's business and residential address and telephone number or, if unknown, the person's last known business and residential address and telephone number;

(c) the inclusive dates of any examination or treatment by the person;

(d) the purpose of the examination or treatment by the person;

(e) the results, diagnosis or treatment prescribed by the person; and

(f) every document which records, reflects or refers to any examination or treatment by the person.

9. "Identify" means, with respect to a hospital, clinic or other medical, psychiatric, mental health or health care facility, to supply the following information:

(a) the full name and address of the facility;

(b) the purpose of any treatment, examination or confinement at the facility;

(c) a description of the treatment or procedure employed at the facility;

(d) the results of diagnosis of any examination, treatment or confinement at the facility; and

(e) an identification of every document which records, reflects or refers to such examination or treatment at the facility.

10. "Identify" means, with respect to an act, occurrence, happening or event, to provide a complete description of the act, occurrence, happening or event sufficient to distinguish it from all other acts, happenings, occurrences or events and further means to state:

(a) the person or persons performing and/or involved in the act, occurrence, happening or event;

(b) the date on which the act, occurrence, happening or event occurred;

(c) the duration of the act, occurrence, happening or event;

(d) the place at which the act, occurrence, happening or event occurred; and

(e) any witnesses thereto.

11. To "describe in full and complete detail" means to chronologically set forth the substance of any fact, action, occurrence, conduct, communication or event concerning the issue in question.

12. When an interrogatory calls for the Plaintiff to "state the basis" or to state each and every fact that "support" or "supports" a particular claim, assertion, allegation, or contention, Plaintiff shall:

(a) identify each and every document and, where pertinent, the section, article or subparagraph thereof, which forms any part of the source of your information regarding the alleged facts or legal conclusion referred to by the interrogatory;

(b) identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d) state separately any other fact which forms the basis of your information regarding the alleged facts or conclusions referred to in the interrogatory.

## INTERROGATORIES

**Interrogatory No. 1**

Identify any person who has assisted you in gathering information and/or preparing your answers to these interrogatories and any person who has assisted you in gathering information or searching for documents in order to respond to the accompanying First Request for the Production of Documents.

**Interrogatory No. 2**

Identify all persons who have, claim to have, or whom you believe may have knowledge or information pertaining to any fact concerning, relating to, or supporting the allegations forming the basis of your claims against APC or any fact relating to the

subject matter of your Complaint, or your claims for damages, and please state the specific nature and substance of the knowledge you believe each such person may have.

**Interrogatory No. 3**

Identify each document that you contend evidences wrongful conduct of any kind by APC, or which otherwise supports the claims asserted in the Complaint.

**Interrogatory No. 4**

Identify each element of damages, including, without limitation, lost wages, compensatory, consequential and exemplary damages, attorneys' fees and costs which you claim to have suffered as a result of APC's alleged unlawful conduct, and state the total in dollar terms that you claim for each and the basis for your computation of same.

**Interrogatory No. 5**

List each medical expense that you have incurred since September 2003 to receive treatment for any alleged emotional distress or other physical or nonphysical injury that you claim to have suffered as a result of the events giving rise to your claims against APC and for each expense, provide the following:

(a) the identity of the entity or the individual health care provider that provided the care for which the expense was incurred;

(b) the amount of the invoice for the care:

(c) the amount that was reimbursed by insurance or other sources; and

(d) the amount that you paid out of pocket or that was paid out of pocket on your behalf.

**Interrogatory No. 6**

For all emotional distress and/or physical or nonphysical injury which you allege to have suffered as a result of the events and allegations contained in your Complaint provide the following:

(a) a full and complete description of the emotional distress or mental illness you suffer(ed);

(b) the date or dates during or on which you suffered emotional distress or mental illness;

(c) the identity of any physician or other health care provider from whom you sought treatment or counseling for that emotional distress or mental illness;

(d) the dates on which you received treatment or counseling for that emotional distress or mental illness;

(e) the nature or identity of each treatment, test, or medication that was administered or prescribed for that emotional distress or mental illness;

(f) whether the emotional distress or mental illness that you claim to have suffered also existed at any time prior to the events alleged in your Complaint;

(g) whether you currently suffer from that emotional distress or mental illness; and

(h) the nature of any future treatments that have been recommended, including the name, address and title of the person recommending such treatment.

**Interrogatory No. 7**

Identify each and every physician, psychologist, psychiatric social worker or other health care professional you have consulted or visited with respect to your mental or physical condition at any time from November 2, 1995 to the present, regardless of cause or reason, and state the exact date of each and every visit.

