IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SETH DANIELS,<br>Plaintiff,<br>v.<br>AMERICAN POWER CONVERSION CORPORATION,<br>Defendant. | ) | Civil Action<br>No: 05-00459-ML-LDA |

**DEFENDANT AMERICAN POWER CONVERSION CORPORATION'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Fed. R. Civ. P. 34, Defendant, American Power Conversion Corporation ("APC"), by and through its undersigned counsel, hereby requests that Plaintiff, Seth Daniels ("Daniels"), produce or provide for the inspection and copying of the documents designated below, which shall be delivered to the offices of Littler Mendelson, P.C., One International Place, Suite 2700, Boston, Massachusetts 02110, within thirty (30) days of service of this request.

**DEFINITIONS**

1. "Document" should be construed in the broadest sense possible under Fed. R. Civ. P. 34, and shall mean all written, printed, typed, electronic, transcribed, encoded, punched, recorded, taped, filmed, or other graphic material of every kind and description whatsoever from which information can be obtained, including but not limited to correspondence, notes, tape recordings, videotapes, electronic mail, and any information stored on computer disks and databases, and shall include all drafts and non-identical copies of documents.

2. "Tape recording" shall include, but not be limited to, recordings of voicemail messages, telephone conversations, messages left on answering machines, and any other verbal communications, whether or not the speaker(s) and/or the listener(s) consented to the recording.

3. "Communication(s)" or "interaction(s)" shall mean any oral or written exchange of words, thoughts, or ideas with another person or entity, whether in person, in a group, by telephone, by letter, by fax, by electronic mail, or otherwise. "Communication(s)" or "interaction(s)" shall include, without limitation, correspondence, conversations, dialogues, discussions, consultations, and documents of any type.

4. "Relating to" or "relate to" shall mean referring to, concerning, describing, memorializing, evidencing, or constituting.

5. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside its scope, or in other words, to give each request its broadest possible meaning.

6. "Any" shall be construed to mean "all," and "all" shall be construed also to mean "any."

7. As used herein, the past tense shall be construed to mean the present tense, and vice-versa.

8. "Plaintiff," "Daniels," "you" or "your" shall refer to plaintiff Seth Daniels and all of his agents, attorneys, representatives, and other persons or entities acting or purporting to act on his behalf.

9. "American Power Conversion Corporation," "APC" or "Defendant" shall refer to defendant American Power Conversion Corporation and all of its predecessors, successors, parents, affiliates, subsidiaries, divisions, parents, groups, agents, officers, directors, present or former partners, employees, independent contractors, representatives, and any other persons or entities acting or purporting to act on its behalf.

10. The terms "Complaint" or "Action" shall refer to the case entitled *Seth Daniels v. American Power Conversion Corporation*, Civil Action No. 05-00459-ML-LDA, pending in the United States District Court for the District of Rhode Island.

## INSTRUCTIONS

1. In answering these requests, Plaintiff must furnish all information available to him including information in the possession of his attorneys, former attorneys, any investigators and all persons acting on his behalf. If Plaintiff cannot answer the requests in full after exercising due diligence to secure the information requested, so state and respond to the extent possible, specifying Plaintiff's inability to respond fully concerning the unresponded-to portions.

2. The requests which follow are to be considered as continuing, and Plaintiff is requested to provide by way of supplementary responses hereto such additional information or documents as Plaintiff or any persons acting on his behalf may hereafter obtain which will augment, clarify or otherwise modify the responses now given to these requests. Such supplementary responses are to be filed and served upon counsel for Defendant within fourteen (14) days after Plaintiff knows or should know of such information or documents.

3. Each document is to be produced (along with all drafts thereof) in its entirety, without abbreviation or expurgation.

4. If any document is withheld under claim of privilege or any other basis, you are requested to furnish a log or list describing each withheld document, together with the following information sufficient to test the claim of privilege or other basis of non-production:

(a) the type of document (e.g., letter, memorandum, diskette, etc.);

(b) the date of the document, if known;

(c) the title of the document;

(d) the author(s) of the document;

(e) the intended and actual recipient(s) of the document;

(f) the general subject matter of the document; and

(g) the factual and/or legal basis(es) for your claim of privilege or ground(s) for nonproduction asserted with respect to the document.

