UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Seth Daniels,

Plaintiff,

vs.

American Power Conversion Corporation,

Defendant.

CIVIL NO. 05-00459-ML LDA
Judge Lisi

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**GENERAL CONDITIONS**

1. The provision of any information in connection with these discovery responses does not constitute an admission that such information, or any part of such information, is either material or relevant to any issue in this case or is admissible in any proceeding, including trial, in this action.

2. The Plaintiff makes the disclosures herein based on information reasonably available and expressly reserves the right (a) to object to the admissibility of any information produced in connection with such response in any proceeding, including trial, in this action, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such modification.

3. The responses herein are based on information presently available to the Plaintiff. Investigation and discovery are presently continuing, however, and additional information pertinent to these interrogatories may well be disclosed as a result of such ongoing and continuing investigation.

**GENERAL OBJECTIONS**

1. The Plaintiff objects to these discovery requests to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

2. The Plaintiff objects to these discovery requests to the extent they seek information or documents neither material nor relevant to the claims and defenses of this action nor reasonably calculated to lead to the discovery of admissible

evidence.

3. The Plaintiff objects to these discovery requests to the extent they are overly broad and/or unduly burdensome.

4. The Plaintiff objects to these discovery requests to the extent they are so vague and ambiguous as to be incapable of a definite response.

5. The Plaintiff objects to these discovery requests to the extent they seek confidential information or documents. Notwithstanding this objection, the Plaintiff agrees to provide, if any exist, as more fully set forth below, such information or documents subject to the terms of a mutually agreeable protective order to be entered in this action.

6. The Plaintiff objects to these discovery requests to the extent they call for conclusions of law.

7. The Plaintiff objects to these discovery requests to the extent that they seek and/or require the production of documents which are not in her possession, custody, or control.

8. The Plaintiff objects to the time and place of production for documents specified in these discovery requests but state, to the extent that the documents are available, as more fully set forth below, they will be produced at a mutually convenient time and place.

9. The Plaintiff objects to the definitions and instructions in the discovery requests to the extent they seek to require the Plaintiff to comply with requirements beyond the scope of or impose burdens, duties and obligations in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure.

10. The Plaintiff objects to these discovery requests to the extent they seek information regarding matters about which the propounding party has knowledge, the provision of which to the Defendant is necessary for the Plaintiff to answer fully these requests.The Plaintiff objects to these discovery requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of Plaintiff and/or the substance of information developed by them (i.e., interpretive, not investigatory) in preparation for the trial of this action.

12. The Plaintiff objects to these discovery requests to the extent that the Defendant is seeking to make them into a bill of particulars, restricting the Plaintiff's case before the Plaintiff has had an opportunity to complete discovery. The Plaintiff, therefore, objects to these discovery requests, subject to the power of the Court to authorize a delay in response pending the completion of discovery pursuant to FRCP 33(b).

13. The Plaintiff objects to these discovery requests to the extent that the information sought, if any, was obtained and prepared in anticipation of litigation, and the Plaintiff has not made the required showing of substantial need for the information or that the substantial equivalent of such information is unobtainable by other means. The Plaintiff further objects to these discovery requests to the extent that the information called for, if any, is privileged and is not discoverable under FRCP 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

14. The Plaintiff objects to these discovery requests to the extent that they seek information that is equally available to the Defendant, and the burden on the Defendant to obtain the requested information is no greater than the burden on the Plaintiff.

15. The Plaintiff objects to these discovery requests to the extent that they exceed the requirements of Rules 26, 30 or 34, FRCP.

16. The Plaintiff objects to these discovery requests to the extent that they seek information regarding matters which are not at issue in this action.

17. The Plaintiff objects to these discovery requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

18. The Plaintiff objects to these discovery requests to the extent that they seek information from Plaintiff on matters about which the Defendant has refused to provide or objected to providing answers.

19. The Plaintiff objects to these discovery requests to the extent that they are oppressive, i.e., designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

**20.** Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every response set forth below. By responding to any of the discovery requests, the Plaintiff does not waive any of the foregoing General Objections.

