LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

ARIZONA
CALIFORNIA
COLORADO
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
MASSACHUSETTS
MINNESOTA
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
PENNSYLVANIA
TEXAS
WASHINGTON

July 14, 2005

Adam P. Forman
Direct: 617.378.6007
Direct Fax: 617.737.0052
aforman@littler.com

Edith Kessler, Investigator
Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203

Re: ***Seth Daniels v. American Power Conversion Corp.***
***EEOC Charge No. 161-2005-00257***

Dear Ms. Kessler:

American Power Conversion Corporation ("APC" or "the Company") writes to address certain questions you raised in your telephone conversation with Amy Nash on June 29, 2005. APC has cooperated extensively with the Commission in its investigation of Daniels' claim, providing several submissions and considerable documentary support for its position that it did not discriminate against Daniels because of his race. On the other hand, Daniels has offered only unsupported speculation and conclusory statements, and has failed to provide documentary substantiation for his claims. Against this backdrop, the Company requests that the Commission issue a finding of no probable cause.

A. *Daniels Received Over 100,000 Marriott Rewards Points Based On the Travel of Other APC Employees.*

APC was well within its rights when it terminated Daniels' employment upon learning that he had arranged with the Marriott to divert to his own personal account "Rewards Points" earned at the hotel based on the travel of other APC employees. Daniels' conduct was self-dealing, plain and simple, and no employer should be required to continue to employ any individual who, in essence, stole from his co-workers or from the Company.

Daniels has not disputed that in early 2004, in his capacity as the training and development manager, he directed APC field service engineer, known as "FSEs," to begin staying at the Marriott hotel in downtown Providence. Daniels further does not deny that he devised a scheme to divert the Marriott Rewards Points that should have been credited to the FSEs staying at the Marriott to his own personal account. In the months of January and February 2004 alone, Daniels diverted over 100,000 "Marriott Rewards" points to his own account.



Exhibit 4

Marriott's website describes its Marriott Rewards program as a "frequent traveler program." (Materials concerning the Marriott Rewards Program are attached hereto as Exhibit A). Rewards program members "can earn points or miles" by staying at one of over 2,400 participating Marriott brand hotels. (Exhibit A, p. 1 of 7). Members earn a certain number of Marriott Rewards points for every dollar they spend at the hotel, the amount of which varies based on the type of Marriott hotel at which the member stays. (Exhibit A, pp. 1 of 7 through 3 of 7). For example, members who stay in "Marriott Hotels & Resorts" earn 10 points per dollar spent at the hotel, while members who stay in "TownPlace Suites by Marriott" earn 5 points per dollar spent on their room rate. Program members also can earn 3 points per dollar spent when they "hold a qualified meeting or event at" participating Marriott hotels. (See Exhibit A, page 3 of 7). In return, the members can redeem the Rewards points they earn for free stays at Marriott hotels and partner chains around the country or for free airline travel on participating carriers.[1] (Exhibit A, page 2 of 7). Marriott Rewards points can also be redeemed for vacation packages, cruises, car rentals, theme park passes, merchandise and gift certificates, among other things. (Exhibit A, page 2 of 7). In fact, a free hotel stay can be had for as few as 7,500 points. (See Exhibit A, page 1 of 1).

In short, the Reward Points are valuable, and they did not belong to Daniels. He misused his position at APC to divert the 100,000-plus points to his own account for his own selfish purposes. These points belonged to the APC employees who stayed at the Marriott at Daniels' direction. If for some reason these points could not be credited to the FSEs, then, at the very least, the points belonged to APC and should have been used to defray the costs of travel for other employees in the Company.

APC terminated Daniels for a legitimate business reason. As outlined in the last position statement, the Company has terminated white employees it discovered to have engaged in similarly fraudulent behavior. The EEOC should not condone Daniels' inappropriate behavior and should dismiss the charge for a lack of probable cause.

B. *APC Paid Daniels All Wages To Which He Was Entitled.*

The Commission has requested more specific information about Daniels' allegation that the Company deducted $1,000 from his final paycheck to which he was entitled. As the Company explained in its March 7, 2005 position statement, the Company has no idea to what Daniels refers with this allegation. Daniels offered no specifics concerning this argument and has provided no documentation to substantiate that he was somehow deprived of wages. Finally, even assuming *arguendo* that APC withheld certain wages from his

[1] Points can be redeemed for free stays at the Marriott brand hotel chains such as Marriott Hotels & Resorts, Renaissance Hotels & Resorts, Courtyard by Marriott, Residence Inn by Marriott, Towne Place Suites by Marriott, Fairfield Inn by Marriott and Spring Hill Suites by Marriott. Points can also be redeemed for free stays at "Marriott partner hotel brands" such as Ritz-Carlton, New Otani Hotels, Voyages Hotel and Peppers Retreats & Resorts.

paycheck to which he was entitled, Daniels has provided no evidence that such withholding possibly constituted race discrimination. In any case, APC maintains that it paid Daniels all wages to which he was entitled upon his separation from the Company in accordance with federal and state law.

C. *Conclusion*

For the foregoing reasons and those stated in APC's prior submissions, the Company requests that the Commission issue a finding of lack of probable cause.

Very truly yours,

Adam P. Forman