IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SETH DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POWER CONVERSION CORPORATION,<br><br>Defendant. | ) | Civil Action No: 05-00459-ML-LDA |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES**

Defendant American Power Conversion Corporation ("Defendant" or the "Company") hereby objects and responds to Plaintiff Seth Daniels' ("Daniels" or "Plaintiff") First Set of Interrogatories pursuant to Fed. R. Civ. P. 33 and state as follows:

**QUALIFICATIONS AND GENERAL OBJECTIONS**

A. Defendant objects to the Interrogatories to the extent that the Interrogatories seek to impose a duty on Defendant beyond that required by the Federal Rules of Civil Procedure.

B. Defendant further objects to the Interrogatories to the extent that the Interrogatories seek:

(1) information that represents attorney work product;

(2) information that is protected by the attorney-client privilege or any other applicable privilege;

(3) information that has been prepared in anticipation of litigation at the request of counsel;

(4) information concerning matters of public record; or

(5) information that requires Defendant to draw a legal conclusion.

C. Defendant objects to those Interrogatories that seek information that constitutes, comprises, refers to, and/or concerns, in whole or in part, the trade secrets, or confidential or proprietary information, of APC, its current or former business partners or prospective business partners, its current or former customers or prospective customers, or its current or former employees. Nonetheless, Defendant is willing to provide such information, to the extent it is responsive to Plaintiff's Interrogatories, if the parties can agree to an appropriate form of confidentiality agreement.

D. Defendant objects to Plaintiff's definition of the term "identify" when referring to a natural person. Plaintiff initially defines the term "identify" to mean "to provide an identification sufficient to notice a deposition of such person and to serve such person with process." Plaintiff, however, then goes on to define the term "identify" to include the production of information (including without limitation, race and years of service or seniority level) that is entirely unnecessary to complete a deposition notice or to serve a person with process, and, in many cases, is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

E. Defendant objects to Plaintiff's definition of the term "identify" when referring to a document or writing. Plaintiff initially defines the term "identify" to mean "to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of" the Federal Rules of Civil Procedure. Plaintiff, however, then goes on to define the term "identify" to include the production of information (including without limitation, the name, address, and telephone number of each and every person who participated

in the writing of such document) that is entirely unnecessary to identify a document with reasonable particularity and/or is unduly burdensome to provide.

F. Each response to each Interrogatory is subject to these general objections. Defendant relies upon and assert any and all such privileges, and any disclosure of privileged information is inadvertent and is not to be deemed a waiver thereof.

G. Defendant's objections and responses to the Interrogatories are based upon information now known to Defendant. Defendant has not completed its discovery or preparation for trial in this action. The responses set forth herein are made without waiving the following:

(1) The right to object on the grounds of competency, privilege, relevance, materiality or any other proper ground to the use of any information produced herein, in whole or in part, for any purpose, in any subsequent proceeding in this action or in any other action;

(2) The right to object on any and all proper grounds, at any time, to other requests or other discovery procedures involving or relating to the subject matter of the requests responded to herein; and

(3) The right, at any time, to revise, correct, modify, supplement or clarify any of the responses provided herein.

All of Defendant's responses are made subject to the foregoing objections and qualifications.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1**:

State fully and in detail all facts that support and/or contradict your denials of the facts alleged by Daniels in the Complaint, and identify all documents which tend to support or contradict such facts.

