**WIGGINS, CHILDS, QUINN & PANTAZIS, P.L.L.C.**
A PROFESSIONAL LIMITED LIABILITY COMPANY

7 DUPONT CIRCLE, N.W.
SUITE 200
WASHINGTON, DC 20036
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

October 4, 2006

**Via Electronic Mail & First Class U.S. Mail**
George Kostakos, Esq.
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903

***Re: Seth Daniels v. American Power Conversion Corporation***

Dear George:

We are in receipt of the Defendant's Responses and objections to Plaintiff's Request for Production of Documents. To the extent that Defendant makes objections throughout the responses that the requests are overly broad and unduly burdensome, such a conclusory objection is insufficient. Rather, APC must provide a detailed description of how such a request is unduly burdensome. As you know, the burden is on APC to establish that the production would be unduly burdensome and such a demonstration is not easily met. Furthermore, broadness alone is not a sufficient justification to refuse provide the requested discovery. *See, e.g., Federal Trade Commission v. Texaco*, 555 F.2d 862 (D.C. Cir. 1977) (citing *United States v. Powell*, 379 U.S. 48 (1964)). Further, to the extent that Defendant objects to producing information and/or documents on the basis of an alleged confidentiality, such an objection is not proper. The Federal Rules allow a party to withhold information based upon privilege. The Federal Rules do not carve out an exception for a party to withhold responsive discovery on the basis of an alleged confidentiality. However, in the spirit of cooperation, Plaintiff is willing to enter into a protective order to protect against the disclosure to the public of certain documents. In an email earlier this week, you informed me that you were preparing a draft protective order. I am happy to look at your draft and give me comments.

The following are Plaintiff's specific exceptions to the objections and responses raised in Defendant's Response to Plaintiff's Request For Production of Documents.

Request No. 2: Produce all organizational and/or lines-of-reporting charts, diagrams, lists, directories, tables, and maps showing the organizational and/or management structure of defendant as a whole and/or of each facility, division, department, district or other organizational unit, the geographic reach or coverage of each, and any documents which describe and/or indicate the number and locations of defendant's offices and facilities since January 1, 2003.

Response No. 2: Defendant objects to Request No. 2 on the ground that it seeks information that

is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, and the general objections set forth above...

**Exception:** Defendant's objections are without merit. Plaintiff is entitled to understand the reporting structure at APC. Such information is relevant regarding the hiring and termination of Mr. Daniels and the individuals involved in that decision to terminate Mr. Daniels. The reporting structure is also relevant to other issues of Mr. Daniels' employment such as directives given to him while employed by APC. If other documents other than organizational charts exist which would explain or refer to the reporting structure, such documents must be produced.

Request No. 3: All documents comprising, containing, or reflecting employment policies and procedures manuals, employee handbooks, and policies and procedures of the Defendant regarding equal employment opportunity ("EEO"), harassment, discipline, discharge, bonuses, reimbursements, direct billing, travel policies and travel related expense policies, and award or travel points from January 1, 2003 to the present.

Response No. 3: Defendant objects to Request No. 3 on the ground that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, and the general objections set forth above...

**Exception:** Defendant's objections are without merit. Please confirm that all documents responsive to this request have been produced and that no documents were withheld based upon the objections made.

Request No. 4: All documents relating to any complaints of race discrimination and/or harassment and/or retaliation at the Defendant's Providence Rhode Island office, including, but not limited to, all internal complaints, documents, or memoranda, EEO complaints, EEOC Charges, and investigative files and lawsuits alleging race discrimination and/or against the Defendant from 1995 to the present.

Response No. 4: Defendant objects to Request No. 4 the ground that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Because Request No. 4 seeks documents regarding alleged incident that are remote in time from the alleged incidents regarding Plaintiff, it is overly broad, unduly burdensome, and exceeds the permissible scope of discovery. Further, because Request No. 4 seeks documents regarding all alleged employee complaints, and does not attempt to limit the scope of discovery to those employees who might arguably be similarly situated to Plaintiff, it is overly broad, unduly burdensome and exceeds the permissible scope of discovery.

**Exception:** Defendant's objections are without merit. The documents are reasonably calculated to lead to the discovery of admissible evidence. To the extent that there are complaints of race discrimination, retaliation and or harassment by the same individuals involved in Daniels' termination, the fact that such incidents occurred prior to Mr. Daniels' employment, does not render it irrelevant. However, in the spirit of compromise, Plaintiff will revise his request to

include only those complaints that were made by employees who work in the Providence Rhode Island Office or those employees who were trained in Rhode Island.

Request No. 5: Any and all documents relating to Plaintiff's employment by Defendant and/or his termination from employment by Defendant.

Response No. 5: Defendant objects to Request No. 5 on the grounds that phrase "relating to" is undefined and, as used therein, is vague, ambiguous, and susceptible to multiple meanings. Read literally, this Request seeks all documents that are in any way related to any aspect of Plaintiff's employment with Defendant and, therefore, is over broad, unduly burdensome, and exceeds the permissible scope of discovery. Defendant also objects to this Request because it seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, and the general objections set forth above...

