LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

ALABAMA
ARIZONA
CALIFORNIA
COLORADO
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
MASSACHUSETTS
MINNESOTA
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
WASHINGTON

George P. Kostakos
Direct: 617.378.6023
Direct Fax: 617.531.2051
gkostakos@littler.com

November 13, 2006

**VIA FACSIMILE AND ELECTRONIC MAIL**

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, P.L.L.C.
7 Dupont Circle, N.W.
Suite 200
Washington, D.C. 20036

Re: Seth Daniels v. American Power Conversion Corporation, US DC Providence, RI

Dear Lori:

I write in response to your letter dated October 4, 2006, regarding the responses and objections of Defendant American Power Conversion Corporation ("APC") to Plaintiff Seth Daniels' ("Daniels" or "Plaintiff") Request for Production of Documents ("Requests").

I will address each of the exceptions to APC's responses and objections by reference to the subject Request.

Request No. 2:

APC maintains its objections to this Request. In this instance and many others, Plaintiff propounded a vague, overly broad discovery request that is subject to multiple interpretations. In response, APC properly asserted objections, and made a good faith effort to respond based on APC's reasonable interpretation of the Request. Your exceptions to this and other requests suggest that, since there is some interpretation to these poorly worded requests, APC is without the right to respond in this fashion. We disagree. Further, in this particular instance, Plaintiff's request is overly broad in that it calls for APC to produce organizational charts and documents for the company as a whole rather than respect to Plaintiff's department or division. Subject to its objections, APC states that no documents responsive to this request exist in APC's files.

Request No. 3:

APC maintains its objections. Subject to its objections, APC produced all responsive, non-privileged documents in its possession, custody or control.

Request No. 4:

Defendant maintains its objections to this Request, particularly given that Plaintiff failed to sufficiently tailor his request. In the spirit of compromise, APC will produce any documents related to complaints of race-based discrimination, harassment or retaliation that involved the same individuals that supervised Daniels and participated in the decision to terminate his employment. We will further agree to produce documents relating to any such claim that was first asserted on or after January 1, 1999, through the end of Plaintiff's employment.

Request No. 5:

APC has fully responded to this Request, and has produced all responsive, non-privileged documents in its possession, custody or control that in any way refer to and/or memorialize Plaintiff's hire and/or termination by APC, including the documents, if any, that are detailed in your exception to APC's response to this Request **provided, however**, that no documents exist to support Plaintiff's contentions that he should not have been terminated, or that suggest he was treated differently than other employees. APC maintains that Plaintiff was terminated for legitimate reasons, and was not treated differently or discriminated against by APC or its employees. Finally, after reviewing its files and records, APC confirms that it does not have any documents in its possession, custody or control that were sent to, or received from, the New Jersey Department of Labor regarding unemployment benefits for Plaintiff, other than the documents already produced in response to Plaintiff's discovery requests.

Request No. 6:

APC maintains its objections, though it will produce non-privileged documents responsive to this Request with respect to individuals identified in response to Interrogatory No. 5. Further, while APC maintains its objections to Interrogatory No. 8, APC stated that it was unaware of any employee (other than Plaintiff) who received travel points from an airline or hotel for organizing the use of such airline or hotel by APC employees. APC further maintains its objections to Interrogatory No. 14. As noted in other submissions related to this matter, Plaintiff personally profited from diverting APC employees from the Johnson and Wales Inn in Rhode Island to the Providence Marriott hotel. He devised a direct billing relationship with the Marriott, in direct violation of APC's practices, whereby the Marriott sent the bills to him at his office at APC in East Providence. The Marriott allowed Plaintiff to accrue over 100,000 Marriott Rewards points for his personal account based upon the

stays of other APC employees for APC training activities. On March 12, 2004, Christine Bollman received an electronic mail from the Marriott's Director of Sales and Marketing explaining that Plaintiff had rented a large number of rooms at the Marriott in January and February 2004 for APC events, and that he was awarded over 100,000 points to his personal Marriott Rewards account as a result. Further, the correspondence from the Marriott's Director of Sales and Marketing confirmed that, to the extent Plaintiff received rewards points for the stay of APC employees, the employees themselves were unable also to receive reward points for their stay at the Marriott. APC is otherwise currently not aware of the identities of any individual responsive to this request. Finally, with respect to Interrogatory 15, APC refers Plaintiff to its letter of November 10, 2006 to you, and the response provided to your exception to APC's answer to that interrogatory.

Request No. 7:

APC maintains its objections to this Request. As previously noted, this Request calls for APC to produce documents related to all disciplinary actions taken by APC for any reason and that occurred across all divisions of the company. Your attempt to limit this request in time to those documents dating back to 1995 falls well short of the sort of limitation required to enable APC to provide any sort of logical, rational or coherent response. This vague, unfocused Request remains unduly burdensome and exceeds the permissible scope of discovery. In any event, APC does not maintain any master lists or databases, or any comprehensive compilation of documents, related specifically to discipline or termination.

Request No. 8:

APC's maintains its objections to this Request. In this instance, Plaintiff propounded a vague, overly broad discovery request that is subject to multiple interpretations. In response, APC properly asserted objections, and made a good faith effort to respond based on APC's reasonable interpretation of the Request. Your exceptions suggest that, since there is some reasonable interpretation to this broadly worded request, APC is without the right to respond in this fashion. We disagree. Subject to its objections, APC states that no documents responsive to this request exist in APC's files other than those already produced by Plaintiff.

Response No. 9:

APC's maintains its objections to this Request. As in many other instances, Plaintiff propounded a vague, overly broad discovery request that is subject to multiple interpretations. In response, APC properly asserted objections, and made a good faith effort to respond based on APC's reasonable interpretation of the Request. Your exceptions suggest that, since there is some reasonable interpretation to this broadly worded request,

APC is without the right to respond in this fashion. We disagree. Subject to its objections, APC states that no documents responsive to this request exist in APC's files.

Request No. 10:

Subject to its objections, APC produced all responsive, non-privileged documents in its possession, custody or control.

Request No. 11:

APC maintains its objections to this Request. Subject to its objections, APC states that no documents responsive to this request exist.

Sincerely,

George P. Kostakos

GPK/sm

Firmwide:81639502.1 049233.1004