IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SETH DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POWER CONVERSION CORPORATION,<br><br>Defendant. | Civil Action No: 05-00459-ML-LDA |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, defendant American Power Conversion Corporation ("Defendant" or the "Company") hereby responds to Plaintiff Seth Daniels' ("Daniels" or "Plaintiff") Supplemental Request for Production of Documents (the "Request") as follows:

**PRELIMINARY STATEMENT**

Defendant has responded to Plaintiff's Request as it interprets and understands such Request. Defendant's response is made on the basis of a reasonable investigation. Defendant reserves the right to supplement its objections and answers in accordance with Federal Rules of Civil Procedure 26(e) and 34 either based on further facts that come to light or if Plaintiff asserts an interpretation of the Request that differs from the interpretation or understanding of Defendant.

Defendant reserves its right to object to the competency, relevancy, materiality, and admissibility of the information disclosed in the documents produced pursuant to its response to Plaintiff's Request. Further, any production of documents by Defendant does not represent any concession, agreement, or admission that any allegation or other factual implication contained in



Exhibit 23

any individual Request is true or meritorious.

## GENERAL OBJECTIONS

The following general objections are made to each request in addition to any objections addressed to the Request.

1. Defendant objects to the definitions and instructions contained in Plaintiff's Request to the extent those definitions and instructions impose obligations beyond those contained in the Federal Rules of Civil Procedure.

2. Defendant objects to the Request to the extent that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

3. Defendant objects to the Request to the extent that it calls for the production of documents protected by the attorney-client privilege. Subject to General Objection No. 8, to the extent the Request seeks the production of a document that is subject to such privilege, Defendant will identify such document in an appropriate privilege log.

4. Defendant objects to the Request to the extent that it calls for the production of documents prepared in anticipation of litigation or for trial, that is attorney work product, or that is otherwise privileged from discovery. Subject to General Objection No. 8, to the extent the Request seeks the production of a document that is subject to such privilege, Defendant will identify such document in an appropriate privilege log.

5. Defendant objects to the Request to the extent that it purports to impose an obligation to produce the same document in response to more than one request for production of documents. To the extent Defendant has any non-privileged documents in its possession, custody, or control that are responsive to more than one such request, Defendant will respond by

producing documents in response to one rather than all of the requests to which they are responsive.

6. Defendant objects to the request to the extent that it seeks documents concerning matters of public record.

7. Defendant objects to the Request to the extent that it seeks documents that constitute, comprise, refer to, and/or concern, in whole or in part, the trade secrets, or confidential or proprietary information, of Defendant, its current or former business partners or prospective business partners, its current or former customers or prospective customers, or its current or former employees. Nonetheless, Defendant is willing to produce such documents, to the extent they are responsive to Plaintiff's Request, if the parties can agree to an appropriate form of confidentiality agreement.

8. Defendant objects to the Request to the extent that it seeks information that was generated by counsel on or after January 4, 2005. January 4, 2005 is the date on which Plaintiff filed his charge of discrimination with the U.S. Equal Employment Opportunity Commission. Defendant objects on the grounds that such information is both privileged and subject to the work product protection in that it was generated in anticipation of litigation. Defendant further states that based on the combination of the timing of such communications (or the generation of other information subject to (4) above) and the involvement of counsel in such communications, it is apparent that the information is not subject to disclosure. Therefore, preparing and disclosing a privilege log with respect to such communications or other information within the scope of (3) or (4) above is not necessary to enable Plaintiff to assess the applicability of the privilege or protection and the burden on Defendant of preparing a privilege log with respect to such documents is not warranted. Furthermore, Defendant states that there may be documents

generated earlier than January 4, 2005 that are similarly protected from disclosure by the attorney-client privilege and/or work product doctrine, and Defendant reserves the right to object to disclosure of those documents as well.

9. Each of these General Objections is hereby incorporated by reference into the responses set forth below.

**SPECIFIC OBJECTIONS AND RESPONSES**

Production of documents in response to the Request is qualified by the Preliminary Statement and General Objections set forth above and the specific objections set forth hereafter. Production of documents does not waive any objection asserted in this response.

**REQUEST NO. 12**:

Produce all documents relating to the reimbursement of hotel expenses for all APC employees who stayed at a hotel in Rhode Island dating back to 1999.

**RESPONSE NO. 12**:

Defendant objects to Request No. 12 on the ground that it is unduly burdensome. The Company has employed tens of thousands of individuals since January 1, 1999. Because the Company's corporate headquarters are located in Rhode Island, and it maintains additional facilities at other locations in Rhode Island, innumerable Company employees have visited Rhode Island in the over seven-year period encompassed by Request No. 12. Accordingly, it would be unduly burdensome for the Company to locate and produce documents relating to each and every time a Company employee requested and/or received reimbursement for a staying at a hotel in Rhode Island since January 1, 1999. Further, to the extent this interrogatory seeks information that pre-dates or post-dates Plaintiff's employment with the Company and does not concern requests for reimbursement made by Plaintiff, it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant refers Plaintiff to the documents Defendant produced in response to Plaintiff's Request for Production of Documents, including without limitation the documents related to (a) the Marriott Hotel in Providence, and (b) Plaintiff's own requests for reimbursement.

Respectfully submitted,

AMERICAN POWER CONVERSION CORPORATION,

By its attorneys,

George P. Kostakos (6971)
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
(401) 454-2903 (tel.)
(401) 454-2969 (fax)
gkostakos@littler.com

Dated: November 3, 2006

CERTIFICATE OF SERVICE

I, George P. Kostakos, herby certify that on this 3rd day of November 2006, a true and accurate copy of the foregoing Response to Plaintiff's Supplemental Request for Production of Documents was served via first class mail upon plaintiff's counsel of record:

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A-8
South Kingston, RI 02879

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis PLLC
7 Dupont Circle NW Suite 200
Washington, DC 20036

George P. Kostakos