**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SETH DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POWER CONVERSION CORPORATION<br><br>Defendant. | ) | CIVIL NO: 05-00459-ML-LDA<br>Judge Mary Lisi |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

Plaintiff, through his undersigned attorneys, hereby responds to Defendant, American Power Conversion Corporation's ("APC") Motion to Compel.

## I. SUMMARY

In its Motion to Compel, APC argues that Plaintiff has not produced all of his documents responsive to its requests related to his income and that Plaintiff has failed to fully answer APC's interrogatory regarding his income. Plaintiff did supplement his answer to APC's interrogatory regarding his income and has produced all non-privileged documents which are in his possession and responsive to Defendant's requests. Therefore, APC's Motion to Compel should be denied. Further, APC's counsel did not properly confer with Plaintiff's counsel regarding its intent to file a Motion to Compel.

## II. FACTS

### A. Interrogatories

APC propounded the following Interrogatory upon Plaintiff to which Plaintiff initially objected and responded as follows:

> **<u>Interrogatory No. 9:</u>** *Describe fully and in complete detail all sources of income and/or support you have received since your employment with APC ended, including but not limited to the source of the income, the amounts received, and the dates upon which the income was received.*
>
> **<u>Objection:</u>** Plaintiff objects to this interrogatory to the extent that it requests information that is not reasonably calculated to lead to the discovery of admissible evidence.
>
> **<u>Response:</u>** Subject to the foregoing objection, Plaintiff will respond to this interrogatory upon receipt of complete information regarding his income. Plaintiff is working on generating an audited personal financial statement which is expected to be complete in September. I received income through my employment associated with the following entities:
>
> <u>2004:</u>
> Transworld Systems International
> Allied Mortgage
>
> <u>2005:</u>
> Allied Mortgage
> Premier Mortgage
>
> <u>2006:</u>
> Premier Mortgage

Ex. 1.

On October 9, 2006, APC, through its attorney, sent a letter to Plaintiff's counsel stating:

> [i]n response to Interrogatory No. 9, Mr. Daniels states that he "will respond to this interrogatory upon receipt of complete information regarding his income. [Mr. Daniels] is working on generating an audited personal financial statement which is expected to be complete in September." Please let me know the status of the financial statement immediately upon completion.

Ex. 2.

Plaintiff's counsel responded to APC's counsel on November 6, 2006, and stated that with regard to Interrogatory No. 9, no further information was available at that time. Ex. 3. APC did not send any additional correspondence to Plaintiff inquiring about the information requested in Interrogatory No. 9. Ex. 4. Counsel for Plaintiff and counsel for Defendant agreed to confer over the telephone regarding Mr. Daniels' income. Exs. 9-14. However, APC's counsel postponed the scheduled telephone conference several times and despite numerous attempts by Daniels' attorney to reach APC's counsel, APC's counsel did not make himself available for the scheduled conferences. *Id.* Without any notice, APC then filed this Motion to Compel against Daniels.

On December 20, 2006, Plaintiff supplemented his answer to Interrogatory No. 9 providing specific information relating to his income. Ex. 5.

**B. Document Requests**

Defendant requested the following documents and Plaintiff responded as follows:

"**Request No. 7:** *All documents and communications that relate in any way to the alleged damages that you seek or claim to have suffered in this Action.*

**Objection:** Plaintiff objects to this request to the extent it requests documents which are protected by the attorney-client privilege and/or any other privilege. Plaintiff further objects to the extent that the request if overly broad and not reasonably calculated to lead to the discovery of admissible evidence related to the claims and defenses of this case.

**Response:** Subject to the foregoing objections, Plaintiff will produce all non-privileged documents in his possession which are responsive to this request.

**Request No. 8:** *All documents that reflect or record any lost compensation that you attribute to the alleged incidents upon which you bring this Action against APC.*

**Objection:** Plaintiff objects to this request to the extent it requests documents which are protected by the attorney-client privilege, accountant-client privilege, and/or any other privilege.

**Response:** Subject to the foregoing objections, Plaintiff will produce all non-privileged documents in his possession which are responsive to this request.

. . .

**Request No. 12:** *Any and all documents relied upon to answer, or identified in response to, Defendant's First Set of Interrogatories propounded upon Plaintiff.*

**Objection:** Plaintiff objects to this request to the extent it requests documents which are protected by the attorney-client privilege.

