UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Seth Daniels,

Plaintiff,

vs.

American Power Conversion Corporation,

Defendant.

CIVIL NO. 05-00459-ML LDA
Judge Lisi

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

**COMES NOW** Seth Daniels and objects/responds to the Defendant's Interrogatories as follows:

**GENERAL CONDITIONS**

1. The provision of any information in connection with these discovery responses does not constitute an admission that such information, or any part of such information, is either material or relevant to any issue in this case or is admissible in any proceeding, including trial, in this action.

2. The Plaintiff makes the disclosures herein based on information reasonably available and expressly reserves the right (a) to object to the admissibility of any information produced in connection with such response in any proceeding, including trial, in this action, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such modification.

3. The responses herein are based on information presently available to the Plaintiff. Investigation and discovery are presently continuing, however, and additional information pertinent to these Interrogatories and requests for documents may well be disclosed as a result of such ongoing and continuing investigation.

Exhibit 1

## GENERAL OBJECTIONS

1. The Plaintiff objects to the definitions and instructions accompanying these interrogatories and discovery requests to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2. The Plaintiff objects to these interrogatories and discovery requests to the extent that they are overly broad and/or unduly burdensome and seek information regarding matters about which the Defendant has knowledge.

3. The Plaintiff objects to these interrogatories and discovery requests to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

4. The Plaintiff objects to these interrogatories to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of the Plaintiff.

5. The Plaintiff objects to these interrogatories and document requests to the extent that the information sought, if any, was obtained and prepared in anticipation of litigation and the Defendant has not made the required showing of substantial need for the information or that the substantial equivalent of such information is unobtainable by other means. The Plaintiff further objects to these interrogatories to the extent that the information called for, if any, is privileged and is not discoverable under Fed. R. Civ. P. Rule 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

6. The Plaintiff objects to these interrogatories and discovery requests to the extent they seek information or documents neither material nor relevant to the claims or defenses of this action

nor reasonably calculated to lead to the discovery of admissible evidence.

7. The Plaintiff objects to these interrogatories and discovery requests to the extent that they seek and/or require the production of documents which are not in Plaintiff's possession, custody or control.

8. The Plaintiff objects to these interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, are overly broad and/or unduly burdensome.

9. The Plaintiff objects to these interrogatories and discovery requests to the extent that they seek information regarding matters which are not at issue in this action.

10. The Plaintiff objects to these interrogatories and discovery requests to the extent that they do not place any temporal limits on the request(s) and/or seek(s) information covering an unreasonably long time period.

11. Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every response set forth below. By responding to any of the discovery requests, the Plaintiff does not waive any of the foregoing General Objections.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**Interrogatory No. 1:** *Identify any person who has assisted you in gathering information and/or preparing your answers to these interrogatories and any person who has assisted you in gathering information or searching for documents in order to respond to the accompanying First Request for the Production of Documents.*

**Response:** Other than my attorneys, no other individuals have provided me assistance.

**Interrogatory No. 2:** *Identify all persons who have, claim to have, or whom you believe may have knowledge or information pertaining to any fact concerning, relating to, or supporting the allegations forming the basis of your claims against APC or any fact relating to the subject matter of your Complaint, or your claims for damages, and please state the specific nature and substance of the knowledge you believe each such person may have.*

**Response:**

a) The following individuals may have knowledge regarding the race discrimination, harassment, disparate treatment, and/or retaliation I experienced as well as my unlawful termination: John Bonzani, Brian Kelly, Paul Kavanaugh, Frank McCarthy, Christine Bollman, Christine Hendrix, Brian Gough, Julie Cippola, Mary Toogis, Jeff Smith, Andrew Cross, Jeff St. Clair, John Cuzman, Stephen La Plant, Mr. Gardner, Mark Gee, Sean King, Lori Gaspar, Michael Edmond, Matthew Murphy, Stanley Bryan, Jose Astacio, Anthony West, Stephen Wendland, James Rice, Terri Ward, Kathleen Green, Neil Rasmusser, Sean King, Mary Tougas, and Dan Patterson.

