LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

RECEIVED
OCT 13 2006

ALABAMA
ARIZONA
CALIFORNIA
COLORADO
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
MASSACHUSETTS
MINNESOTA
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS

October 9, 2006

George P. Kostakos
Direct: 617.378.6023
Direct Fax: 617.737.0052
gkostakos@littler.com

**BY FACSIMILE AND REGULAR MAIL**

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis PLLC
7 Dupont Circle NW Suite 200
Washington, DC 20036

**Re: Seth Daniels v. American Power Conversion Corporation**
**Civil Action No. 05-00459-ML-LDA**

Dear Lori:

I write to follow up with you regarding Seth Daniels's responses to American Power Conversion Corporation's ("APC") First Request for Production of Documents (the "Requests") and First Set of Interrogatories (the "Interrogatories"). I address each in turn.

**Mr. Daniels's Responses to the Requests for Production**

Mr. Daniels's responses to the Requests are dated August 1, 2006. In his response to Requests Nos. 3 and 11, Mr. Daniels stated that he "will produce all non-privileged documents in his possession which are responsive to this request." He also stated that "he is searching through his records to final [*sic*] all such responsive documents and will produce them shortly." Please let me know whether Mr. Daniels's search is complete. If he has located any additional responsive documents, please produce them immediately.

In response to Request No. 5, Mr. Daniels stated that he "will produce all non-privileged documents in his possession which are responsive to this request subject to an appropriate protective order." He also stated that "he is searching through his records to final [*sic*] all such responsive documents and will produce them shortly upon entry of a protective order." Please let me know whether Mr. Daniels's search is complete. To address Mr. Daniels's apparent confidentiality concerns, I will be sending you a confidentiality stipulation for your review shortly.

Mr. Daniels agreed to produce all non-privileged documents in his possession that are responsive to Request No. 10. I have three concerns regarding his response. First, because the documents produced by Mr. Daniels were not labeled to correspond with the categories in APC's Requests, see Fed. R. Civ. P. 34(b), it is not clear whether he actually produced any documents responsive to Request No. 10. Please let me know whether he has produced any



Exhibit 2

such documents. Second, Mr. Daniels raises the issue of privilege in his objections to Request No. 10 but has not produced a privilege log. If Mr. Daniels believes that specific responsive documents are not discoverable because of some applicable privilege, please produce an appropriate privilege log immediately so I can evaluate his assertion. Third, Mr. Daniels asserts other objections to Request No. 10. These objections are unfounded: if Mr. Daniels (or his attorneys) have any written statements, etc. provided or signed by "any person contacted or interviewed in connection" with this case, such statements and documents plainly are discoverable and must be produced.

**Mr. Daniels's Answers to Interrogatories**

In response to Interrogatory No. 9, Mr. Daniels states that he "will respond to this interrogatory upon receipt of complete information regarding his income. [Mr. Daniels] is working on generating an audited personal financial statement which is expected to be complete in September." Please let me know the status of the financial statement referred to by Mr. Daniels and, in any event, produce it to me immediately upon completion.

Mr. Daniels objected, and did not respond substantively, to Interrogatory No. 16. The litigation-related information sought by this interrogatory plainly is discoverable because, among other things, it is reasonably calculated to lead to the discovery of admissible evidence regarding Mr. Daniels. Please have your client provide an appropriate response to this Interrogatory.

**Conclusion**

Please contact me at your earliest convenience to discuss the issues set forth above. It is my hope that we can resolve these issues informally and without resort to motion practice.

Lastly, by limiting the focus of this letter to the above-referenced requests and interrogatories, APC does not waive – and indeed expressly reserves – its right to seek to compel responses to other discovery requests in the future.

Very truly yours,

George P. Kostakos

GPK/dac
cc: Christopher B. Kaczmarek, Esq.
Noelle K. Clapham, Esq. (via regular mail)

Firmwide:81464996.1 049233.1004