UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SETH DANIELS,

Plaintiff,

v.

AMERICAN POWER CONVERSION CORPORATION

Defendant.

CIVIL NO: 05-00459-ML-LDA
Judge Mary Lisi

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF HIS MOTION FOR EXTENSION OF TIME TO FILE HIS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, through his undersigned attorneys, hereby files his Memorandum in Support of His Motion for Extension of Time to File His Opposition to Defendant's Motion For Summary Judgment.

## I. Background

On December 18, 2006, Defendant, American Power Conversion Corporation ("APC"), for the first time, produced 284 pages of documents which were responsive to Plaintiff's document requests which were served on July 3, 2006. Ex. 1. These documents are central to the issues in this case. For example, Defendant alleges that it terminated Daniels for receiving travel points after directing employees to stay at the Marriott Hotel in Providence. APC alleges that Daniels cost the company $8,000 by booking rooms at a cost of $95.00/day at the Marriott rather than at an APC preferred hotel.

But the documents produced on December 18, 2006, demonstrate that Daniels' use of the Marriott was not any different than the use of the same hotel by several other individuals except for one important fact. Daniels negotiated a less expensive rate of $95.00 than the rates used by other employees. Ex. 2. Additionally, the documents demonstrate that Daniels may have saved the company money by directing that the Marriott be used. Ex. 2. These documents demonstrate that Daniels did not cost the company $8,000 when he directed that rooms be used at the Marriott in Providence. It also shows that numerous hotel rooms were booked at hotels by other individuals which are not on the APC preferred hotel list, including the Marriott Hotel itself. *Id.* These documents also demonstrate unequivocally that other individuals stayed at the Marriott Hotel, the very same hotel for which Daniels was terminated for directing that hotel rooms be booked. *Id.* Had these documents been produced when they were first requested, Daniels would have followed through with additional discovery requests and questions during depositions. Moreover, there are several questions regarding these documents that cannot be answered without further discovery. For example, the documents do not reflect the dates on which the hotels were used. Plaintiff will need additional discovery to answer questions regarding these late produced documents.

Additionally, APC for the first time produced emails and expense reports which evidence that APC deducted from Daniel's reimbursements certain expenses that it refused to reimburse. Exs. 7-10. The fact that APC withheld these documents until after the close of discovery and after the depositions concluded cannot be justified given that the complaint itself alerted APC to this very issue and Plaintiff requested the documents as evidenced in APC's letter of December

15, 2006. See Ex. 1.[1] Further the documents were responsive to the requests which asked for all of Daniels' personnel files. Ex. 3, request no. 6. Further, Plaintiff questioned several witnesses regarding the expenses that were deducted from Plaintiff's reimbursements and questioned the witnesses regarding the inquiries made by APC into Daniels' travel related expenses. *See, e.g*., Exs 4-6. Without the benefit of the documents, Plaintiff's counsel was unable to inquire about some of the specific deductions and when the witnesses answered that they could not recall any information related to the issues or that they were unaware of the issues, Plaintiffs' counsel was left with no way to follow up. Had Plaintiff's counsel been provided with the documents prior to the depositions, further questions could have been asked about the documents and the related issues.

Finally, and most importantly, Plaintiff has filed a Motion to Compel the production of numerous documents which are central to the Plaintiff's claims. See Dkt. Nos. 16 and 17. Had the documents identified in Plaintiff's Motion to Compel been produced during discovery, Plaintiffs would have relied upon them in his opposition to APC's Motion for Summary Judgment. Examples of documents which will assist the Plaintiff in opposing summary judgment are documents related to comparators. For example, Daniels requested the expense and reimbursement files of John Bonzani and Paul Kavanaugh. These documents should reflect that these individuals charged expenses for other individual employees and/or paid for conference rooms at hotels on their individual credit cards. This evidence would help to establish that

[1] In his Complaint, Daniels alleged, "After his termination, APC deducted approximately $1,000 from Daniels' expense reimbursement checks, for expenses for which he was either entitled for reimbursement, or had never taken from the company. Expenses are not improperly deducted from the checks of white APC employees who have been terminated. In addition, Daniels was never

employees, other than Daniels, received reward points for expenses unrelated to themselves, and were not disciplined or terminated for such action.

