**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Seth Daniels,<br><br>Plaintiff,<br><br>vs.<br><br>American Power Conversion Corporation,<br><br>Defendant. | ) | CIVIL NO. 05-00459-ML-LDA<br>Judge Lisi |

**PLAINTIFF'S FIRST SET INTERROGATORIES AND**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: American Power Conversion Corporation and its counsel of record:

Plaintiff, Seth Daniels ("Daniels"), by his undersigned counsel, propounds these interrogatories and requests production of the documents and things in their possession, custody or control listed herein from the Defendant American Power Conversion Corporation and its officers, attorneys, agents, contractors, and employees. This discovery is to be answered by the foregoing Defendant in the manner, time and form provided by Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, and pursuant to the Definitions and Instructions contained below.

## DEFINITIONS

A. As used herein, the term "document" shall be construed in its broadest sense, including any original, reproduction, or copy of any kind of written or documentary material, or drafts thereof, and any electronically, magnetically, or otherwise recorded or stored material, including, but not limited to, the following items, whether printed, recorded or reproduced by any other mechanical, electronic, or photographic means or process, or written or produced by hand:

Exhibit 3

agreements; contracts; communications; correspondence; letters; telegrams; electronic mail (E-mail), notes, diaries, calendars, contract documents, publications, calculations, estimates, vouchers, minutes of meetings, invoices, tape recordings; dictation belts; voice tapes; notes or summaries of telephone conversations, personal conversations, oral communications, or meetings; memoranda; notes; agenda of meetings; notices; records; studies; bid records; personal memoranda; photographs; photographic negatives; photographic slides; motion picture films; video tapes; compact discs (CD); charts; graphs; diagrams; reports; lists; statement of witnesses; findings of investigations; files; statistics; statistical analyses; spreadsheets; charts; graphs; reports of experts; reports of consultants; papers; books; records; summaries; computer tapes, computer disks, computer cards, and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

B. As used herein, the term "oral communication" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

C. As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organizations, associations or business entities.

D. As used herein, the terms "APC" "you," "company," or "Defendant," used singularly or any combination of them, means the named Defendant, American Power Conversion Corporation and the officers, attorneys, agents, and employees of such Defendant having information available to the Defendant within the meaning of Rule 33(a) and/or Rule 34.

E. "Identify" when referring to a natural person means to provide an identification

sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, race, present or last known home address and telephone number, present or last known business affiliation and address, title or occupation, years of service or seniority level, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

F. "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rule 33 and of Rule 34 of the Federal Rules of Civil Procedure. More particularly, the term "identify" when used with reference to a document includes:

1. the date(s) the document bears, or if none, the date it was written;
2. the name, address, and telephone number of each and every person who wrote it, participated in the writing of it, signed it, and/or over whose name it was issued;
3. the name, address, and telephone number of each and every person to whom it was addressed and each person to whom a copy was identified as being directed;
4. the name and address of each and every person who received a copy of the document;
5. a description of the document, as for instance, a letter or memorandum, and the nature and substance of the document or writing described with sufficient particularity to enable the same to be identified;

6. its present location or custodian of each copy, or if unknown, its last known location or custodian;

7. if any document is no longer in Defendant's possession, or subject to Defendant's control, state what disposition was made of it, the reason for such disposition, the identity of the person(s) currently having possession or control and the date that possession or control was relinquished by the Defendant or any one of them.

G. "Identify" when used with reference to an oral communication, means to include the following:

1. the identities of all persons participating in, or hearing, such oral communication;

2. the date, manner (e.g., telephone), and place at which persons who participated in, or heard, the oral communication were located;

3. a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

4. name of each person who was present, other than the participants;

5. the substance of the oral communication, including what was said by each person who made or participated in such oral statement or conversation;

6. the identity and present custodian of any writing or any mechanical or electrical recording that recorded, summarized, or confirmed such oral statement or conversation, or which refers, relates to, or bears upon it.

H. As used herein, the term "date" shall mean the exact day, month and year, if

ascertainable, or if not, the best approximation thereof, including relationship to other events.

I. As used herein the term "discipline" shall include any action taken in regard to an employee which is intended to punish and/or correct some aspect of the employee's behavior conduct or performance, including, but not limited to, the following actions: verbal warning, written warning, verbal reprimand, written reprimand, suspension, demotion, placement or probation, fine, etc.

J. As used herein, the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment with the Defendant: layoff, discharge, quit, resignation, terminated, fired, etc.

