*Document Electronically Filed*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SETH DANIELS,

Plaintiff,

v.

AMERICAN POWER CONVERSION CORPORATION,

Defendant.

Civil Action No: 05-00459-ML-LDA

**DEFENDANT'S MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

Defendant American Power Conversion Corporation ("APC") hereby submits this reply to Plaintiff Seth Daniels's opposition to APC's motion to compel.

**1. APC Properly Conferred With Plaintiff Before Filing Its Motion To Compel.**

In his opposition, Plaintiff contends that APC failed to properly confer with Plaintiff's counsel about its intent to file a motion to compel. Plaintiff's contention is without merit, as APC made repeated efforts to obtain information regarding Plaintiff's income subsequent to his employment with APC, and made it clear to Plaintiff that, if necessary, it would resort to a motion to compel this information.

By letter dated October 9, 2006, APC's counsel requested that Plaintiff supplement his answer to Interrogatory No. 9 (as well as another interrogatory and certain document requests) by providing the "audited financial statement" referred to (but not produced) in his initial response to this interrogatory.[1] In its October 9th letter, APC made it clear to Plaintiff that it

[1] In his initial response to Interrogatory No. 9, Plaintiff stated as follows: "Plaintiff will respond to this interrogatory upon receipt of complete information regarding his income. Plaintiff is working on generating an audited financial statement which is expected to be complete in September."

would pursue this information by motion if necessary. In at least two subsequent phone conversations with Plaintiff's counsel, APC's counsel made it clear that it required information responsive to this interrogatory (and to other requests related to Plaintiff's post-termination income, as detailed in APC's motion), only to be advised by Plaintiff's counsel that, notwithstanding the statement in Plaintiff's initial response to Interrogatory No. 9, no audited financial statement would be forthcoming.[2]

Given the October 9th letter and the subsequent conversations between counsel, it is disingenuous for Plaintiff to assert that APC never advised him that it intended to file a motion to compel. It also is incredible, given the communications between the parties, for Plaintiff now to suggest that he was unaware that APC believed his responses to Requests Nos. 7, 8, and 12 were insufficient. Plaintiff was and remains fully aware that APC seeks documents responsive to these requests; and he has wholly failed to produce them.[3] Accordingly, Plaintiff's contention that APC refused to confer in good faith regarding these issues is meritless.

**2. Plaintiff Has Not Fully Responded To APC's Discovery Requests.**

Despite the contentions in his opposition, Plaintiff has not fully responded to the discovery requests that form the basis of APC's motion to compel. In his supplemental response to Interrogatory No. 9, Plaintiff merely listed the income he allegedly has received since APC terminated his employment.[4] Plaintiff failed to provide any documents reflecting this income, such as tax returns he has prepared or filed since his departure from APC, any W-2 or 1099 Forms issued by subsequent employers, or any other documents that evidence the income he

---

[2] In his opposition, Plaintiff conveniently neglects making reference to these calls and instead highlights that proposed conversations between counsel were postponed and/or canceled on a few occasions.

[3] Moreover, on October 24, 2006, APC served a supplemental request for production of documents on Plaintiff in which APC sought all tax returns filed by Plaintiff from January 1, 2002 to the present. A copy of these discovery requests is attached as Exhibit A hereto. Again, Plaintiff failed to provide the requested documents. APC did not receive Plaintiff's response to these requests in time sufficient to include them in its motion to compel.

[4] A copy of Plaintiff's supplemental response is attached as Exhibit B hereto.

claims to have earned since the termination of his employment.[5] This information is clearly relevant to the question of damages and responsive to Interrogatory No. 9 and Document Requests Nos. 7, 8, and 12.

Based on his supplemental answer to Interrogatory No. 9, Plaintiff has earned over $180,000 since the termination of his employment with APC. In his opposition, Plaintiff states that he "does not have any additional non-privileged documents in his possession which are responsive to APC's requests No. 7, 8, and/or 12." Pl.'s Opposition at p. 5. At his deposition, however, Plaintiff testified that although no documents evidencing his post-APC income are in *his* possession, he previously had provided such documents to his accountant. See Deposition of Seth Daniels at pp. 405-410, 413 (a true and accurate copy of excerpts of the transcript of Seth Daniels is attached as Exhibit C hereto). Although Daniels may no longer have these documents in his possession, he cannot avoid the requirements of the Federal Rules of Civil Procedure simply by claiming that they now are in the hands of his accountant.[6] Plaintiff has the obligation to obtain these documents from his accountant (and any other agents, attorneys, tax advisers, or consultants providing services to him) and produce them in this litigation.

For these reasons, and the reasons set forth in the memorandum filed in support of its motion, APC respectfully requests that the Court grant its motion to compel.

---

[5] Plaintiff testified that, while employed by APC, he utilized a "personal computer program" to keep track of his finances. See Deposition of Seth Daniels at pp. 277-78 (attached as Exhibit C hereto). To the extent Plaintiff continued this practice while employed by his subsequent employers, he should have ready access to the requested information regarding his income.

[6] Plaintiff testified that his accountant also is an attorney. It is not at all clear, however, whether Daniels engaged this individual to provide legal services. In any event, Plaintiff cannot use the attorney-client privilege as a shield where, as here, he provided otherwise non-privileged documents regarding his income (including, presumably, documents such as Forms W-2 and 1099 provided to Daniels by his employers) to his accountant/attorney. Further, Plaintiff has not produced a privilege log.

Respectfully submitted,

**AMERICAN POWER CONVERSION CORPORATION,**

By its attorneys,

/s/ George P. Kostakos
George P. Kostakos (6971)
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
401-454-2903 (t)
401-454-2969 (f)
gkostakos@littler.com

Dated: January 9, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of January, 2007, the foregoing Defendant's Memorandum in Reply to Plaintiff's Opposition to Defendant's Motion to Compel was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ George P. Kostakos
George P. Kostakos