IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SETH DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POWER CONVERSION CORPORATION,<br><br>Defendant. | Civil Action<br>No: 05-00459-ML-LDA |

**DEFENDANT AMERICAN POWER CONVERSION CORPORATION'S SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, Defendant, American Power Conversion Corporation ("APC"), by and through its undersigned counsel, hereby requests that Plaintiff, Seth Daniels ("Daniels"), produce or provide for the inspection and copying of the documents designated below, which shall be delivered to the offices of Littler Mendelson, P.C., One International Place, Suite 2700, Boston, Massachusetts 02110, within thirty (30) days of service of this request.

## DEFINITIONS

1. "Document" should be construed in the broadest sense possible under Fed. R. Civ. P. 34, and shall mean all written, printed, typed, electronic, transcribed, encoded, punched, recorded, taped, filmed, or other graphic material of every kind and description whatsoever from which information can be obtained, including but not limited to correspondence, notes, tape recordings, videotapes, electronic mail, and any information stored on computer disks and databases, and shall include all drafts and non-identical copies of documents.

2. "Tape recording" shall include, but not be limited to, recordings of voicemail messages, telephone conversations, messages left on answering machines, and any other verbal communications, whether or not the speaker(s) and/or the listener(s) consented to the recording.

3. "Communication(s)" or "interaction(s)" shall mean any oral or written exchange of words, thoughts, or ideas with another person or entity, whether in person, in a group, by telephone, by letter, by fax, by electronic mail, or otherwise. "Communication(s)" or "interaction(s)" shall include, without limitation, correspondence, conversations, dialogues, discussions, consultations, and documents of any type.

4. "Relating to" or "relate to" shall mean referring to, concerning, describing, memorializing, evidencing, or constituting.

5. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be construed to be outside its scope, or in other words, to give each request its broadest possible meaning.

6. "Any" shall be construed to mean "all," and "all" shall be construed also to mean "any."

7. As used herein, the past tense shall be construed to mean the present tense, and vice-versa.

8. "Plaintiff," "Daniels," "you" or "your" shall refer to plaintiff Seth Daniels and all of his agents, attorneys, representatives, and other persons or entities acting or purporting to act on his behalf.

9. "American Power Conversion Corporation," "APC" or "Defendant" shall refer to defendant American Power Conversion Corporation and all of its predecessors, successors, parents, affiliates, subsidiaries, divisions, parents, groups, agents, officers, directors, present or former partners, employees, independent contractors, representatives, and any other persons or entities acting or purporting to act on its behalf.

10. The terms "Complaint" or "Action" shall refer to the case entitled *Seth Daniels v. American Power Conversion Corporation*, Civil Action No. 05-00459-ML-LDA, pending in the United States District Court for the District of Rhode Island.

## INSTRUCTIONS

1. In answering these requests, Plaintiff must furnish all information available to him including information in the possession of his attorneys, former attorneys, any investigators and all persons acting on his behalf. If Plaintiff cannot answer the requests in full after exercising due diligence to secure the information requested, so state and respond to the extent possible, specifying Plaintiff's inability to respond fully concerning the unresponded-to portions.

2. The requests which follow are to be considered as continuing, and Plaintiff is requested to provide by way of supplementary responses hereto such additional information or documents as Plaintiff or any persons acting on his behalf may hereafter obtain which will augment, clarify or otherwise modify the responses now given to these requests. Such supplementary responses are to be filed and served upon counsel for Defendant within fourteen (14) days after Plaintiff knows or should know of such information or documents.

3. Each document is to be produced (along with all drafts thereof) in its entirety, without abbreviation or expurgation.

4. If any document is withheld under claim of privilege or any other basis, you are requested to furnish a log or list describing each withheld document, together with the following information sufficient to test the claim of privilege or other basis of non-production:

(a) the type of document (e.g., letter, memorandum, diskette, etc.);

(b) the date of the document, if known;

(c) the title of the document;

(d) the author(s) of the document;

(e) the intended and actual recipient(s) of the document;

(f) the general subject matter of the document; and

(g) the factual and/or legal basis(es) for your claim of privilege or ground(s) for nonproduction asserted with respect to the document.

5. If any document called for by this request was at any time, but is not presently, in your possession, custody, or control, you are requested to identify each such document and to state to the extent known with respect to each such document:

(a) the type of the document (e.g., letter, memorandum, diskette, etc.);

(b) the date of the document, if known;

(c) the title of the document;

(d) the author(s) of the document;

(e) the intended and actual recipient(s) of the document;

(f) the general subject matter of the document; and

(g) the present location and custodian of the document, if known.

6. Produced documents and things shall be labeled and/or identified so as to allow Defendant to understand each and every request to which a produced item responds.

## REQUESTS

**REQUEST NO. 15**

All documents and communications concerning award points received by Plaintiff from the Marriott Hotel during the time he was employed by APC.

**REQUEST NO. 16**

All documents and communications concerning any arrangement or agreement entered into by Plaintiff with the Marriott Hotel or any related entity during his tenure as an employee of APC, including arrangements regarding travel or award points related to meetings or group arrangements organized by Plaintiff

**REQUEST NO. 17**

All federal and state tax returns filed by Plaintiff in the period from January 1, 2002 to the present.

Respectfully submitted,

**AMERICAN POWER CONVERSION CORPORATION,**

By its attorneys,

George P. Kostakos (6971)
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
401-454-2903 (t)
401-454-2969 (f)
gkostakos@littler.com

Dated: October 24, 2006

**CERTIFICATE OF SERVICE**

I, George P. Kostakos, hereby certify that on this 24th day of October 2006, a true and accurate copy of the foregoing Supplemental Request for Production of Documents was served via electronic and first class mail upon counsel of record for plaintiff:

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A-8
South Kingston, RI 02879

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis PLLC
7 Dupont Circle NW Suite 200
Washington, DC 20036

George P. Kostakos