UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Seth Daniels,<br>Plaintiff,<br>vs.<br>American Power Conversion Corporation,<br>Defendant. | CIVIL NO. 05-00459-ML LDA<br>Judge Lisi |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

**COMES NOW** Seth Daniels and objects/responds to the Defendant's Interrogatories as follows:

**GENERAL CONDITIONS**

1. The provision of any information in connection with these discovery responses does not constitute an admission that such information, or any part of such information, is either material or relevant to any issue in this case or is admissible in any proceeding, including trial, in this action.

2. The Plaintiff makes the disclosures herein based on information reasonably available and expressly reserves the right (a) to object to the admissibility of any information produced in connection with such response in any proceeding, including trial, in this action, and (b) to modify any of the said responses at a later date if further factual development or analysis warrants such modification.

3. The responses herein are based on information presently available to the Plaintiff. Investigation and discovery are presently continuing, however, and additional information pertinent to these Interrogatories and requests for documents may well be disclosed as a result of such ongoing and continuing investigation.

**GENERAL OBJECTIONS**

1. The Plaintiff objects to the definitions and instructions accompanying these interrogatories and discovery requests to the extent that they seek to impose burdens, duties and obligations upon the Plaintiff in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure; Plaintiff will respond in accordance with said law and rules.

2. The Plaintiff objects to these interrogatories and discovery requests to the extent that they are overly broad and/or unduly burdensome and seek information regarding matters about which the Defendant has knowledge.

3. The Plaintiff objects to these interrogatories and discovery requests to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

4. The Plaintiff objects to these interrogatories to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of the Plaintiff.

5. The Plaintiff objects to these interrogatories and document requests to the extent that the information sought, if any, was obtained and prepared in anticipation of litigation and the Defendant has not made the required showing of substantial need for the information or that the substantial equivalent of such information is unobtainable by other means. The Plaintiff further objects to these interrogatories to the extent that the information called for, if any, is privileged and is not discoverable under Fed. R. Civ. P. Rule 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

6. The Plaintiff objects to these interrogatories and discovery requests to the extent they seek information or documents neither material nor relevant to the claims or defenses of this action

nor reasonably calculated to lead to the discovery of admissible evidence.

7. The Plaintiff objects to these interrogatories and discovery requests to the extent that they seek and/or require the production of documents which are not in Plaintiff's possession, custody or control.

8. The Plaintiff objects to these interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, are overly broad and/or unduly burdensome.

9. The Plaintiff objects to these interrogatories and discovery requests to the extent that they seek information regarding matters which are not at issue in this action.

10. The Plaintiff objects to these interrogatories and discovery requests to the extent that they do not place any temporal limits on the request(s) and/or seek(s) information covering an unreasonably long time period.

11. Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every response set forth below. By responding to any of the discovery requests, the Plaintiff does not waive any of the foregoing General Objections.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**Interrogatory No. 9:** *Describe fully and in complete detail all sources of income and/or support you have received since your employment with APC ended, including but not limited to the source of the income, the amounts received, and the dates upon which the income was received.*

**Objection:** Plaintiff objects to this interrogatory to the extent that it requests information that is not reasonably calculated to lead to the discovery of admissible evidence.

**Supplemental Response:** Plaintiff has not yet received the audited personal financial statement and answers this interrogatory to the best of his knowledge. Subject to the foregoing objection, Plaintiff responds as follows:

**2004:**

FNB of Marin- $22.16
Unemployment - $12,740
Allied Mortgage $23,144.69
Transworld Systems International – approximately $400.00

Expenses Related to Generation of Income: $26,000

Total Income for 2004 less unemployment and expenses post APC: $23,566.85

**2005:**

Allied Mortgage – $11,132.63
Premier Mortgage - $135,747.30

Expenses Related to Generation of Income: $67,000

Total Income for 2005 less expenses: $79,879.93

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: December 26 2006

Seth Daniels

Dated this 20th day of December, 2006.

Noelle Clapham (CBK w/permission)

Noelle K. Clapham (R.I. Bar #5338)
Law Office of Noelle Clapham
24 Salt Pond Road, Suite A-8
South Kingston, RI 02879
(401) 783-3670

Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, P.L.L.C.
2031 Florida Ave, Suite 300
Washington, D.C. 20009
(202) 467-4123
(202) 467-4489 (facsimile)

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of Seth Daniels' Supplemental Response to Defendant's First Set of Interrogatories was served this 20th day of December, 2006 via electronic mail and first class U.S. mail to:

George Kostakos, Esq.
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903

Lori B. Kisch