**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Seth Daniels,<br><br>Plaintiff,<br><br>vs.<br><br>American Power Conversion Corporation,<br><br>Defendant. | ) | CIVIL NO. 05-00459-ML-LDA<br>Judge Lisi |

**PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES**
**AND REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: American Power Conversion Corporation and its counsel of record:

Plaintiff, Seth Daniels ("Daniels"), by his undersigned counsel, propounds these interrogatories and requests production of the documents and things in their possession, custody or control listed herein from the Defendant American Power Conversion Corporation and its officers, attorneys, agents, contractors, and employees. This discovery is to be answered by the foregoing Defendant in the manner, time and form provided by Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, and pursuant to the Definitions and Instructions contained below.

## DEFINITIONS

A. As used herein, the term "document" shall be construed in its broadest sense, including any original, reproduction, or copy of any kind of written or documentary material, or drafts thereof, and any electronically, magnetically, or otherwise recorded or stored material, including, but not limited to, the following items, whether printed, recorded or reproduced by any other mechanical, electronic, or photographic means or process, or written or produced by hand:

**Exhibit 4**

agreements; contracts; communications; correspondence; letters; telegrams; electronic mail (E-mail), notes, diaries, calendars, contract documents, publications, calculations, estimates, vouchers, minutes of meetings, invoices, tape recordings; dictation belts; voice tapes; notes or summaries of telephone conversations, personal conversations, oral communications, or meetings; memoranda; notes; agenda of meetings; notices; records; studies; bid records; personal memoranda; photographs; photographic negatives; photographic slides; motion picture films; video tapes; compact discs (CD); charts; graphs; diagrams; reports; lists; statement of witnesses; findings of investigations; files; statistics; statistical analyses; spreadsheets; charts; graphs; reports of experts; reports of consultants; papers; books; records; summaries; computer tapes, computer disks, computer cards, and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

B. As used herein, the term "oral communication" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

C. As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organizations, associations or business entities.

D. As used herein, the terms "APC" "you," "company," or "Defendant," used singularly or any combination of them, means the named Defendant, American Power Conversion Corporation and the officers, attorneys, agents, and employees of such Defendant having information available to the Defendant within the meaning of Rule 33(a) and/or Rule 34.

E. "Identify" when referring to a natural person means to provide an identification

sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, race, present or last known home address and telephone number, present or last known business affiliation and address, title or occupation, years of service or seniority level, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

F. "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rule 33 and of Rule 34 of the Federal Rules of Civil Procedure. More particularly, the term "identify" when used with reference to a document includes:

1. the date(s) the document bears, or if none, the date it was written;
2. the name, address, and telephone number of each and every person who wrote it, participated in the writing of it, signed it, and/or over whose name it was issued;
3. the name, address, and telephone number of each and every person to whom it was addressed and each person to whom a copy was identified as being directed;
4. the name and address of each and every person who received a copy of the document;
5. a description of the document, as for instance, a letter or memorandum, and the nature and substance of the document or writing described with sufficient particularity to enable the same to be identified;

6. its present location or custodian of each copy, or if unknown, its last known location or custodian;

7. if any document is no longer in Defendant's possession, or subject to Defendant's control, state what disposition was made of it, the reason for such disposition, the identity of the person(s) currently having possession or control and the date that possession or control was relinquished by the Defendant or any one of them.

G. "Identify" when used with reference to an oral communication, means to include the following:

1. the identities of all persons participating in, or hearing, such oral communication;

2. the date, manner (e.g., telephone), and place at which persons who participated in, or heard, the oral communication were located;

3. a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

4. name of each person who was present, other than the participants;

5. the substance of the oral communication, including what was said by each person who made or participated in such oral statement or conversation;

6. the identity and present custodian of any writing or any mechanical or electrical recording that recorded, summarized, or confirmed such oral statement or conversation, or which refers, relates to, or bears upon it.

H. As used herein, the term "date" shall mean the exact day, month and year, if

ascertainable, or if not, the best approximation thereof, including relationship to other events.

I. As used herein the term "discipline" shall include any action taken in regard to an employee which is intended to punish and/or correct some aspect of the employee's behavior conduct or performance, including, but not limited to, the following actions: verbal warning, written warning, verbal reprimand, written reprimand, suspension, demotion, placement or probation, fine, etc.

J. As used herein, the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment with the Defendant: layoff, discharge, quit, resignation, terminated, fired, etc.

K. The term "personnel file" shall include any file and the contents thereof relating to the employment of an individual, whether designated as a personnel file or otherwise, including, but not limited to, human resources file, employee file, supervisor's file, manager's file, departmental file, division file, training file, work history file, benefits file, safety file, workers' compensation file, discipline file, grievance file, or any other name.

