**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

SETH DANIELS,

Plaintiff,

v.

AMERICAN POWER CONVERSION CORPORATION

Defendant.

CIVIL NO: 05-00459-ML-LDA
Judge Lisi

**SUPPLEMENTAL MOTION AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

The Plaintiff, through his undersigned Counsel, hereby submits this Supplemental Motion and Memorandum in Support of his Motion To Compel.[1]

## I. INTRODUCTION

In addition to the relief requested in his Motion to Compel, Plaintiff hereby also requests that this Court order American Power Conversion Corporation ("APC") to produce a Rule 30(b)(6) witness relating to documents produced after the close of discovery as outlined in Ex. 2 attached hereto, as well as a Rule 30(b)(1) witness, Jeffrey Giguere. On January 19, 2007, Plaintiff served APC with a Rule 30(b)(1) deposition notice to take Mr. Giguere's deposition. Ex. 1. On that same day, Plaintiff also served upon APC a Rule 30(b)(6) Notice to take the deposition of its corporate designee(s) relating to certain documents produced on December 18,

1 After being unable to resolve the issues outlined in this motion, Plaintiff's Counsel informed APC's Counsel on January 31, 2007, that Plaintiff intended to seek the Court's assistance through a filing on today's date.

2006 and January 5, 2007. Ex. 2. APC notified Plaintiff on January 22, 2007, that it refused to produce these witnesses despite a previous agreement to the contrary. Exs. 3, 4.

## II. BACKGROUND

On November 9, 2006, Plaintiff took his last deposition in this case. However, Plaintiff understood that Defendant was withholding many documents responsive to his document requests. Due to this concern, Plaintiff's counsel spoke with APC's counsel and entered into an agreement that Plaintiff would be entitled to take additional depositions, including recalling witnesses who already testified, if APC later produced documents which were responsive to Plaintiff's discovery requests.[2] Ex. 4. Although it was not necessary to receive Defendant's agreement with regard to witnesses who had not yet been deposed,[3] Plaintiff secured the agreement regarding witnesses who had already been deposed so as not to run afoul of the Federal Rules which generally require that a witness may be deposed only once.

On December 15, 2006, December 18, 2006, and January 5, 2007, APC produced several additional responsive documents to Plaintiff's original document requests which were served on July 3, 2006. Ex. 5; see also Plaintiff's Mem. in Support of his Motion to Compel ("Plaintiff's Mem."), Ex. 16. These documents relate to three issues central to Plaintiff's claims, including the grey marketing scheme and sales employees who were terminated by APC, the ethics policy, and the hotels used by APC employees and their respective rates. As more fully explained in Plaintiff's Memorandum and Reply in support of his Motion to Compel, APC represented to the

[2] The agreement reached between the parties also allowed APC to further depose Mr. Daniels after APC had taken his deposition for six hours and 45 minutes. In the spirit of cooperation, Plaintiff agreed to make himself available for a second day of a deposition and agreed to allow APC to depose him for an additional two and one half hours (2 ½ hours) beyond the almost full day previously conducted. In fact, APC did resume Mr. Daniels' deposition and deposed him for an additional 2 ½ hours. Ex. 4.

[3] In fact, counsel for APC, stated that such an agreement between counsel was not even necessary because if APC produced more documents, Plaintiff would obviously be entitled to take depositions regarding any such late

EEOC that the individuals involved in the grey marketing scheme and sales commission violations are comparators which justified Daniels' termination. Jeffrey Giguere, whose deposition Plaintiff seeks to take, was actively involved in the investigation surrounding the allegations against these individuals and has knowledge of issues relating to their terminations and/or resignations.

Additionally, on December 15, 2006, APC produced documents relating to its ethics policy which specifically states that "the General Counsel of the Corporation shall serve as the Compliance Officer under the Code of Ethics and Business Conduct." Exs. 5, 6. APC had not previously identified Mr. Jeffrey Giguere, the General Counsel, as an individual who was involved in enforcing the ethics policy under which Mr. Daniels was allegedly terminated. APC's effort to hide this document and then to produce it only after the depositions had concluded is not only a violation of the Federal Rules, but also evidences the bad faith under which APC has conducted itself during the discovery process.

Further, and perhaps even more egregious, is APC's late production of documents which list hotels used by APC employees, the average rates charged by the hotels, and the number of nights used at each hotel by APC employees. In its supplemental response to Plaintiff's Request for Production of Documents No. 8, APC stated that "no documents responsive to this request exist in APC's files other than those already produced by Plaintiff." See Plaintiff's Reply Mem. at 36-37 and Ex. 15. The belatedly produced documents on December 18, 2006, were responsive to this request and Plaintiff should be entitled to take a Rule 30(b)(6) deposition related to these documents. Further, Plaintiff seeks to question the corporate designee(s) regarding the possible existence of other documents which have not been produced. Because APC falsely represented

---

produced documents. *Id.*

in its supplemental response that no responsive documents existed to Request No. 8, Plaintiff should be entitled to question APC's corporate designee(s) regarding the possible existence of other responsive documents.

## III. ARGUMENT

APC refuses to produce the witnesses in response to Plaintiff's deposition notices. While APC admits that it entered into an agreement with Plaintiff that further depositions could be conducted by Plaintiff despite the close of discovery, APC argues that the agreement only included those witnesses who had already been deposed. Ex. 3.

Plaintiff's counsel negotiated the agreement with APC's counsel to protect Plaintiff's interests in the event that APC belatedly produced documents responsive to Plaintiff's already propounded discovery requests. The rationale for taking additional depositions was that Plaintiff should not be prejudiced by APC's failure to produce documents prior to the depositions and close of discovery. In fact, APC withheld numerous documents until after the close of discovery despite Plaintiff's repeated statements to APC that Plaintiff intended to take depositions regarding the documents.

In an effort to protect its interest to take depositions regarding any belated discovery, Plaintiff entered into what he thought was an agreement to take any further depositions necessary if documents were belatedly produced by APC. Plaintiff did not expressly exclude from such agreement the depositions of witnesses who had not yet been deposed. Such an agreement would be nonsensical because Plaintiff would not know who he would need to call for depositions for documents that had not yet been produced.

However, as APC's own attorney even admitted, no agreement was even necessary between the parties to protect Plaintiff's right to take further depositions where APC belatedly produced documents. APC cannot hide discovery that is responsive to Plaintiff's document requests until after the conclusion of the depositions and then argue that discovery is closed. If such a tactic were permitted, Defendants would routinely hide documents until the conclusion of discovery to prevent plaintiffs from questioning witnesses regarding such documents, ultimately limiting their ability to fully prepare their cases for trial.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that the Court order APC to produce the requested witnesses.

Dated: February 1, 2007

Respectfully submitted,

/s/ Noelle Clapham____________________

Noelle K. Clapham (R.I. Bar #5338)
Law Office of Noelle Clapham
24 Salt Pond Road
Suite A-8
South Kingston, RI 02879
claphamlaw@verizon.net
(401) 783-3600

Lori B. Kisch (MD Fed Bar # 25781)
Wiggins, Childs, Quinn & Pantazis PLLC
2031 Florida Ave., NW, Suite 300
Washington, DC 20009
lkisch@wcqp.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Supplemental Motion and Memorandum of Law in Support of Plaintiff's Motion to Compel and exhibits will be served upon all counsel of record via the court's electronic filing system.

__________/s/ Noelle Clapham ____