***Document Electronically Filed***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SETH DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POWER CONVERSION CORPORATION,<br><br>Defendant. | Civil Action No: 05-00459-ML-LDA |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Defendant American Power Conversion Corporation ("APC" or the "Company") hereby opposes and objects to the Supplemental Motion and Memorandum of Law in Support of Plaintiff's Motion to Compel (the "Supplemental Motion").[1] In his Supplemental Motion, plaintiff Seth Daniels seeks to compel the depositions of APC's in-house counsel and Rule 30(b)(6) designee. The Supplemental Motion is based almost entirely on misrepresentations made by Daniels' attorney regarding an agreement between her and APC's attorney. Because these misrepresentations have no basis in fact and are flatly contradicted by the evidence in the record, the Court should deny Daniels' Supplemental Motion in its entirety.

On October 3, 2006, Lori Kisch, Daniels' attorney, proposed the following agreement via email:

> With regard to Mr. Daniels' deposition, we will agree to an additional two hours if Defendant will agree that should I need to *continue* a deposition of a witness due to the belated production of discovery by APC, APC will not raise an objection.

---

[1] APC respectfully submits that the Supplemental Motion should be rejected outright because it was filed, without leave of Court, weeks after the deadlines for submitting motions to compel and related reply briefs. Given the misrepresentations contained in the Supplemental Motion, however, APC feels compelled to respond thereto.

Affidavit of George P. Kostakos ("Kostakos Aff."), Exh. A (emphasis added). George Kostakos, APC's attorney, replied as follows on October 17th: "I would be willing to agree to 2 ½ hours, with an understanding regarding belated production of documents." Kostakos Aff., Exh. B.

On November 10, 2006, prior to Daniels' deposition, the parties entered their agreement into the record. Specifically, Kisch stated as follows:

> defendant has agreed that to the extent that defendant produces documents and we need to *call back* any witnesses to depose them with regard to those documents, defendant has agreed to make themselves available, as well as not opposing us calling a third-party witness.

Deposition of Seth Daniels at 311-12 (emphasis added).[2] Tellingly, Kisch omits these information from her filing.

As stated on the record at Daniels' deposition, APC agreed only to the re-opening of depositions so that Daniels could question witnesses regarding documents subsequently produced by APC in response to his exceptions. APC never agreed to allow Daniels to depose entirely new witnesses who had not previously been deposed in this case. As Daniels has not previously deposed Attorney Giguere or APC's Rule 30(b)(6) designee, such depositions are not encompassed by the agreement between counsel.

In the face of the clear language of the parties' agreement, Kisch now states that she "thought" she had entered into an entirely different agreement, namely, one in which she could "take any depositions necessary if documents were belatedly produced by APC." Supplemental Motion at 4. Kisch's *post hoc* attempt to rewrite the agreement is both disingenuous and unavailing.

---

[2] The cited portions of Daniels' deposition transcript are attached as Exhibit C to the Affidavit of George P. Kostakos submitted herewith.

In support of her position, Kisch states that Kostakos "admitted" that no agreement "was even necessary between the parties to protect Plaintiff's right to take further depositions where APC belatedly produced documents." Supplemental Motion at 5. During the course of negotiations with Kisch regarding the continuation of Daniels' deposition (and prior to Daniels' deposition), Kostakos merely discussed, if anything, the possibility that Daniels might have success if he moved to re-open depositions to question witnesses regarding documents subsequently produced by APC, and that APC would consider an agreement to allow Daniels to re-call previously deposed witnesses for that limited purpose. Kostakos Aff. ¶ 6. Thus, Kostakos' actual statements provide no support for Daniels' Supplemental Motion.

Kisch apparently now believes, with the benefit of hindsight, that it would have been "nonsensical," see Supplemental Motion at 4, for her not to have reached an agreement regarding the "depositions of witnesses who had not yet been deposed." Regardless of her present belief, that is precisely what she did. See Deposition of Seth Daniels at 311-12. If Kisch is allowed to rewrite an agreement that *she* proposed and *she* entered into the record, then no agreement between counsel will be safe from effectively being voided by an attorney who later realizes that she should have pursued a different litigation strategy. Accordingly, the Court should reject her disingenuous attempt to rewrite the parties' agreement.

In addition, Daniels argues that APC impermissibly "hid" responsive documents and did not produce them until the discovery period was over. To the contrary, APC consistently took the position that the vast majority of Daniels' discovery requests sought information and/or documents that were not proper subjects of discovery. APC produced a few documents after the close of discovery, even though it did believe it was required to do so (and rather than forcing Daniels to move to compel their production), in the spirit of compromise and in response to

Daniels' exceptions. To construe this litigation strategy as "hiding" is disingenuous.[3]

Lastly, for all the misrepresentations made by Daniels and his counsel, the fact remains that, for the reasons set forth in APC's opposition papers, the topics he wishes to explore through the depositions identified in his Supplemental Motion are entirely relevant to this case and/or not proper subjects of discovery. Accordingly, the Court should deny his attempts to compel discovery.

Respectfully submitted,

AMERICAN POWER CONVERSION CORPORATION,

By its attorneys,

/s/ George P. Kostakos
George P. Kostakos (6971)
Christopher B. Kaczmarek (admitted *pro hac vice)*
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
(401) 454-2903 (tel.)
(401) 454-2969 (fax)
gkostakos@littler.com

Dated: February 2, 2007

---

[3] In this same vein, APC notes that, on May 9, 2006, the Court entered a Pretrial Order establishing November 9, 2006 as the date on which discovery would be closed. If Daniels believed that he needed more time to conduct discovery, he should have made an appropriate motion to extend the discovery period. Instead, he chose to wait until July to serve his first discovery requests. Further, he chose not to file his motion to compel until the very last day on which such motions could be filed. Having made these decisions, it is disingenuous for Daniels now to complain about the timing of APC's responses to his discovery requests. Further, the few pages of documents referred to by Daniels in his Supplemental Motion were all produced prior to the filing of his Reply Memorandum in support of his Motion to Compel and, therefore, could have been addressed therein. Instead, Daniels chose to raise this issue on the eve of the Court's hearing on his motion to compel.

**CERTIFICATE OF SERVICE**

I, George P. Kostakos, hereby certify that on this 2ndday of February 2007 the foregoing **Defendant's Opposition to Plaintiff's Supplemental Motion and Memorandum of Law in Support of Plaintiff's Motion to Compel** was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ George P. Kostakos
George P. Kostakos

Firmwide:81999065.1 049233.1004