UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SETH DANIELS | : | |
| | : | |
| v. | : | C.A. No. 05-459ML |
| | : | |
| AMERICAN POWER CONVERSION | : | |
| CORPORATION | : | |

## MEMORANDUM AND ORDER

Before the Court for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72(a)) is Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories. (Document No. 16). The Motion is directed at Document Request Nos. 4-8, 10 and 12-18 and Interrogatories 5, 11, 14, 15 and 18 – a total of eighteen disputed requests. A lengthy hearing was held on February 5, 2007. After thoroughly reviewing the parties' extensive briefing and the arguments made at the hearing, this Court determines that Plaintiff's Motion should be GRANTED in part and DENIED in part as specified below.

### Discussion

Plaintiff initiated this action on November 3, 2005 against his former employer, Defendant American Power Conversion Corp. ("APC"), alleging race discrimination, harassment and retaliation. Plaintiff was hired by APC in September 2003 as a Training Manager for its Global Services Group. APC is headquartered in Rhode Island but has offices and facilities throughout the world. Plaintiff worked for APC at its East Providence facility. Plaintiff reported to John Bonzani, and Bonzani was supervised by Paul Kavanaugh. At the time, Brian Gough was APC's Director of Human Resources.

On March 12, 2004, Plaintiff's employment with APC was terminated. Plaintiff alleges that he was "unlawfully terminated by APC...based upon his race and in retaliation for having complained about race discrimination and harassment in the APC workplace." Complaint, ¶ 6. APC counters that Plaintiff's employment was terminated for a legitimate, nondiscriminatory reason, i.e., an unethical "kick-back" arrangement involving the Providence Marriott. In particular, APC asserts that Plaintiff booked rooms for APC employees at the Providence Marriott (instead of at APC's preferred hotel for a lower room rate) so that he would personally receive the benefit of Marriott Rewards points for those bookings.

This discovery dispute focuses primarily on the appropriate scope of Plaintiff's discovery requests. Plaintiff seeks broad discovery regarding APC's personnel matters, and APC objects. For instance, in Request No. 7, Plaintiff seeks "[a]ny and all documents relating to discipline including but not limited to any compilation, databases, and/or lists of the discipline compiled by Defendant." This Request is not limited at all as to time, facility, supervisor or reason for discipline. APC reasonably objected to this broad Request on the grounds that it is "unduly burdensome and exceeds the permissible scope of discovery." See Mack v. Great Atl. and Pac. Tea Co., 871 F.2d 179, 187 (1st Cir. 1989) ("parties have a correlative obligation to tailor [discovery requests] to suit the particular exigencies of the litigation" and "ought not to be permitted to use broadswords where scalpels will suffice").

Under Fed. R. Civ. P. 26(b)(1), discovery is generally available as to "any matter, not privileged, that is relevant to the claim or defense of any party...." However, such discovery may be limited in scope where the Court determines that "the burden or expense of the proposed discovery outweighs its likely benefit...." Fed. R. Civ. P. 26(b)(2)(iii). Further, "[t]he party seeking

information in discovery over an adversary's objection has the burden of showing its relevance." Caouette v. OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005) (citations omitted). Applying these principles, this Court concludes that Plaintiff's discovery requests are largely overbroad and/or Plaintiff has not shown that the information sought is relevant to a claim or defense in this action. Accordingly, Plaintiff's Motion to Compel is resolved as follows:

**A. Document Requests**

**Request No. 4** – APC shall produce all non-privileged documents relating to any complaints of race discrimination and/or harassment and/or retaliation directed personally at John Bonzani, Paul Kavanaugh, Brian Gough and/or Brian Kelly from January 1, 2000 to the present. Plaintiff's Motion is otherwise DENIED.

**Request No. 5** – APC represents that it has fully responded to this Request, and Plaintiff's argument focuses on documents which are simply not responsive to the Request as drafted. Plaintiff's Motion is DENIED.

**Request No. 6** – Plaintiff seeks complete personnel and employment files for himself and several categories of employees described in Interrogatories 5, 8, 14 and 15. APC objects on relevance and privacy grounds. If APC has not already done so in response to Request No. 5, it shall produce all responsive, non-privileged documents as to Plaintiff. Otherwise, Plaintiff's Motion is DENIED. As set forth below, this Court has granted Plaintiff's Motion in limited part as to documents regarding the termination of employees by APC as part of the "grey marketing" and telephone sales call manipulation schemes. See infra Decision regarding Request Nos. 13 and 14. Plaintiff has not established the relevance of production of the complete personnel files of those

individuals. Finally, Plaintiff's Motion as to Interrogatories 14 and 15 has been denied on relevance grounds. See infra Decision regarding Interrogatories 14 and 15.

**Request No. 7** – APC shall produce all non-privileged documents relating to discipline of employees where the disciplinary decision was made in whole or material part by John Bonzani or Paul Kavanaugh from January 1, 2000 to the present.

**Request No. 8** – Plaintiff has not established the relevance of the additional documents sought regarding APC employees who attended a large sales meeting and stayed at the Providence Marriott. Plaintiff's Motion is DENIED.

**Request No. 10** – Plaintiff has not established the relevance of business expense documents from APC employees attending the January/February 2004 training sessions coordinated by him. Plaintiff argues that such documents are relevant to the allegation that he "stole reward points" from APC employees. However, Plaintiff has failed to establish the relevance of this specific allegation or that the request seeks relevant documents or could reasonably lead to admissible evidence. Plaintiff's Motion is DENIED.

