**WIGGINS, CHILDS, QUINN & PANTAZIS, P.L.L.C.**
A PROFESSIONAL LIMITED LIABILITY COMPANY

7 DUPONT CIRCLE, N.W.
SUITE 200
WASHINGTON, DC 20036
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

September 29, 2006

**Via Electronic Mail & First Class U.S. Mail**
George Kostakos, Esq.
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903

***Re: Seth Daniels v. American Power Conversion Corporation***

Dear George:

We are in receipt of the Defendant's Answers and objections to Plaintiff's Interrogatories and the Responses and objections to Plaintiff's Request for Production of Documents. To the extent that Defendant makes objections throughout the responses that the requests are overly broad and unduly burdensome, such an objection must include a detailed description of how such a request is unduly burdensome. Further, to the extent that Defendant objects to producing information and/or documents on the basis of an alleged confidentiality, such an objection is not proper. The Federal Rules allow a party to withhold information based upon privilege. The Federal Rules do not carve out an exception for a party to withhold responsive discovery on the basis of an alleged confidentiality. However, in the spirit of cooperation, Plaintiff is willing to enter into a protective order to protect against the disclosure to the public of certain documents. We will forward to you a draft protective order next week.

Finally, as you know, Plaintiffs agreed to an extension until September 1, 2006 with regard to the discovery responses. While Defendant did serve responses to Plaintiff's documents requests by September 1, 2006, Defendant did not respond to Plaintiff's Interrogatories until September 11, 2006. Therefore, Defendant waived all objections to Plaintiff's Interrogatories and must fully answer all questions asked. Additionally, the verification provided with the Interrogatory Responses is wholly deficient and does not comport with the Federal Rules. We request that a new verification be signed and served that comply with the rules.

The following are Plaintiff's specific exceptions to the objections and responses raised in Defendant's Answers to Plaintiff's Interrogatories. An additional letter will follow regarding the



**Exhibit 18**

objections and responses raised in response to Plaintiff's Request For Production of Documents.

## INTERROGATORIES

Interrogatory No. 2. Identify all adverse actions taken against the Plaintiff by Defendant which in any way concerned Plaintiff's job performance or lack of job performance, including, but not limited to, disciplinary measures, warning notices and performance appraisals, stating for each the reasons for the action and identify all persons with knowledge related to such action.

Response No. 2: Defendant objects to Interrogatory No. 2 on the grounds that he term "adverse actions" is undefined and therefore vague, ambiguous, and susceptible to multiple meanings. Subject to and without waiving the foregoing objections and the general objections set forth above...

**Exception:** Defendant's objection that the term "adverse actions" is "undefined and vague . . ." ignores the specific explanatory language following the term which explains that Plaintiff seeks all adverse actions "which in any way concerned Plaintiff's job performance or lack of job performance including, but not limited to, disciplinary measures, warning notices and performance appraisals." Defendant's objections are without foundation and Plaintiff requests that Defendant supplement and fully answer this interrogatory.

Interrogatory No. 3. Identify all persons who made or participated in the decision to terminate the Plaintiff's employment and describe the job title and role of each such person.

Response No. 3: Defendant objects to Interrogatory No. 3 on the grounds that the phrases "participated in" and "role" as used therein, are undefined and therefore vague, ambiguous, and susceptible to multiple meanings. Subject to and without waiving the foregoing objections, and the general objections set forth above...

**Exception:** Plaintiffs intended the term "participated in" to mean anyone who had any influence over the decision to terminated Daniels, participated in any discussions regarding the decision to terminate Daniels, and anyone who expressed any opinions or provided any information regarding the issue of whether or not to terminate Mr. Daniels. Plaintiffs intended the term "role" to mean the individual's role in the decision to terminate Mr. Daniels. Plaintiff asks that Defendant fully answer this interrogatory.

Interrogatory No. 4. Identify all documents supporting the termination of the Plaintiff.

Response No. 4: Defendant objects to Interrogatory No. 4 on the grounds that the phrase "supporting the termination" is undefined and therefore vague, ambiguous, and susceptible to multiple meanings. Subject to and without waiving the foregoing objections, and the general objections set forth above...

**Exception:** Plaintiff disagrees that the term supporting the termination is vague, ambiguous, and susceptible to multiple meanings. Please confirm that all documents have been identified.