**Interrogatory No. 8**

Identify each and every hospital, clinic or other medical, psychiatric, mental health or health care facility you have visited with respect to your mental or physical condition or where you have received treatment for your mental or physical condition at any time from November 2, 1995 to the present, regardless of cause or reason, and state the exact date of each and every visit.

**Interrogatory No. 9**

Describe fully and in complete detail all sources of income and/or support you have received since your employment with APC ended, including but not limited to the

source of the income, the amounts received, and the dates upon which the income was received.

**Interrogatory No. 10**

Identify each entity or person, including without limitation, each present or former employee, agent, representative or contractor of APC with whom you communicated at any time about any harassment, discrimination or retaliation to which you allege you were subjected by APC, and describe in as much detail as possible each such communication, including not only that which you communicated to APC but also that which APC communicated to you.

**Interrogatory No. 11**

Identify each person who allegedly harassed, discriminated or retaliated against you during the course of your employment with APC, and for each such person, set forth the date(s) and a full description of each incident of allegedly discriminatory, harassing and/or retaliatory activity.

**Interrogatory No. 12**

Please identify any documents used in any manner to prepare or assist in preparing any of the answers to these interrogatories and, for each such document, identify the particular interrogatory answer(s) or portion thereof for which it was used.

**Interrogatory No. 13**

Identify all applications or other efforts you have made to obtain employment subsequent to your employment with APC. For each application or effort, please include the name of the employer and type of business, the name of the person at the place of employment with whom you made contact; the job title or position for which you applied; whether you were offered the position; and if you declined the offer, your reason for doing so.

**Interrogatory No. 14**

Identify all employers for whom you have worked since your employment ended with APC. State the dates on which you were employed by such employers, the positions held or job title with such employers and what compensation and privileges of employment, including benefits, received during such employment, your supervisor(s) at each such employer, and the reason for leaving such position, if applicable.

**Interrogatory No. 15**

If you ever have brought a claim of any kind against any other person or entity, provide the following:

(a) the caption or title of the action brought;

(b) the court or administrative agency in which the matter was brought;

(c) the case or docket number of each and every lawsuit or administrative proceeding;

(d) the nature of the claims made (*e.g.*, discrimination, personal injury, etc.); and

(e) the outcome of the proceedings brought.

**Interrogatory No. 16**

If any person or entity has ever brought a claim against you before any court or administrative agency, provide the following:

(a) the caption or title of the action brought;

(b) the court or administrative agency in which the matter was brought;

(c) the case or docket number of each and every lawsuit or administrative proceeding;

(d) the nature of the claims made (*e.g.*, discrimination, personal injury, etc.); and

(e) the outcome of the proceedings brought against you.

**Interrogatory No. 17**

Identify all persons whom you intend to call as a fact witness at trial, stating the general substance of the facts about which he/she will testify, and identify any and all documents relevant or related to his/her testimony and about which he/she will testify.

**Interrogatory No. 18**

Identify each person that you expect to call as an expert witness at the trial of this case. Include in your answer:

(a) the subject matter on which the expert is expected to testify;

(b) the substance of any fact to which the expert is expected to testify;

(c) the substance of any opinion to which the expert is expected to testify;

(d) a summary of the grounds of each opinion to which the expert is expected to testify; and

(e) the qualifications of the witness.

**Interrogatory No. 19**

From paragraph 13 of Plaintiff's Complaint, identify the "four white managers" that Plaintiff alleges had laptops stolen during a business trip, and the "other white employees" who plaintiff claims experienced the theft of other equipment.

**Interrogatory No. 20**

Identify the individual(s) from APC's human resource department described in paragraph 16 of Plaintiff's Complaint that Plaintiff alleges he accompanied to the train station to inform an individual that his job offer was rescinded.

**Interrogatory No. 21**

Please identify the specific policies and/or practices that Plaintiff contends in paragraph 28 of Plaintiff's Complaint that "produced a disparate impact against Plaintiff with respect to the terms and conditions of his employment and termination" and state each fact that supports this contention.

Respectfully submitted,

**AMERICAN POWER CONVERSION CORPORATION,**

By its attorneys,

George R. Kostakos /mg

George R. Kostakos (6971)
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
401-454-2903 (t)
401-454-2969 (f)
gkostakos@littler.com

Dated: May 11, 2006

## CERTIFICATE OF SERVICE

I, George P. Kostakos, hereby certify that on this 11th day of May 2006, a true and accurate copy of the foregoing First Set of Interrogatories was served via first class mail upon counsel of record for plaintiff:

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A-8
South Kingston, RI 02879

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis PLLC
7 Dupont Circle NW Suite 200
Washington, DC 20036

George P. Kostakos
George P. Kostakos