5. If any document called for by this request was at any time, but is not presently, in your possession, custody, or control, you are requested to identify each such document and to state to the extent known with respect to each such document:

(a) the type of the document (e.g., letter, memorandum, diskette, etc.);

(b) the date of the document, if known;

(c) the title of the document;

(d) the author(s) of the document;

(e) the intended and actual recipient(s) of the document;

(f) the general subject matter of the document; and

(g) the present location and custodian of the document, if known.

6. Produced documents and things shall be labeled and/or identified so as to allow Defendant to understand each and every request to which a produced item responds.

## REQUESTS

**REQUEST NO. 1**

All documents and communications related in any way to the allegations contained in the Complaint.

**REQUEST NO. 2**

All correspondence, including electronic communications, between Daniels and any employee of APC regarding the claims made by Daniels in this Action.

**REQUEST NO. 3**

All communications, records and other documents that concern or reflect any physical, mental or psychological illness, infirmity, injury or impairment you suffer or have suffered from November 2, 1995 to the present.

**REQUEST NO. 4**

All communications, records and other documents that concern, reflect or memorialize any visits that you made to any physician, psychiatrist, social worker or other health care professional from November 2, 1995 to the present.

**REQUEST NO. 5**

All documents that reflect or record any medical expenses that you have incurred in receiving treatment for any alleged emotional distress that you claim to have suffered from November 2, 1995 through the present. This Request includes, but is not limited to, any communications, invoices, canceled checks or insurance documents relating to such medical expenses.

**REQUEST NO. 6**

All documents and communications that you provided or received from (a) any expert witness or (b) any expert witness who will not testify but whose opinions and impressions have been reviewed by a testifying expert.

**REQUEST NO. 7**

All documents and communications that relate in any way to the alleged damages that you seek or claim to have suffered in this Action.

**REQUEST NO. 8**

All documents that reflect or record any lost compensation that you attribute to the alleged incidents upon which you bring this Action against APC.

**REQUEST NO. 9**

All documents describing and/or establishing Daniels' entitlement to any money, benefit or other remuneration from APC, other than that which Daniels has already been paid by Defendant in compensation for his services.

**REQUEST NO. 10**

All written statements, tape recorded statements and other documentation that were provided to you or your agents or representatives or signed by any person contacted or interviewed in connection with the subject matter of this Action.

**REQUEST NO. 11**

All documents concerning your efforts to secure employment with any potential employer from November 2004 to the present, including but not limited to applications for employment, communications with prospective employers, and notes concerning such efforts.

**REQUEST NO. 12**

Any and all documents relied upon to answer, or identified in response to, Defendant's First Set of Interrogatories propounded upon Plaintiff.

**REQUEST NO. 13**

All non-privileged communications, memoranda and notes, and any other recorded compilations or descriptions of the circumstances, situations, facts and/or events described or referred to in the Complaint including, but not limited to all personal and business diaries, logs, journals, event compilations and calendars Daniels has maintained since beginning his employment with Defendant through the trial of this matter.

**REQUEST NO. 14**

Please produce all documents Daniels intends to rely on at the trial of this matter.

Respectfully submitted,

**AMERICAN POWER CONVERSION CORPORATION,**

By its attorneys,

George P. Kostakos /mg

George P. Kostakos (6971)
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
401-454-2903 (t)
401-454-2969 (f)
gkostakos@littler.com

Dated: May 11, 2006

**CERTIFICATE OF SERVICE**

I, George P. Kostakos, hereby certify that on this 11th day of May 2006, a true and accurate copy of the foregoing First Request for Production of Documents was served via first class mail upon counsel of record for plaintiff:

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A-8
South Kingston, RI 02879

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis PLLC
7 Dupont Circle NW Suite 200
Washington, DC 20036

George P. Kostakos /mg

George P. Kostakos



Firmwide:80898662.1 049233.1004