The Plaintiff responds to the specific Request for Production of Documents as follows:

**Request No.1:** *All documents and communications related in any way to the allegations contained in the Complaint.*

**Objection:** Plaintiff objects to this document request to the extent it calls for the production of attorney-client privileged documents and documents protected as work product. Plaintiff also objects to this request to the extent that it is vague,

overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

**Response:** Subject to the foregoing objections, Plaintiff will produce all non-privileged documents in his possession which are responsive to this request.

**Request No. 2:** *All correspondence, including electronic communications, between Daniels and any employee of APC regarding the claims made by Daniels in this Action.*

**Response:** Plaintiff will produce all non-privileged documents in his possession which are responsive to this request.

**Request No. 3:** *All communications, records and other documents that concern or reflect any physical, mental or psychological illness, infirmity, injury or impairment you suffer or have suffered from November 2, 1995 to the present.*

> **Objection:** Plaintiff objects to this request to the extent it requests documents which are not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses in this case. Plaintiff further objects to this request to the extent it calls for production of documents which are privileged and/or confidential. Plaintiff further objects to this request to the extent it is designed to harass the Plaintiff.

**Response:** Subject to the foregoing objections, Plaintiff will produce all non-privileged documents in his possession which are responsive to this request. Plaintiff further responds that he is searching through his records to final all such responsive documents and will produce them shortly.

**Request No. 4:** *All communications, records and other documents that concern, reflect or memorialize any visits that you made to any physician, psychiatrist, social worker or other health care professional from November 2, 1995 to the present.*

> **Objection:** Plaintiff objects to this request as overly broad. Plaintiff objects to this request to the extent it requests documents which are not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses in this case. Plaintiff further objects to this request to the extent it calls for production of documents which are privileged and/or confidential. Plaintiff further objects to this request to the extent it is designed to harass the Plaintiff.

**Request No. 5:** *All documents that reflect or record any medical expenses that you have incurred in receiving treatment for any alleged emotional distress that you claim to have suffered from November 2, 1995 through the present. This Request includes, but is not limited to, any communications, invoices, canceled checks or insurance documents relating to such medical expenses.*

**Objection:** Plaintiff objects to this request to the extent it requests documents which are not reasonably calculated to lead to the discovery of evidence related to the claims and defenses in this case. Plaintiff further objects to this request to the extent it calls for production of documents which are privileged and/or confidential. Plaintiff further objects to this request to the extent it is designed to harass the Plaintiff.

**Response:** Subject to the foregoing objections, Plaintiff will produce all non-privileged documents in his possession which are responsive to this request subject to an appropriate protective order. Plaintiff further responds that he is searching through his records to final all such responsive documents and will produce them shortly upon entry of a protective order.

**Request No. 6:** *All documents and communications that you provided or received from (a) any expert witness or (b) any expert witness who will not testify but whose opinions and impressions have been reviewed by a testifying expert.*

**Objection:** Plaintiff objects to this request to the extent that the scheduling order entered in this case does not require disclosure of experts and documents related to such experts at this time. Plaintiff further objects to this request to the extent that it requires disclosure of confidential and privileged information.

**Response:** Subject to the foregoing objections, Plaintiff does not have any documents responsive to this request at this time, but will supplement its response in accordance with its obligations set forth in the scheduling order should any non-privileged responsive documents exist.

**Request No. 7:** *All documents and communications that relate in any way to the alleged damages that you seek or claim to have suffered in this Action.*

**Objection:** Plaintiff objects to this request to the extent it requests documents which are protected by the attorney-client privilege and/or any other privilege. Plaintiff further objects to the extent that the request if overly broad and not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of this case.

**Response:** Subject to the foregoing objections, Plaintiff will produce all non-privileged documents in his possession which are responsive to this request.

**Request No. 8:** *All documents that reflect or record any lost compensation that you attribute to the alleged incidents upon which you bring this Action against APC.*

**Objection:** Plaintiff objects to this request to the extent it requests documents which are protected by the attorney-client privilege, accountant-client privilege, and/or any other privilege.