**RESPONSE NO. 1**:

Defendant objects to Interrogatory No. 1 on the grounds that it is unduly burdensome and overbroad. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that it denied Plaintiff's allegations of race discrimination and retaliation because, contrary to such allegations, the Company terminated Plaintiff's employment because, among other reasons, he diverted the Company's business from the Johnson & Wales hotel to the Marriott hotel, thereby (a) resulting in increased costs to the Company, and (b) enabling him to improperly accrue valuable Marriott Rewards points for his personal use. Further, Plaintiff mislead the Company about his actions. Defendants also state that, pursuant to Fed. R. Civ. P. 33(d), additional information responsive to this interrogatory can be derived or ascertained from: (1) the position statement (and the exhibits attached thereto) dated March 7, 2005 that was submitted to Mr. Feng K. An of the Equal Employment Opportunity Commission (the "EEOC") on Defendant's behalf by Adam P. Forman of Littler Mendelson, P.C.; (2) the letter dated April 6, 2005 (and the exhibits attached thereto) dated April 6, 2005 that was submitted to Ms. Edith Kessler of the EEOC on Defendant's behalf by Mr. Forman; (3) the letter dated June 24, 2005 that was submitted to Ms. Kessler on Defendant's behalf by Mr. Forman; (4) the letter dated July 14, 2005 (and the exhibits attached thereto) that was submitted to Ms. Kessler on Defendant's behalf by Mr. Forman; (5) the letter dated August 2, 2005 (and the exhibits attached thereto) that was submitted to Ms. Kessler on Defendant's behalf by Mr. Forman; and (6) the documents Defendant produced in response to Plaintiff's Request for Production of Documents, including without limitation documents Bates Nos. APC 079, 090, 137, and 423.

**INTERROGATORY NO. 2**:

Identify all adverse actions taken against the Plaintiff by Defendant which in any way concerned Plaintiff's job performance or lack of job performance, including, but not limited to, disciplinary measures, warning notices and performance appraisals, stating for each the reasons for the action and identify all persons with knowledge related to such action.

**RESPONSE NO. 2**:

Defendant objects to Interrogatory No. 2 on the grounds that the term "adverse actions" is undefined and therefore vague, ambiguous, and susceptible to multiple meanings. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that it terminated Plaintiff's employment because, among other reasons, he diverted the Company's business from the Johnson & Wales hotel to the Marriott hotel, thereby (a) resulting in increased costs to the Company, and (b) enabling him to improperly accrue valuable Marriott Rewards points for his personal use. Further, Plaintiff mislead the Company about his actions. The following individuals have knowledge of the Company's decision to terminate Plaintiff's employment:

Brian Kelly
Former Director of Finance
American Power Conversion Corporation
Last known address: 8 Hayfield Lane, Cumberland, RI 02864

John Bonzani
Former Supervisor
American Power Conversion Corporation
Last known address: 228 Filbert Way, Silverton, OR 97381

Christine Bollman
Corporate Travel Manager
American Power Conversion Corporation
132 Fairgrounds Road, West Kingston, RI 02892

Paul Kavanaugh
Former Supervisor
American Power Conversion Corporation
Last known address: Tavlaght, Clonard, Co. Meath, Ireland

Brian Gough
Director of Human Resources
American Power Conversion Corporation
132 Fairgrounds Road, West Kingston, RI 02892

**INTERROGATORY NO. 3**:

Identify all persons who made or participated in the decision to terminate the Plaintiff's employment and describe the job title and role of each such person.

**RESPONSE NO. 3**:

Defendant objects to Interrogatory No. 3 on the grounds that the phrases "participated in" and "role," as used therein, are undefined and therefore vague, ambiguous, and susceptible to multiple meanings. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that the following individuals have knowledge of the decision to terminate Plaintiff's employment:

Brian Kelly
Former Director of Finance
American Power Conversion Corporation
Last known address: 8 Hayfield Lane, Cumberland, RI 02864

John Bonzani
Former Supervisor
American Power Conversion Corporation
Last known address: 228 Filbert Way, Silverton, OR 97381

Christine Bollman
Corporate Travel Manager
American Power Conversion Corporation

132 Fairgrounds Road, West Kingston, RI 02892

Paul Kavanaugh
Former Supervisor
American Power Conversion Corporation
Last known address: Tavlaght, Clonard, Co. Meath, Ireland

Brian Gough
Director of Human Resources
American Power Conversion Corporation
132 Fairgrounds Road, West Kingston, RI 02892

**INTERROGATORY NO. 4**:

Identify all documents supporting the termination of the Plaintiff.

**RESPONSE NO. 4**:

Defendant objects to Interrogatory No. 4 on the grounds that the phrase "supporting the termination" is undefined and therefore vague, ambiguous, and susceptible to multiple meanings. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that, pursuant to Fed. R. Civ. P. 33(d), information responsive to this interrogatory can be derived or ascertained from the documents Defendant produced in response to Plaintiff's Request for Production of Documents, including without limitation documents Bates Nos. APC 079, 090, 137, and 361-423.