**Exception:** With regard to Plaintiff's request for all documents relating to Plaintiff's employment and/or termination, Plaintiff clarifies the request as follows: In addition to those documents already produced by Defendant, all documents that in any way refer to and/or memorialize Plaintiff's hire and/or termination by Defendant should be produced. All documents that were considered by Defendant at any point during Plaintiff's employment, which in any way contributed to Defendant's decision to terminate Plaintiff should be produced. Further, to the extent that any documents were considered by Defendant which supports Plaintiff's contentions that he should not have been terminated, including documents that refer, relate, or suggest that Plaintiff was treated differently than other employees, such documents should be produced. Also, please confirm that all documents sent to and/or received from the New Jersey Department of Labor regarding unemployment benefits for Daniels subsequent to his termination from APC have been produced.

Request No. 6. The personnel files or any other file, including but not limited to, Human Resource's files, supervisor's files, departmental files, discipline files or other files, by whatever name, containing employment information relating to Seth Daniels, and all those employees identified in response to Interrogatory Nos. 5, 8, 14 and 15.

Response No. 6: Defendant objects to Request No. 6 on the ground that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. To the extent Request No. 6 seeks documents relating to Plaintiff, Defendant refers Plaintiff to the documents produced in response to Request No. 5. To the extent Request No. 6 seeks documents regarding individuals referred to in Interrogatory Nos. 5,8,14 and 15 other than Plaintiff; Defendant incorporates its responses and objections to such Interrogatories herein by reference. Defendant further objects to Request No. 6 on the grounds that is unduly burdensome and unnecessarily invades the reasonable privacy interests of current and former employees of Defendant.

**Exception:** Defendant's objections are without merit and also are not proper objections. Defendant cannot object based upon privacy reasons. However, in an effort to reach resolution on the dispute regarding the personnel files of other employees, Plaintiff will agree to a

protective order that recognizes the confidentiality of such documents. Additionally, Plaintiff was required to take a personality test prior to his employment with APC. No such test was included in the production. This test is directly responsive to request No. 6 and should have been produced. To the extent that such tests were also required of the other individuals for whom personnel files were requested, such documents must also be produced. To the extent that such documents were omitted from the production from the files, please explain why they were not initially produced.

Request No. 7: Any and all documents relating to discipline of employees including but not limited to any compilation, databases, and or lists of discipline compiled by Defendant.

Response No. 7: Defendant objects to Request No. 7 on the grounds that the phrase "relating to discipline," as used therein, is vague and ambiguous. Defendant also objects to this request because it seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Read literally, Request No. 7 seeks the production of any and all documents related to any and all disciplinary actions taken by defendant, for any and all reasons, at any time since Defendant was founded. This vague, unfocused Request is therefore unduly burdensome and exceeds the permissible scope of discovery.

**Exception:** Defendant's objections are without merit. However, in the spirit of compromise, Plaintiff will agree that its requests for documents relating to discipline of employees is unlimited in time, only to the extent that there are any lists, compilations, and/or databases maintained by APC of such discipline and/or termination. With regard to additional documents relating to discipline, Plaintiff clarifies his request to only those documents that refer to discipline and/or termination and will limit his request in time to those documents dating back to 1995.

Request No. 8: All documents reflecting and/or referring or relating to the Marriot Hotel in Providence and/or the Johnson & Whales hotel.

Response No. 8: Defendant objects to Request No. 8 on the grounds that it is vague, ambiguous, unduly burdensome, and lacks any temporal limitation. Defendant also objects to this request because it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, and the general objections set forth above...

**Exception:** Defendant's objections are without merit. Please confirm that all documents responsive to this request have been produced.

Request No. 9: All documents related or referring to training sessions in which Daniels was involved in organizing and/or assisting in organizing and/or implementing.

Response No. 9: Defendant objects to Request No. 9 on the grounds that it is vague, ambiguous, unduly burdensome and seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and

without waiving the foregoing objections, and the general objections set forth above…

**Exception:** Defendant's objections are without merit. Please confirm that all documents responsive to this request have been produced.

Request No. 10: All documents, including but not limited to all bills, received by the Finance Department related to training sessions held during the months of January and February 2004.

Response No. 10: Defendant objects to Request No. 10 on the grounds that it is unduly burdensome and seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, and the general objections set forth above…

**Exception:** Defendant's objections are without merit. Please confirm that all documents responsive to this request have been produced.

Request No. 11: Document retention policies of Defendant.

Response No. 11: Defendant objects to Request No. 11 on the grounds that it is vague, ambiguous and seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, and the general objections set forth above…

**Exception:** Defendant's objections are without merit. Please confirm that no document retention policies existed at any time since 1990.

We would appreciate receiving the outstanding documents within one week of the date of this letter.

We hope that we will be able to work out the issues raised in this letter and that we will not need to seek the Court's assistance.

Sincerely,

Lori Kisch

cc: Noelle Clapham, Esq.