**Response:** Subject to the foregoing objection, Plaintiff will produce all non-privileged documents in his possession which are responsive to this request."

Ex. 6.

After responding to the document requests on August 1, 2006, APC did not raise any concerns with Plaintiff regarding his response to these three requests. Ex. 4. It was not until APC filed its Motion to Compel on December 5, 2006, that Plaintiff learned that APC believed that these three responses were insufficient. *Id.* On December 22, 2006, Plaintiff produced two additional documents in response to APC's document requests. Ex. 7. Daniels also believes that he may have one additional document that is responsive to request No. 12 and will produce the document to APC. Ex. 8.

## III. ARGUMENT

### A. Daniels Has Fully Responded To APC's Discovery Requests

On December 20, 2006, Daniels supplemented his answer to Interrogatory No. 9 providing the income information requested from APC. Additionally, on December 22,

2006, Plaintiff produced two additional documents related to his income. Ex. 7. Daniels has also agreed to produce an additional document responsive to Request No. 12. Ex. 8. Daniels does not have any additional non-privileged documents in his possession which are responsive to APC's requests No. 7, 8, and/or 12. *Id.* [1]Because Daniels has fully answered and produced documents in response to APC's discovery requests, APC's Motion to Compel should be denied.

**B. APC Did Not Confer in Good Faith Prior to Filing Its Motion to Compel**

Rule 37(a) provides in relevant part:

> A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows: . . . If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant *has in good faith conferred or attempted to confer* with the party not making the disclosure in an effort to secure the disclosure without court action. (emphasis added).

Although APC certified in its Motion to Compel that it had conferred in good faith with Plaintiff regarding the issues raised in its Motion to Compel, it made no such good faith effort. APC never informed Plaintiff that it intended to file a Motion to Compel. Ex. 7. Additionally, APC moved to compel further responses to Requests 7, 8, and 12, but prior to filing its motion, never communicated its dissatisfaction with the responses it received. *Id.*[2] Further, with regard to Interrogatory No. 9, although APC did

---

1 Daniels did conduct a reasonable search for responsive documents and has not located any additional documents other than those already addressed in this response. Ex. 8. However, if Daniels does discovery any additional non privileged responsive documents, those documents will be produced to Defendant. *Id.*

2 In fact, Plaintiff responded to each of APC's concerns raised in its letter of October 9, 2006. See Exs. 2, 3. Had APC notified Plaintiff that his responses and/or document production in relation to document request Nos. 7,8, and 12 were deficient, Plaintiff would have promptly addressed APC's concerns.

send a letter to Plaintiff requesting that Plaintiff inform APC immediately upon receipt of a financial audit, Plaintiff responded to APC's letter and informed APC that no additional information was available at that time. Exs. 2, 3. To date, no audited financial statement has been completed. Having received no further correspondence from APC regarding Plaintiff's response to Interrogatory No. 9, and having been unsuccessful in reaching APC's attorney to discuss Daniel's income, Plaintiff believed that he was in compliance with his discovery obligations and that APC did not believe otherwise. In fact, it was Plaintiff's counsel who attempted on numerous occasions to address Defendant's request for income related information in response to Interrogatory No. 9. In an email dated November 21, 2006, Plaintiff's counsel specifically informed Defendant's counsel that Plaintiff had some additional income information. Ex. 9. Several telephone conferences were set up and either postponed by APC's counsel, ignored, and/or missed altogether. Exs. 9-14. Had APC complied with its obligations to confer with Plaintiff, this Court would not have needed to be burdened with APC's Motion to Compel.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that APC's Motion to Compel be denied.

Respectfully submitted this 22nd day of December, 2006,

/s/ Noelle Clapham
Noelle K. Clapham (R.I. Bar #5338)
Law Office of Noelle Clapham
24 Salt Pond Road
Suite A-8
South Kingston, RI 02879
claphamlaw@verizon.net
(401) 783-3600

Lori B. Kisch (MD Fed Bar # 25781)
Wiggins, Childs, Quinn & Pantazis PLLC
7 Dupont Circle, NW, Suite 200
Washington, DC 20036
lkisch@wcqp.com

***ATTORNEYS FOR THE PLAINTIFF***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Opposition to APC's Motion to Compel, and attached exhibits were electronically filed and will be served upon all counsel of record via the court's electronic filing system.

__________/s/ Noelle Clapham ____