b) Scott Barger may have knowledge regarding the reservations that were made at the Marriott as well as the Marriott policies regarding rewards programs.

c) Dan Patterson may have knowledge relating to the reservations that were made at the Marriott for American Power Conversion employees.

d) The following individuals may have knowledge regarding my job duties and responsibilities, the work I conducted, and my performance at APC: John Bonzani, Neil Rasnewson, Andrew Cross, Frank McCarthy, Edwin Malagaya, John Cuzman, Stephen La Plant, Mike Cox, Tom Siedicki, Stephen Garbe, Jim Ring, Mark Gee, Kathleen Green, Bill Wilson, Jim Biller, Michael Edmond, Julie Cipolla, and Terri Ward.

d) Mike Gardner, Julie Cipolla, and Michael Edmond may have knowledge regarding the hotels used by employees and issues related to those hotels.

e) The following individuals may have knowledge regarding the reasons for staying at the Marriot Hotel: Matthew Murphy, Stanley Bryan, Jose Astacio, Anthony West, Stephen Wendland, and James Rice.

**Interrogatory No. 3:** *Identify each document that you contend evidences wrongful conduct of any kind by APC, or which otherwise supports the claims asserted in the Complaint.*

> **Objection:** Plaintiff objects to the interrogatory on the grounds that it is vague, ambiguous, and overly broad, to extent the interrogatory calls for a legal conclusion. Notwithstanding Plaintiff's objection, Plaintiff responds as follow:

**Response:** See documents produced in response to Defendant's Request for Production of Documents.

**Interrogatory No. 4:** *Identify each element of damages, including, without limitation, lost wages, compensatory, consequential and exemplary damages, attorneys' fees and costs which you claim to have suffered as a result of APC's alleged unlawful conduct, and state the total in dollar terms that you claim for each and the basis for your computation of same.*

**Objection:** Plaintiff objects to this interrogatory to the extent it requires the disclosure of attorney-client privileged communications.

**Response:** Subject to the foregoing objection, Plaintiff responds that damages continue to increase. Plaintiff's response to this interrogatory calculates damages as of December 2005. As of 2005, Plaintiff's back pay damages equal approximately $65,000. This calculation was determined by comparing Plaintiff's salary at the time of his termination from APC and subtracting his employment income he earned since his departure from APC. Additionally, this calculation includes the reduction of benefits and additional expenses as a result of Plaintiff's loss of employment from APC. Plaintiff is also entitled to prejudgment interest on his back pay damages. Plaintiff also alleges that he is entitled to nominal, compensatory, and punitive damages. Plaintiff is also entitled to his attorneys' fees and costs. In total, Plaintiff will claim the total amount of damages that he is entitled to recover under the law.

**Interrogatory No. 5:** *List each medical expense that you have incurred since September 2003 to receive treatment for any alleged emotional distress or other physical or nonphysical injury that you claim to have suffered as a result of the events giving rise to your claims against APC and for each expense, provide the following:*

(a) *the identity of the entity or the individual health care provider that provided the care for which the expense was incurred;*

(b) *the amount of the invoice for the care;*

(c) *the amount that was reimbursed by insurance or other sources; and*

(d) *the amount that you paid out of pocket or that was paid out of pocket on your behalf.*

**Response:** None.

**Interrogatory No. 6:** *For all emotional distress and/or physical or nonphysical injury which you allege to have suffered as a result of the events and allegations contained in your Complaint provide the following:*

(a) *a full and complete description of the emotional distress or mental illness you suffer(ed);*

(b) *the date or dates during or on which you suffered emotional distress or mental illness;*

(c) *the identity of any physician or other health care provider from whom you sought treatment or counseling for that emotional distress or mental illness;*

(d) *the dates on which you received treatment or counseling for that emotional distress or mental illness;*