Daniels also requested documents relating to the use of the Marriott Hotel in Providence for a large sales meeting. To the extent that the Marriott was used for a large sales meeting, documents reflecting that fact would help to prove pretext in Daniels' case.

Defendant, in its Motion for Summary Judgment, argues that unless Plaintiff can establish that his job performance was satisfactory, he cannot survive summary judgment. In his Motion to Compel, Plaintiff asked the Court to order APC to produce the draft evaluation that was written by Daniels' supervisor regarding his work performance.

Additionally, Plaintiff has requested all documents related to the grey-marketing scheme and sales team commission violations which APC argued to the EEOC demonstrated that Daniels was treated similarly to white employees engaged in similar unethical conduct. Although APC has selectively produced some of the documents, it has withheld others which may help Daniels demonstrate that he was treated more severely than white individuals who committed more serious violations.[2]

## II. ARGUMENT

APC's attempt to hide evidence until after a ruling of summary judgment will prejudice the Plaintiff. Under Fed. R. Civ. Pro. 56(f) the "court may refuse the application for judgment or may order a continuance to permit . . . discovery to be had . . . .

---

reimbursed for approximately $4,000 worth of work-related expenses." Complaint, ¶ 21 (Dkt No. ).

[2] Rather than restating all of the evidence identified in his Motion to Compel, Plaintiff hereby incorporates its Motion to Compel as an exhibit to this Motion and directs the Court' attention to the numerous documents requested in the Motion. See Dkt. No. 17.

> "[W]here, . . . plaintiffs' case turns so largely on their ability to secure evidence within the possession of defendants, courts should not render summary judgment because of gaps in a plaintiff's proof without first determining that plaintiff has had a fair chance to obtain necessary and available evidence from the other party. Otherwise, defendants will be encouraged to "stonewall" during discovery-withholding or covering up key information that is otherwise available to them through the exercise of reasonable diligence.

*Carmona v. Toledo*, 215 F.3d 124, 133 (1st Cir. 2000).

Defendant has successfully stonewalled during the discovery process. It has withheld relevant and potentially damaging evidence and seeks to have this Court rule on summary judgment before it is ever required to produce the damaging and relevant evidence related to Plaintiff's claims. This type of stonewalling is what the First Circuit in *Carmona* warned against. As explained by the First Circuit, summary judgment is not appropriate where a Defendant has stonewalled and prevented Plaintiff from obtaining evidence in Defendant's possession.

Plaintiff does not desire to unnecessarily extend this case. However, Plaintiff will be unfairly prejudiced by having to respond to APC's Motion for Summary Judgment without the benefit of all of the evidence to which he believes he is entitled. Further, the resources of the Court and the parties will be preserved if the extension is granted and the remaining briefing regarding summary judgment is finished after a determination is made regarding the scope of the evidence to which Plaintiff is entitled.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the date for responding to APC's Motion for Summary Judgment be extended until either 10 days after production of any outstanding documents as Ordered by this Court in response to Plaintiff's Motion to Compel, or

ten days following a denial of Plaintiff's Motion to Compel, whichever is later.

Respectfully submitted this 27th day of December, 2006,

/s/ Noelle Clapham___________________
Noelle K. Clapham (R.I. Bar #5338)
Law Office of Noelle Clapham
24 Salt Pond Road
Suite A-8
South Kingston, RI 02879
claphamlaw@verizon.net
(401) 783-3600

Lori B. Kisch (MD Fed Bar # 25781)
Wiggins, Childs, Quinn & Pantazis PLLC
7 Dupont Circle, NW, Suite 200
Washington, DC 20036
lkisch@wcqp.com

***ATTORNEYS FOR THE PLAINTIFF***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Memorandum in Support of its Motion For Extension of Time to File His Opposition to Defendant's Motion For Summary Judgment and proposed Order will be served upon all counsel of record via the court's electronic filing system.

__________/s/ Noelle Clapham ____