K. The term "personnel file" shall include any file and the contents thereof relating to the employment of an individual, whether designated as a personnel file or otherwise, including, but not limited to, human resources file, employee file, supervisor's file, manager's file, departmental file, division file, training file, work history file, benefits file, safety file, workers' compensation file, discipline file, grievance file, or any other name.

L. Any other words used herein shall be defined according to standard American usage, as shown in a dictionary of the English language.

M. If any requested document is known by APC to have existed, but no longer exists or is no longer is in APC's possession, custody, or control, APC is requested to identify the last known custodian thereof and state the date upon which it was lost or destroyed or otherwise became unavailable. If the document still exists but is unavailable to APC, APC is requested to identify its present custodian and location.

N. "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to make the request inclusive rather than exclusive. The word "including" shall be construed to mean

without limitation. The words "any" and "all" shall be construed so as to make the discovery request inclusive rather than exclusive.

O. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to ring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

P. A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, whenever necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope. Words of the masculine or feminine gender shall include the masculine or neuter genders as the context requires.

## INSTRUCTIONS

1. If any request for documents or things cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

2. Each request for documents seeks production of all documents described, including all drafts and nonidentical copies.

3. Each request for documents seeks production of all documents described herein and any attachments, exhibits or appendices thereto in APC's possession, custody, or control or in the possession, custody or control of any of APC's attorneys, agents, or representatives, and all documents and any attachments which APC or their attorneys or agents have the legal right to obtain or have the ability to obtain from sources under their control.

4. Each request for a document contemplates production of the document in its entirety, including any attachments, appendices or exhibits, without abbreviation or expurgation.

5. If it is claimed that any privilege or protection is applicable to any document, the

production of which is sought by these requests, describe each such document by date, location, number of pages, attachments, appendices and exhibits, preparer(s), author(s), addressee(s), recipients(s), title and subject matter; set forth the nature of the claimed privilege or the grounds for the refusal to disclose; and identify all those persons who have possession, custody or control of the document or copies thereof and who are attorneys and acted as such with respect to the document.

6. In the event that any document or thing requested herein has been destroyed or discarded or otherwise disposed of, such document is to be described by date, location, number of pages, attachments, appendices and exhibits, author(s), addressee(s), recipient(s), title and subject matter; such thing shall be described with the greatest particularity possible. In addition, state the reason for disposal or destruction of the document or thing, and identify each and every person who either authorized disposal or destruction of the document or thing or who disposed of or destroyed the document or thing.

7. These requests for production of documents and things are deemed to be continuing; the answers and responses must, accordingly, be amended to reflect any further information, documents and/or things that come to your attention or the attention of your agents or attorneys between the date of service hereof and the date of trial.

8. Documents produced pursuant to these document requests are to be organized as they are kept in the usual course of business and clearly designated so as to reflect the individual (and, as appropriate, his or her job title) and department (as appropriate) from whose files each document was produced, the file from which each was produced, and the location of each such file.

## INTERROGATORIES

1. State fully and in detail all facts that support and/or contradict your denials of the

facts alleged by Daniels in the Complaint, and identify all documents which tend to support or contradict such facts.

2. Identify all adverse actions taken against the Plaintiff by Defendant which in any way concerned Plaintiff's job performance or lack of job performance, including, but not limited to, disciplinary measures, warning notices and performance appraisals, stating for each the reasons for the action and identify all persons with knowledge related to such action.

3. Identify all persons who made or participated in the decision to terminate the Plaintiff's employment and describe the job title and role of each such person.

4. Identify all documents supporting the termination of the Plaintiff.

5. Identify each person who has been terminated from employment by APC, including but not limited to the employees identified in section I. B. of Defendant's letter of April 6, 2005 to the EEOC, and APC's Exhibit A to APC's letter of June 24, 2005 to the EEOC, and describe fully and in detail the circumstances leading to and the reasons for such terminations.

6. Identify all polices, practices, and procedures with regard to APC's billing procedures for travel and work related expenses incurred by employees of APC.

7. Identify all policies, practices, and procedures of APC relating or referring to travel points, vouchers, or benefits awarded by hotels, airlines, or other outside entities to employees of APC who may be eligible for or may obtain such benefits through their use of such services during a company related activity.

8. Identify each and every employee who obtained such travel points, vouchers or benefits from a hotel, airline, or other entity, for organizing the use of such airline, hotel, or other entity by APC employees, and identify all such employees who were not disciplined for each such

instance, and state fully and in detail all reasons why no discipline was imposed.