L. Any other words used herein shall be defined according to standard American usage, as shown in a dictionary of the English language.

M. If any requested document is known by APC to have existed, but no longer exists or is no longer is in APC's possession, custody, or control, APC is requested to identify the last known custodian thereof and state the date upon which it was lost or destroyed or otherwise became unavailable. If the document still exists but is unavailable to APC, APC is requested to identify its present custodian and location.

N. "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to make the request inclusive rather than exclusive. The word "including" shall be construed to mean

without limitation. The words "any" and "all" shall be construed so as to make the discovery request inclusive rather than exclusive.

O. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to ring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

P. A plural noun shall be construed as a singular noun, and a singular noun shall be construed as a plural noun, whenever necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope. Words of the masculine or feminine gender shall include the masculine or neuter genders as the context requires.

## INSTRUCTIONS

1. If any request for documents or things cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

2. Each request for documents seeks production of all documents described, including all drafts and nonidentical copies.

3. Each request for documents seeks production of all documents described herein and any attachments, exhibits or appendices thereto in APC's possession, custody, or control or in the possession, custody or control of any of APC's attorneys, agents, or representatives, and all documents and any attachments which APC or their attorneys or agents have the legal right to obtain or have the ability to obtain from sources under their control.

4. Each request for a document contemplates production of the document in its entirety, including any attachments, appendices or exhibits, without abbreviation or expurgation.

5. If it is claimed that any privilege or protection is applicable to any document, the

production of which is sought by these requests, describe each such document by date, location, number of pages, attachments, appendices and exhibits, preparer(s), author(s), addressee(s), recipients(s), title and subject matter; set forth the nature of the claimed privilege or the grounds for the refusal to disclose; and identify all those persons who have possession, custody or control of the document or copies thereof and who are attorneys and acted as such with respect to the document.

6. In the event that any document or thing requested herein has been destroyed or discarded or otherwise disposed of, such document is to be described by date, location, number of pages, attachments, appendices and exhibits, author(s), addressee(s), recipient(s), title and subject matter; such thing shall be described with the greatest particularity possible. In addition, state the reason for disposal or destruction of the document or thing, and identify each and every person who either authorized disposal or destruction of the document or thing or who disposed of or destroyed the document or thing.

7. These requests for production of documents and things are deemed to be continuing; the answers and responses must, accordingly, be amended to reflect any further information, documents and/or things that come to your attention or the attention of your agents or attorneys between the date of service hereof and the date of trial.

8. Documents produced pursuant to these document requests are to be organized as they are kept in the usual course of business and clearly designated so as to reflect the individual (and, as appropriate, his or her job title) and department (as appropriate) from whose files each document was produced, the file from which each was produced, and the location of each such file.

**INTERROGATORIES**

21. Identify all hotels in Rhode Island that have been used by employees of APC at any

time since 1997 other than those hotels that were specifically booked by Mr. Daniels or which were booked at the request by Mr. Daniels.

22. For all hotels identified above, identify the individuals responsible for booking and approving the hotel reservations which are not listed on the preferred hotel list (bates numbered APC 523-25).

23. Identify all efforts made by APC to determine if any employees lost rewards points as a result of the hotel reservations made by Daniels at the Marriott Hotel, and if such efforts were made describe the information obtained from such efforts.

24. Describe all conversations in detail between Paul Kavanaugh and all other APC employees regarding the termination of Daniels.

25. Identify all individuals who provided information to answer the Interrogatories propounded by Plaintiff and identify the specific interrogatory for which each such individual provided information relied upon for answering the interrogatory.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff requests that APC produce, within the time provided by the Federal Rules of Civil Procedure, the following documents:

12. Produce all documents relating to the reimbursement of hotel expenses for all APC employees who stayed at a hotel in Rhode Island dating back to 1999.

Respectfully Submitted,

Noelle Clapham (LBK/w/permission)

Noelle K. Clapham (R.I. Bar #5338)
Law Office of Noelle Clapham
24 Salt Pond Road
Suite A-8
South Kingston, RI 02879
(401) 783-3670

Lori B. Kisch (D.C. Bar No. 491282)
Wiggins, Childs, Quinn & Pantazis, P.L.L.C.
7 Dupont Circle N.W., Suite 200
Washington, D.C. 20036
(202) 467-4123
(202) 467-4489 (facsimile)

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that a copy of Plaintiff's Supplemental Interrogatories and Request for Production of Documents has been served upon the following counsel of record by first-class mail, postage prepaid, on this 3rd day of October, 2006.

George P. Kostakos, Esq.
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903

Lori B. Kisch