**Request No. 12** – This Request is plainly overbroad and unduly burdensome. Plaintiff's Motion is DENIED.

**Request Nos. 13 and 14** – Plaintiff seeks documents regarding the termination of employees by APC as part of the "grey marketing" and telephone sales call manipulation schemes. APC objected to these Requests in part because they sought "information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence." APC also argues that the individuals involved in these schemes "are not similarly situated to [Plaintiff] in all relevant respects..." Document No. 27 at p. 18. APC's claim of lack of

relevance as to these Requests rings hollow. In a supplemental statement submitted by APC to the EEOC on April 6, 2005 (see Document No. 17, Ex. 2), APC advised the EEOC that it "has terminated other non-minority employees for similar unethical conduct." (emphasis added). As examples, APC points to its responses to the "grey marketing" and telephone sales call manipulation schemes. If such information was relevant enough to use as a comparator in defending Plaintiff's EEOC charge, it is relevant for purposes of this litigation. APC shall produce all non-privileged documents responsive to these Requests. Plaintiff's Motion is GRANTED.

**Request No. 15** – APC shall produce all non-privileged documents related to employee violations of APC policies, practices and/or procedures involving dishonest or unethical behavior where the employees were not terminated and such decision not to terminate was made in whole or material part by John Bonzani or Paul Kavanaugh from January 1, 2000 to the present. Plaintiff's Motion is otherwise DENIED.

**Request Nos. 16 through 18** – Plaintiff has not established the relevance of the documents sought in these broad requests. Plaintiff's Motion is DENIED.

### B. Interrogatories

Plaintiff first argues that APC has waived all of its interrogatory objections by failing to object in a timely fashion. See Fed. R. Civ. P. 33(b)(4). Plaintiff's Interrogatories were mailed out on or about July 3, 2006. See Document No. 17, Ex. 15. In early August 2006, there was a cooperative and professional email exchange between counsel regarding APC's discovery responses and the scheduling of depositions. Id. This apparently resulted in an agreement that APC would respond by Friday, September 1, 2006. APC's responses were not provided until Monday, September 11, 2006. Plaintiff argues that this nine-calendar/five business-day delay resulted in a

waiver by APC of all interrogatory objections. Plaintiff, however, identifies no prejudice resulting from the brief delay. APC asserts that the delay was attributable to the unavailability of Mr. Gough, the signatory to the Interrogatories, and that Plaintiff's counsel's primary concern at the time was receiving the responses prior to Plaintiff's deposition. Affidavit of Kostakos, ¶¶ 5-9; Document No. 28, Ex. 7. Plaintiff was deposed on Thursday, September 14 (Document No. 17, Ex. 8) and thus Plaintiff's counsel had the responses prior to the deposition. This Court finds no basis to impose a waiver on APC under these facts and finds that APC's brief delay in providing its Interrogatory responses was excused by good cause. Fed. R. Civ. P. 33(b)(4).

**Interrogatory No. 5** – This Interrogatory, on its face, seeks the identity of every person ever terminated from employment by APC for any reason, and seeks a full and detailed description of the circumstances. APC's objection that this Interrogatory, as drafted, is overly broad and unduly burdensome is sustained. Plaintiff's Motion is DENIED.

**Interrogatory No. 11** – This Interrogatory, on its face, seeks the identity of all hotels used by APC (and/or its employees in Rhode Island) at any time and for any purpose, and all policies, practices, procedures, or directives of APC regarding the use of such hotels. APC's objection that this Interrogatory, as drafted, is overly broad and unduly burdensome is sustained. Plaintiff's Motion is DENIED.

**Interrogatory No. 14** – Plaintiff's Motion is DENIED. See supra Decision regarding Request No. 10.

**Interrogatory No. 15** – This Interrogatory, on its face, seeks the identity and race of every employee who ever reported (or APC learned) that APC equipment of any type in his or her control was lost or stolen under any circumstances and at any time. Again, APC's objection that this

Interrogatory, as drafted, is overly broad and unduly burdensome is sustained. Plaintiff's Motion is DENIED.

**<u>Interrogatory No. 18</u>** – Plaintiff has not established the relevance of complaints made by APC employees regarding the Johnson & Wales Hotel. In addition, APC represents that, despite its objections as to relevance, it has produced "any and all information in its files that relate to [such] complaints." Document No. 27 at p. 27. Plaintiff's Motion is DENIED.

**C. <u>Privilege Log</u>**

Finally, Plaintiff's Motion originally sought an order compelling APC to produce a privilege log. APC produced a privilege log shortly thereafter, thereby mooting Plaintiff's request. <u>See</u> Document No. 35, Ex. 11. However, in his reply brief (Document No. 35), Plaintiff generally challenged all of APC's privilege log designations as not constituting attorney work-product or attorney-client privilege. At the hearing, Plaintiff's counsel conceded that she was not contesting the first two entries on the privilege log but she maintained her challenge as to all of the other entries. However, after brief questioning from the Court as to a couple of other entries, Plaintiff's counsel also had to concede her challenges as to those entries. As with many of his discovery requests, Plaintiff's challenge to the privilege log is not sufficiently focused and supported.

Plaintiff's Motion is DENIED without prejudice as to this privilege log challenge. However, some of APC's privilege log entries are not sufficiently detailed to comply with Fed. R. Civ. P. 26(b)(5). For instance, the last two entries are described simply as "one page of [corporate counsel's] handwritten notes" with no indication as to subject or purpose. Accordingly, APC shall supplement its privilege log to provide a description of each entry sufficient to comply with Fed. R.

Civ. P. 26(b)(5). Plaintiff may, if necessary and appropriate, thereafter renew his privilege log challenge under Fed. R. Civ. P. 37.

**Conclusion**

As noted above, Plaintiff's Motion to Compel (Document No. 16) is GRANTED in limited part and otherwise DENIED. Defendant shall respond as required by this Order within twenty (20) days. LR Cv 37(b).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 14, 2007