Interrogatory No. 5. Identify each person who has been terminated from employment by APC, including but not limited to the employees identified in section I. B. of Defendant's letter of April 6, 2005 to the EEOC, and APC's Exhibit A to APC's letter of June 24, 2005 to the EEOC, and describe fully and in detail the circumstances leading to and the reasons for such terminations.

Response No. 5: Defendant objects to Interrogatory No. 5 on the ground that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Because Interrogatory No. 5 contains no temporal limitation, it purports to seek information regarding every employee ever terminated by the Company since the date it was founded, and therefore it is overly broad, unduly burdensome, and exceeds the permissible scope of discovery. Further because Interrogatory No. 5 seeks information regarding all employees who ever have been terminated by the Company, and does not attempt to limit the scope of discovery to those employees who might arguable be similarly situated to Plaintiff, it is overly broad, unduly burdensome and exceeds the permissible scope of discovery. Defendant further objects to Interrogatory No. 5 because it seeks confidential information regarding Defendant's current or former employees. Subject to and without waiving the foregoing objections, and the general objections set forth above...

**Exception:** Plaintiff takes exception to the defendant's objections. However, in the spirit of compromise, Plaintiff agrees to a temporal limitation dating back to 1995. However, Plaintiff requests that in addition to identifying the individuals who were terminated, Plaintiff again requests that Defendant describe fully and in detail the circumstances leading to, and the reasons for, such terminations.

Interrogatory No. 6. Identify all polices, practices, and procedures with regard to APC's billing procedures for travel and work related expenses incurred by employees of APC.

Response No. 6: Defendant objects to Interrogatory No. 6 on the grounds that it is vague, ambiguous, and seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead the discovery of admissible evidence. Subject to and without waiving the foregoing objections, and the general objections set forth above...

**Exception:** Defendant's objections are without merit and it must supplement its response to the extent that it has omitted responsive information from its answer.

Interrogatory No. 7: Identify all policies, practices, and procedures of APC relating or referring to travel points, vouchers, or benefits awarded by hotels, airlines, or other outside entities to employees of APC who may be eligible for or may obtain such benefits through their use of such services during a company related activity.

Response No. 7: Defendant objects to Interrogatory No. 7 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 7 on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, and the general objections set forth above...

**Exception:** Defendant's objections are without merit and it must supplement its response to fully answer this Interrogatory. Defendant's answer was non responsive to the Interrogatory.

Interrogatory No. 8. Identify each and every employee who obtained such travel points, vouchers or benefits from a hotel, airline, or other entity, for organizing the use of such airline, hotel, or other entity by APC employees, and identify all such employees who were not disciplined for each such instance, and state fully and in detail all reasons why no discipline was imposed.

Response No. 8: Defendant objects to Interrogatory No. 8 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 8 on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, and the general objections set forth above…

**Exception:** Defendant's objections are without merit. Please confirm that no information was withheld due to the objections. If any responsive information was withheld please supplement the answer to fully respond.

Interrogatory No. 11. Identify all hotels in Rhode Island used for lodging, conferences, trainings, or other events by APC and/or its employees and identify all policies, practices, procedures, or directives of APC regarding the use of such hotels for lodging, conferences, trainings, or other events.

Response No. 11: Defendant objects to Interrogatory No. 11 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 11 on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Because Interrogatory No. 11 contains no temporal limitation, it purports to request information regarding all hotels ever used by any Company employee at any time, since the date the Company was founded, for lodging, conferences, training or other events and, therefore, it is overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, and the general objections set forth above…

**Exception:** Plaintiff will limit the temporal scope of this Interrogatory. Please provide all responsive information to this Interrogatory dating back to 2000. No other objections in this Interrogatory have merit. A full supplementation of this response including all policies, practices, procedures and directives regarding the use of such facilities must be made.

Interrogatory No. 12: Identify and describe completely and in detail each and every one of APC's disciplinary policies, procedures and practices.

Response No. 12: Defendant objects to Interrogatory No. 12 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 12 on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

foregoing objections, and the general objections set forth above...

**Exception:** To the extent that the documents identified by Defendant do not fully identify and describe completely and in detail each and every one of APC' disciplinary policies, procedures, and practices, this Interrogatory must be supplemented.