**Response:** Subject to the foregoing objections, Plaintiff will produce all non-privileged documents in his possession which are responsive to this request.

**Request No. 9:** *All documents describing and/or establishing Daniels' entitlement to any money, benefit or other remuneration from APC, other than that which Daniels has already been paid by Defendant in compensation for his services.*

> **Objection:** Plaintiff objects to this request to the extent it requests documents which are protected by the attorney-client privilege, accountant-client privilege, and/or any other privilege. Plaintiff further objects to the request to the extent that it is vague and overly broad.

**Response:** Subject to the foregoing objections, Plaintiff will produce all non-privileged documents in his possession which are responsive to this request.

**Request No. 10:** *All written statements, tape recorded statements and other documentation that were provided to you or your agents or representatives or signed by any person contacted or interviewed in connection with the subject matter of this Action.*

> **Objection:** Plaintiff objects to this request to the extent it requests documents which are protected by the attorney-client privilege and/or any other privilege. Plaintiff further objects to the extent that it requests production of documents which are protected as work product. Plaintiff further objects to the request to the extent that it is vague and overly broad and to the extent it requests documents related to the subject matter of the action rather than the claims and defenses of the action.

**Response:** Subject to the foregoing objections, Plaintiff will produce all non-privileged documents in his possession which are responsive to this request.

**Request No. 11:** *All documents concerning your efforts to secure employment with any potential employer from November 2004 to the present, including but not limited to applications for employment, communications with prospective employers, and notes concerning such efforts.*

> **Objection:** Plaintiff objects to this request to the extent it requests documents which are protected by the attorney-client privilege.

**Response:** Subject to the foregoing objection, Plaintiff will produce all non-privileged documents in his possession which are responsive to this request. Plaintiff is in the process of continuing his search to locate all documents responsive to this request and will produce any additional documents not previously produced.

**Request No. 12:** *Any and all documents relied upon to answer, or identified in response to, Defendant's First Set of Interrogatories propounded upon Plaintiff.*

**Objection:** Plaintiff objects to this request to the extent it requests documents which are protected by the attorney-client privilege.

**Response:** Subject to the foregoing objection, Plaintiff will produce all non-privileged documents in his possession which are responsive to this request.

**Request No. 13:** *All non-privileged communications, memoranda and notes, and any other recorded compilations or descriptions of the circumstances, situations, facts and/or events described or referred to in the Complaint including, but not limited to all personal and business diaries, logs, journals, even compilations and calendars Daniels has maintained since beginning his employment with Defendant through the trial of this matter.*

**Objection:** Plaintiff objects to this request to the extent it requests documents which are protected by the attorney-client privilege. Plaintiff further objects to the extent that this request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

**Response:** Subject to the foregoing objections, Plaintiff will produce all non-privileged documents in his possession which are responsive to this request.

**Request No. 14:** *Please produce all documents Daniels intends to rely on at the trial of this matter.*

**Objection:** Plaintiff objects to this request to the extent it requests documents which are in the possession of defendant. Plaintiff further objects to this request to the extent that it requires production of documents which do not yet exist.

**Response:** Subject to the foregoing objections, Plaintiff will produce all non-privileged documents in his possession which are responsive to this request.

Dated this 1st day of August, 2006.

Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, P.L.L.C.
7 Dupont Circle N.W., Suite 200
Washington, D.C. 20036
(202) 467-4123
(202) 467-4489 (facsimile)

Noelle K. Clapham (R.I. Bar #5338)
Law Office of Noelle Clapham
24 Salt Pond Road
Suite A-8
South Kingston, RI 02879
(401) 783-3670

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of Seth Daniels' Answers to Defendant's Interrogatories and Responses to Defendant's First Request For Production of Documents were served this 1st day of August, 2006 via first class U.S. mail to:

George Kostakos, Esq.
Christopher B. Kaczmarek, Esq.
Littler Mendelson, P.C.
One International Place
Suite 2700
Boston, MA 02110

Lori B. Kisch