**INTERROGATORY NO. 5**:

Identify each person who has been terminated from employment by APC, including but not limited to the employees identified in section I.B. of Defendant's letter of April 6, 2005 to the EEOC, and APC's Exhibit A to APC's letter of June 24, 2005 to the EEOC, and describe fully and in detail the circumstances leading to and the reasons for such terminations.

**RESPONSE NO. 5**:

Defendant objects to Interrogatory No. 5 on the ground that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Because Interrogatory No. 5 contains no temporal limitation, it purports to seek information regarding every employee ever terminated by the Company since the date it was founded, and therefore it is overly broad, unduly burdensome, and exceeds the permissible scope of discovery. Further, because Interrogatory No. 5 seeks information regarding all employees who ever have been terminated by the Company, and does not attempt to limit the scope of discovery to those employees who might arguably be similarly situated to Plaintiff, it is overly broad, unduly burdensome and exceeds the permissible scope of discovery. Defendant further objects to Interrogatory No. 5 because it seeks confidential information regarding Defendant's current or former employees. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that it is willing to provide Plaintiff with the names and titles of (a) the individuals identified in section

I.B. of Defendant's letter of April 6, 2005 to the EEOC, and (b) the individuals identified in Exhibit A to Defendant's letter of June 24, 2005 to the EEOC, provided that the parties agree to the terms of, and the Court approves, an appropriate confidentiality agreement and stipulation. Further responding, Defendant states that the reasons for the termination of such individuals are set forth in the above-referenced correspondence from Defendant to the EEOC.

**INTERROGATORY NO. 6**:

Identify all policies, practices, and procedures with regard to APC's billing procedures for travel and work related expenses incurred by employees of APC.

**RESPONSE NO. 6**:

Defendant objects to Interrogatory No. 6 on the grounds that it is vague, ambiguous, and seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that, pursuant to Fed. R. Civ. P. 33(d), information responsive to this interrogatory can be derived or ascertained from the documents Defendant produced in response to Plaintiff's Request for Production of Documents, including without limitation documents Bates Nos. APC 341-346 and 429-449.

**INTERROGATORY NO. 7**:

Identify all policies, practices, and procedures of APC relating or referring to travel points, vouchers, or benefits awarded by hotels, airlines, or other outside entities to employees of APC who may be eligible for or may obtain such benefits through their use of such services during a company related activity.

**RESPONSE NO. 7**:

Defendant objects to Interrogatory No. 7 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 7 on the ground that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that, as a general matter, employees of Defendant are allowed to retain travel points earned as a result of their own individual travel in the course of their job duties for Defendant. Further, and subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that (a) Defendant has an agreement with the Johnson & Wales Inn whereby Defendant earns points as a result of Defendant's use of the Johnson & Wales Inn, and (b) Defendant traditionally utilizes such points to obtain gift cards that Defendant raffles off at its annual holiday party.

**INTERROGATORY NO. 8**:

Identify each and every employee who obtained such travel points, vouchers or benefits from a hotel, airline, or other entity, for organizing the use of such airline, hotel, or other entity by APC

employees, and identify all such employees who were not disciplined for each such instance, and state fully and in detail all reasons why no discipline was imposed.

**RESPONSE NO. 8:**

Defendant objects to Interrogatory No. 8 on the grounds that it is vague, ambiguous, and unduly burdensome. Defendant further objects to Interrogatory No. 8 on the ground that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that (a) it does not maintain records of employees who obtain travel points from a hotel or airline for organizing the use of such airline or hotel by Company employees using his or her personal credit card, and (b) the Company is unaware of any employee (other than Daniels) who received travel points from an airline or hotel for organizing the use of such airline or hotel by Company employees.

**INTERROGATORY NO. 9:**

State fully and describe in detail the Defendant's process for responding to complaints of race discrimination and/or harassment.

**RESPONSE NO. 9:**

Subject to and without waiving the general objections set forth above, Defendant states that, pursuant to Fed. R. Civ. P. 33(d), information responsive to this interrogatory can be derived or ascertained from the documents Defendant produced in response to Plaintiff's Request for Production of Documents, including without limitation documents Bates Nos. APC 317-318, 324, and 327-332.