(e) *the nature or identity of each treatment, test, or medication that was administered or prescribed for that emotional distress or mental illness;*

(f) *whether the emotional distress or mental illness that you claim to have suffered also existed at any time prior to the events alleged in your Complaint;*

(g) *whether you currently suffer from that emotional distress or mental illness; and*

(h) *the nature of any future treatments that have been recommended, including the name, address and title of the person recommending such treatment.*

**Response:** The distress that I suffered was stress from being fired due to my race and for retaliation from speaking out against such discrimination. I have suffered stress from the discrimination and retaliation from the first instance of such discrimination until today. I have not sought treatment or counseling for the stress. The stress that I suffered due to the discrimination and retaliation did not previously exist.

**Interrogatory No. 7:** *Identify each and every physician, psychologist, psychiatric social worker or other health care professional you have consulted or visited with respect to your mental or physical condition at any time from November 2, 1995 to the present, regardless of cause or reason, and state the exact date of each and every visit.*

**Objection:** Plaintiff objects to this Interrogatory as overly broad, designed to harass, and calling for information not reasonably calculated to lead to the discovery of admissible evidence. Not withstanding such objections, Plaintiff responds as follows:

**Response:**

1. Dr. Frank in Livingston, NJ – Urologist (in 1998)
2. Dr. Park in Mullica, NJ – Dentist 8/1/06
3. Dr. Marshall Somerset, NJ – Dentist (on or about 10/2000)
4. Dr. Jason Lotkowski, Swedsboro,NJ – Family Medicine on or about 5/1/06
5. Lab Corp – for standard blood work (on or about 5/2/06)

**Interrogatory No. 8:** *Identify each and every hospital, clinic or other medical, psychiatric, mental health or health care facility you have visited with respect to your mental or physical condition or where you have received treatment for your mental or physical condition at any time from November 2, 1995 to the present, regardless of cause*

*or reason, and state the exact date of each and every visit.*

> **Objection:** Plaintiff objects to this Interrogatory as overly broad, designed to harass, and calling for information not reasonably calculated to lead to the discovery of admissible evidence. Not withstanding such objections, Plaintiff responds as follows:

**Response:** See response to Interrogatory No. 7.

**Interrogatory No. 9:** *Describe fully and in complete detail all sources of income and/or support you have received since your employment with APC ended, including but not limited to the source of the income, the amounts received, and the dates upon which the income was received.*

> **Objection:** Plaintiff objects to this interrogatory to the extent that it requests information that is not reasonably calculated to lead to the discovery of admissible evidence.

**Response:** Subject to the foregoing objection, Plaintiff will respond to this interrogatory upon receipt of complete information regarding his income. Plaintiff is working on generating an audited personal financial statement which is expected to be complete in September. I received income through my employment with the following entities:

2004:
Transworld Systems International
Allied Mortgage

2005:
Allied Mortgage
Premier Mortgage

2006:
Premier Mortgage

**Interrogatory No. 10:** *Identify each entity or person, including without limitation, each present or former employee, agent, representative or contractor of APC with whom you communicated at any time about any harassment, discrimination or retaliation to which you allege you were subjected by APC, and describe in as much detail as possible each such communication, including not only that which you communicated to APC but also that which APC communicated to you.*

**Response:** I complained of harassment and discrimination to both Brian Gough and John Bonzani. John Bonzani told me that he was not able to help me. I did speak to them regarding Brian Kelly's harassment and disparate treatment of me. Brian Gough told me that Kelly wasn't doing anything wrong or inconsistent with the company's policies. Ultimately, no action was taken to address my complaints. I also complained to

Paul Kavanaugh regarding the disparate treatment and discrimination. His response was that I should "keep my nose clean." I attempted to speak to Brian Kelly regarding issues relating to expenses that were owed to me after my termination, but he refused to return my calls. I spoke to Mary Toogis regarding the issues surrounding APC's charges to me for work related items. The issues were not resolved. I also complained to Christine Hendrix regarding Kelly, but were not resolved.