9. State fully and describe in detail the Defendant's process for responding to complaints of race discrimination and/or harassment.

10. State fully and describe in detail all actions taken by APC with respect to the Plaintiff's complaints of race discrimination.

11. Identify all hotels in Rhode Island used for lodging, conferences, trainings, or other events by APC and/or its employees and identify all policies, practices, procedures, or directives of APC regarding the use of such hotels for lodging, conferences, trainings, or other events.

12. Identify and describe completely and in detail each and every one of APC's disciplinary policies, procedures and practices.

13. Describe APC's policies, practices, and procedures relating to reimbursement of expenses incurred by individuals who subsequently have been terminated as well as the policies, practices, and procedures related to company issued equipment possessed by terminated employees.

14. Identify each of the individuals from whom Plaintiff allegedly misdirected Marriott travel points while employed by APC and provide the home address of each such individual.

15. Identify each individual employee who either reported to APC that company equipment was lost or stolen, or whom APC learned that company equipment under the control of such employee, was lost or stolen, and identify the race of each such individual.

16. Identify each individual who has used the company's corporate credit card to pay for travel-related expenses incurred by the employee or to pay for travel-related expenses incurred by other employees.

17. Identify each individual who spoke with Daniels regarding the issue of direct billing

and describe the specific issue(s) discussed.

18. Describe all complaints made by APC employees regarding the Johnson & Wales Hotel.

19. Describe all conversations between APC employees and the Marriot Hotel in Providence and/or the Johnson & Wales Hotel regarding any event and/or issue in which Daniels was involved, identifying the individuals who participated in the conversations, a detailed description of the conversations, and the date upon which the conversations occurred.

20. Identify each individual who supplied information for or otherwise contributed to the answering of these interrogatories and, with respect to each such person, state the subject matter of each person's information or other contribution.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff requests that APC produce, within the time provided by the Federal Rules of Civil Procedure, the following documents:

1. Any and all documents which are identified in or used in preparing your answers to Plaintiff's Interrogatories, and those you intend to introduce into evidence at trial in this case.

2. Produce all organizational and/or lines-of-reporting charts, diagrams, lists, directories, tables, and maps showing the organizational and/or management structure of defendant as a whole and/or of each facility, division, department, district or other organizational unit, the geographic reach or coverage of each, and any documents which describe and/or indicate the number and locations of defendant's offices and facilities since January 1, 2003.

3. All documents comprising, containing, or reflecting employment policies and procedures manuals, employee handbooks, and policies and procedures of the Defendant regarding

equal employment opportunity ("EEO"), harassment, discipline, discharge, bonuses, reimbursements, direct billing, travel policies and travel related expense policies, and award or travel points from January 1, 2003 to the present.

4. All documents relating to any complaints of race discrimination and/or harassment and/or retaliation at the Defendant's Providence Rhode Island office, including, but not limited to, all internal complaints, documents, or memoranda, EEO complaints, EEOC Charges, and investigative files and lawsuits alleging race discrimination and/or against the Defendant from 1995 to the present.

5. Any and all documents relating to Plaintiff's employment by Defendant and/or his termination from employment by Defendant.

6. The personnel files or any other file, including but not limited to, Human Resource's files, supervisor's files, departmental files, discipline files or other files, by whatever name, containing employment information relating to Seth Daniels, and all those employees identified in response to Interrogatory Nos. 5, 8, 14 and 15.

7. Any and all documents relating to discipline of employees including but not limited to any compilation, databases, and or lists of discipline compiled by Defendant.

8. All documents reflecting and/or referring or relating to the Marriot Hotel in Providence and/or the Johnson & Whales hotel.

9. All documents related or referring to training sessions in which Daniels was involved in organizing and/or assisting in organizing and/or implementing.

10. All documents, including but not limited to all bills, received by the Finance Department related to training sessions held during the months of January and February 2004.

11. Document retention policies of Defendant.

Respectfully Submitted,

Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, P.L.L.C.
7 Dupont Circle N.W., Suite 200
Washington, D.C. 20036
(202) 467-4123
(202) 467-4489 (facsimile)

Noelle K. Clapham (R.I. Bar #5338)
Law Office of Noelle Clapham
24 Salt Pond Road
Suite A-8
South Kingston, RI 02879
(401) 783-3670

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that a copy of Plaintiff's First Set of Interrogatories and Request for Production of Documents has been served upon the following counsel of record by first-class mail, postage prepaid, on this 3rd day of July, 2006.

Lori B. Kisch