Interrogatory No. 13: Describe APC's policies, practices, and procedures relating to reimbursement of expenses incurred by individuals who subsequently have been terminated as well as the policies, practices, and procedures related to company issued equipment possessed by terminated employees.

Response No. 13: Defendant objects to Interrogatory No. 13 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 13 on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, and the general objections set forth above...

**Exception:** To the extent that the documents identified by Defendant do not fully respond to this Interrogatory, Defendant must supplement this response.

Interrogatory No. 14. Identify each of the individuals from whom Plaintiff allegedly misdirected Marriott travel points while employed by APC and provide the home address of each such individual.

Response No. 14: Defendant objects to Interrogatory No. 14 on the grounds that it is vague, ambiguous, unduly burdensome, and seeks confidential information regarding current and/or former Company employees. Defendant further objects to Interrogatory No. 14 on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

**Exception:** Defendant's objections are without merit. Defendant's complete failure to answer this interrogatory is in violation of the rules. Defendant must supplement this answer and provide a complete and responsive answer.

Interrogatory No. 15. Identify each individual employee who either reported to APC that company equipment was lost or stolen, or whom APC learned that company equipment under the control of such employee, was lost or stolen, and identify the race of each such individual.

Response No. 15: Defendant objects to Interrogatory No. 15 on the grounds that that it is vague and ambiguous. Defendant further objects to Interrogatory No. 15 on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Because Interrogatory No. 15 contains no temporal limitation, it purports to request information regarding every employee who ever reported lost or stolen equipment to the Company since the date the Company was founded, and, therefore, it is overly broad, unduly burdensome and exceeds the permissible scope of discovery. Further, because Interrogatory No. 15 seeks information regarding all employees who ever have reported theft, or loss of equipment to Defendant, and does not attempt to limit the scope of discovery to those employees who might arguably be similarly

situated to Plaintiff, it is overly broad, unduly burdensome and exceeds the permissible scope of discovery.

**Exception:** Plaintiff will agree to limit the temporal scope to all reports dating back to 1990. Defendant's remaining objections are without merit and Plaintiff requests that the Interrogatory be answered.

Interrogatory No. 16: Identify each individual who has used the company's corporate credit card to pay for travel-related expenses incurred by the employee or to pay for travel-related expenses incurred by other employees.

Response No. 16: Defendant objects to Interrogatory No. 16 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 16 on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

**Exception:** Defendant's objections are without merit and the Interrogatory must be answered.

Interrogatory No 17: Identify each individual who spoke with Daniels regarding the issue of direct billing and describe the specific issue(s) discussed.

Response No. 17: Defendant objects to Interrogatory No. 17 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 17 on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objections, and the general objections set forth above....

**Exception:** Defendant's objections are without merit. Please confirm that Defendant has not omitted any information based upon the objections.

Interrogatory No. 18. Describe all complaints made by APC employees regarding the Johnson & Wales Hotel.

Response No. 18: Defendant objects to Interrogatory No. 18 on the ground that it is so vague and ambiguous as to be unintelligible. To the extent Interrogatory No. 18 requests information regarding complaints made by Company employees that were unrelated to Plaintiff, Defendant objects to Interrogatory No. 18 on the ground that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

**Exception:** Defendant's objections are without merit. Plaintiff requests that APC fully respond to this Interrogatory.

Interrogatory No. 19. Describe all conversations between APC employees and the Marriot Hotel in Providence and/or the Johnson & Wales Hotel regarding any event and/or issue in which Daniels was involved, identifying the individuals who participated in the conversations, a detailed description of the conversations, and the date upon which the conversations occurred.

Response No. 19: Defendant objects to Interrogatory No. 19 on the grounds that the phrase "event and/or issue" is undefined and therefore vague and ambiguous. Defendant further objects to Interrogatory No. 19 on the ground that is unduly burdensome and seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objections, and the general objections set forth above....

**Exception:** Defendant's objections are without merit. Please confirm that APC's response did not omit any information based on the stated objections.

We would appreciate a revised response within ten days of the date of this letter.

We hope that we will be able to work out the issues raised in this letter and that we will not need to seek the Court's assistance.

Sincerely,

Lori Kisch

cc: Noelle Clapham, Esq.