**INTERROGATORY NO. 10:**

State fully and describe in detail all actions taken by APC with respect to the Plaintiff's complaints of race discrimination.

**RESPONSE NO. 10:**

Defendant objects to Interrogatory No. 10 on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that Plaintiff did not complain of race discrimination to the Company while Plaintiff was employed by the Company.

**INTERROGATORY NO. 11:**

Identify all hotels in Rhode Island used for lodging, conferences, trainings, or other events by APC and/or its employees and identify all policies, practices, procedures, or directives of APC regarding the use of such hotels for lodging, conferences, trainings, or other events.

**RESPONSE NO. 11:**

Defendant objects to Interrogatory No. 11 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 11 on the ground that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Because Interrogatory No. 11 contains no temporal limitation, it purports to request information regarding all hotels ever used by any Company employee at any time, since the date the Company was founded, for lodging, conferences, training or other events and, therefore, it is overbroad and unduly burdensome. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that, in 2004, the Company had negotiated special rates with, and/or encouraged employees to stay at, the following hotels in Rhode Island: (1) the Radisson Airport Hotel in Warwick; (2) the Sheraton Providence Airport Hotel in Warwick; (3) the Fairfield Inn in Warwick; (4) the Homestead Studio Suites Hotels in Warwick; (5) the Hotel Viking in Newport; (6) the Newport Harbor Hotel & Marina in Newport; (7) the Johnson & Wales Inn in East Providence; and (8) Extended Stay America in East Providence. Pursuant to Fed. R. Civ. P. 33(d), additional information responsive to this interrogatory can be derived or ascertained from the documents Defendant produced in response to Plaintiff's Request for Production of Documents, including without limitation documents Bates Nos. APC 370-371.

**INTERROGATORY NO. 12:**

Identify and describe completely and in detail each and every one of APC's disciplinary policies, procedures and practices.

**RESPONSE NO. 12:**

Defendant objects to Interrogatory No. 12 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 12 on the ground that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that, pursuant to Fed. R. Civ. P. 33(d), information responsive to this interrogatory can be derived or ascertained from the documents Defendant produced in response to Plaintiff's Request for Production of Documents, including without limitation documents Bates Nos. APC 316-334.

**INTERROGATORY NO. 13:**

Describe APC's policies, practices, and procedures relating to reimbursement of expenses incurred by individuals who subsequently have been terminated as well as the policies, practices, and procedures related to company issued equipment possessed by terminated employees.

**RESPONSE NO. 13:**

Defendant objects to Interrogatory No. 13 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 13 on the ground that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific

objections, and the general objections set forth above, Defendant states that, pursuant to Fed. R. Civ. P. 33(d), information responsive to this interrogatory can be derived or ascertained from the documents Defendant produced in response to Plaintiff's Request for Production of Documents, including without limitation documents Bates Nos. APC 341-346 and 429-449.

**INTERROGATORY NO. 14:**

Identify each of the individuals from whom Plaintiff allegedly misdirected Marriott travel points while employed by APC and provide the home address of each such individual.

**RESPONSE NO. 14:**

Defendant objects to Interrogatory No. 14 on the grounds that it is vague, ambiguous, unduly burdensome, and seeks confidential information regarding current and/or or former Company employees. Defendant further objects to Interrogatory No. 14 on the ground that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 15:**

Identify each individual employee who either reported to APC that company equipment was lost or stolen, or whom APC learned that company equipment under the control of such employee, was lost or stolen, and identify the race of each such individual.

**RESPONSE NO. 15:**

Defendant objects to Interrogatory No. 15 on the ground that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Because Interrogatory No. 15 contains no temporal limitation, it purports to seek information regarding every employee who ever reported lost or stolen equipment to the Company since the date the Company was founded, and, therefore, it is overly broad, unduly burdensome and exceeds the permissible scope of discovery. Further, because Interrogatory No. 15 seeks information regarding all employees who ever have reported theft, or loss, of equipment to Defendant, and does not attempt to limit the scope of discovery to those employees who might arguably be similarly situated to Plaintiff, it is overly broad, unduly burdensome and exceeds the permissible scope of discovery.