**Interrogatory No. 11** *Identify each person who allegedly harassed, discriminated or retaliated against you during the course of your employment with APC, and for each such person, set forth the date(s) and a full description of each incident or allegedly discriminatory, harassing and/or retaliatory activity.*

> **Objection:** Plaintiff objects to this interrogatory to the extent it calls for a legal conclusion. Plaintiff further objects tot the extent that information responsive to this request is in the sole possession and/or knowledge of APC. Notwithstanding Plaintiff's objections, Plaintiff responds as follows:

**Response:** See responses to Interrogatory numbers 10 and 20. Additionally, the following individuals harassed, discriminated and/or retaliated against me for complaining about discrimination: Brian Kelly, Paul Kavanaugh, Human Resources representative, Christine Bowman, Brian Gough, Christine Hendrix, and Bonnie (last name unknown) in the finance department.

(a) Throughout my employment Brian Kelly harassed and discriminated against me. For example, in 2003 he harassed me regarding the exemptions that I reported I was entitled to in relation to my taxes. Kelly also harassed me by questioning why I had been hired. He also treated me differently than white employees. He told me that I did not fit the mold of an APC employee. To my knowledge, Kelly was also responsible for rescinding the prior authorization given to me to directly bill for travel related expenses. Christine Bowman was also involved in this discriminatory treatment. Kelly also blamed me for the theft of my laptop.

(b) All individuals who were involved in the decision to terminate me participated in the discriminatory and retaliatory treatment of me.

(c) Christine Hendrix, with the approval of her supervisor instructed me to accompany her to a train station to "scare the shit out of" a recent hire who failed a drug test.

(d) Brian Gough failed to take any action to address my complaints of race discrimination and harassment.

**Interrogatory No. 12** *Please identify any documents used in any manner to prepare or assist in preparing any of the answers to these interrogatories and, for each such document, identify the particular interrogatory answer(s) or portion thereof from which it was used.*

**Objection:** Plaintiff objects to this interrogatory to the extent it requests information protected by the attorney-client privilege.

**Response:** Subject to the foregoing objection, Plaintiff responds that documents produced to defendant were reviewed during the preparation of these responses.

**Interrogatory No. 13** *Identify all applications or other efforts you have made to obtain employment subsequent to your employment with APC. For each application or effort, please include the name of the employer and type of business, the name of the person at the place of employment with whom you made contact; the job title or position for which you applied; whether you were offered the position; and if you declined the offer, your reason for doing so.*

**Response:** See Documents bates labeled SD 144 – SD 171. Other then the employment listed in response to Interrogatory number 9, I was not offered any other positions of employment.

**Interrogatory No. 14**: *Identify all employers for whom you have worked since your employment ended with APC. State the dates on which you were employed by such employers, the positions held or job title with such employers and what compensation and privileges of employment, including benefits, received during such employment, you supervisor(s) at each such employer, and the reason for leaving such position, if applicable.*

**Objection:** Plaintiff objects to this Interrogatory as overly broad, designed to harass, and calling for information not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding such objections, Plaintiff responds as follows:

**Response:** See Answer to Interrogatory No. 9. Currently, I am a loan officer and I have a contract with Premier to sell mortgage loans. I was a sales agent with Transworld Systems International in 2004.

**Interrogatory No. 15:** *If you ever have brought a claim of any kind against any other person or entity, provide the following:*

*(a) the caption or title of the action brought;*

*(b) the court or administrative agency in which the matter was brought;*

*(c) the case or docket number of each and every lawsuit or administrative proceeding;*

*(d) the nature of the claims made (e.g., discrimination, personal injury, etc.);*

*(e) the outcome of the proceedings brought.*

**Objection:** Plaintiff objects to this Interrogatory as overly broad, designed to harass, and calling for information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory as being overly broad in its temporal scope.