**INTERROGATORY NO. 16:**

Identify each individual who has used the company's corporate credit card to pay for travel-related expenses incurred by the employee or to pay for travel-related expenses incurred by other employees.

**RESPONSE NO. 16:**

Defendant objects to Interrogatory No. 16 on the grounds that it is vague, ambiguous, unduly burdensome, and seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 17:**

Identify each individual who spoke with Daniels regarding the issue of direct billing and describe the specific issue(s) discussed.

**RESPONSE NO. 17:**

Defendant objects to Interrogatory No. 17 on the grounds that it is vague and ambiguous and seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that the following individuals spoke with Plaintiff regarding direct billing issues:

Brian Kelly
Former Director of Finance
American Power Conversion Corporation
Last known address: 8 Hayfield Lane, Cumberland, RI 02864

Christine Bollman
Travel Department Manager
American Power Conversion Corporation
132 Fairgrounds Road, West Kingston, RI 02892

**INTERROGATORY NO. 18:**

Describe all complaints made by APC employees regarding the Johnson & Wales Hotel.

**RESPONSE NO. 18:**

Defendant objects to Interrogatory No. 18 on the grounds that it is so vague and ambiguous as to be unintelligible. To the extent Interrogatory No. 18 requests information regarding complaints made by Company employees that were unrelated to Plaintiff, Defendant objects to Interrogatory No. 18 on the ground that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 19:**

Describe all conversations between APC employees and the Marriot Hotel in Providence and/or the Johnson & Wales Hotel regarding any event and/or issue in which Daniels was involved, identifying the individuals who participated in the conversations, a detailed description of the conversations, and the date upon which the conversations occurred.

**RESPONSE NO. 19:**

Defendant objects to Interrogatory No. 19 on the grounds that the phrase "event and/or issue" is undefined and therefore vague and ambiguous. Defendant further objects to Interrogatory No. 19 on the grounds that it is unduly burdensome and seeks information that is not relevant to the

subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that Christine Bollman had numerous communications with representatives of the Marriott Hotel in Providence and the Johnson and Wales Inn on various dates between January and March 2004 regarding Plaintiff's activities. These communications concerned, among other topics, (a) why the Company's business had been redirected from the Johnson and Wales Inn to the Marriott Hotel, and (b) the nature of the arrangements made by Plaintiff with the Marriott Hotel. The following individuals have knowledge of these conversations:

Christine Bollman
Travel Department Manager
American Power Conversion Corporation
132 Fairgrounds Road, West Kingston, RI 02892

Scott Barger
Director of Sales and Marketing
Marriott Providence
One Orms Street
Providence, RI 02904

Toni Andrews
Corporate Sales Manager
Johnson & Wales Inn
213 Taunton Avenue
Seekonk, MA 02771

**INTERROGATORY NO. 20**:

Identify each individual who supplied information for or otherwise contributed to the answering of these interrogatories and, with respect to each such person, state the subject matter of each person's information or other contribution.

**RESPONSE NO. 20**:

Subject to and without waiving the general objections set forth above, Defendant states as follows:

Brian Gough
Director of Human Resources
American Power Conversion Corporation
132 Fairgrounds Road, West Kingston, RI 02892

Christine Bollman
Corporate Travel Manager
American Power Conversion Corporation
132 Fairgrounds Road, West Kingston, RI 02892

Respectfully submitted,

AMERICAN POWER CONVERSION CORPORATION,

By its attorneys,

George P. Kostakos (6971)
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
(401) 454-2903 (tel.)
(401) 454-2969 (fax)
gkostakos@littler.com

Dated: September 11, 2006

CERTIFICATE OF SERVICE

I, George P. Kostakos, herby certify that on this 11th day of September 2006, a true and accurate copy of the foregoing Defendant's Responses to Plaintiff's First Set of Interrogatories was served via first class mail upon plaintiff's counsel of record:

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A-8
South Kingston, RI 02879

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis PLLC
7 Dupont Circle NW Suite 200
Washington, DC 20036

George P. Kostakos