**Response:** Subject to the foregoing objections, Plaintiff responds as follows:

I, along with 33 other employees filed suit against Metricom. The suit was filed in San Jose County, CA. It was a WARN Act claim and was settled favorably for the plaintiffs.

**Interrogatory No. 16:** *If any person or entity has ever brought a claim against you before any court or administrative agency, provide the following:*

*(a) the caption or title of the action brought;*

*(b) the court or administrative agency in which the matter was brought;*

*(c) the case or docket number of each and every lawsuit or administrative proceeding;*

*(d) the nature of the claims made (e.g., discrimination, personal injury, etc.);*

*(e) the outcome of the proceedings brought against you.*

**Objection:** Plaintiff objects to this Interrogatory as overly broad, designed to harass, and calling for information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory as being overly broad in its temporal scope.

**Interrogatory No. 17:** *Identify all persons whom you intend to call as a fact witness at trial, stating the general substance of the facts about which he/she will testify, and identify any and all documents relevant or related to his/her testimony and about which he/she will testify.*

**Objection:** Plaintiff objects to this interrogatory to the extent that it requires disclosure of witnesses prior to the deadline set forth by the Court. Notwithstanding Plaintiff's objection, Plaintiff responds as follows.

**Response:** Plaintiff does not know at this time which individuals he intends to call as a fact witness. Plaintiff will supplement this response in accordance with the requirements set forth by the Court regarding the identification of fact witnesses at trial.

**Interrogatory No. 18:** *Identify each person that you expect to call as a expert witness at the trial of this case. Include in your answer:*

*(a) the subject matter on which the expert is expected to testify;*

*(b) the substance of any fact to which the expert is expected to testify;*

*(c) the substance of any opinion to which the expert is expected to testify;*

*(d) a summary of the grounds of each opinion to which the expert is expected to testify; and*

*(e) the qualification of the witness*

**Objection:** Plaintiff is unable to answer this interrogatory at the present time, but will supplement this response, if, as, and when and expert(s) is/are retained in accordance with the disclosures required by the Court.

**Interrogatory No. 19:** *From paragraph 13 of Plaintiff's Complaint, identify the "four white managers" that Plaintiff alleges had laptops stolen during a business trip, and the "other white employees" who plaintiff claims experienced the theft of other equipment.*

**Response:** I believe Jim Ring's laptop was stolen while he worked for APC. I do not recall the names of the other individuals whose equipment were stolen.

**Interrogatory No. 20:** *Identify the individual(s) from APC's human resource department described in paragraph 16 of Plaintiff's Complaint that Plaintiff alleges he accompanied to the train station to inform and individual that his job offer was rescinded.*

**Response:** I accompanied Christine Hendrix.

**Interrogatory No. 21:** *Please identify the specific policies and/or practices that Plaintiff contends in paragraph 28 of Plaintiff's Complaint that "produced a disparate impact against Plaintiff with respect to the terms and conditions of his employment and termination" and state each fact that supports this contention.*

Objection: Plaintiff objects to this Interrogatory to the extent that any written policies are in the possession of defendant. Plaintiff also objects to this interrogatory to the extent it calls for a legal conclusion.

**Response:** Subject to the foregoing objections, Plaintiff answers that Defendant's discipline and termination policies may have a disparate impact against Plaintiff. Additionally, Defendant's policies with regard to payment of company related expenses had a disparate impact against Plaintiff. Plaintiff will supplement this response as he learns of additional evidence once documents are produced by defendant and once the depositions in the case have been conducted.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 1, 2006

Seth Daniels

Dated this 1st day of August, 2006.

Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, P.L.L.C.
7 Dupont Circle N.W., Suite 200
Washington, D.C. 20036
(202) 467-4123
(202) 467-4489 (facsimile)

Noelle K. Clapham (R.I. Bar #5338)
Law Office of Noelle Clapham
24 Salt Pond Road
Suite A-8
South Kingston, RI 02879
(401) 783-3670

*Attorneys for Plaintiff*