LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

ALABAMA
ARIZONA
CALIFORNIA
COLORADO
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
MASSACHUSETTS
MINNESOTA
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS

George P. Kostakos
Direct: 617.378.6023
Direct Fax: 617.531.2051
gkostakos@littler.com

November 13, 2006

**VIA FACSIMILE AND ELECTRONIC MAIL**

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, P.L.L.C.
7 Dupont Circle, N.W.
Suite 200
Washington, D.C. 20036

Re: Seth Daniels v. American Power Conversion Corporation, US DC Providence, RI

Dear Lori:

I write in response to your letter dated September 29, 2006, regarding the answers and objections of Defendant American Power Conversion Corporation ("APC") to Plaintiff Seth Daniels' ("Daniels" or "Plaintiff") Interrogatories. As a threshold matter, I disagree with your comments regarding the timing of APC's responses, and the alleged waiver of all objections by APC. As you will recall, I specifically communicated to you after September 1, 2006 that the discovery responses were delayed due to our need to obtain a revised affirmation from my client, and you did not object to the delay. Additionally, I am surprised that you would raise this issue since Plaintiff's responses to both APC's interrogatories and requests for production of documents were untimely, and given that APC agreed to a significant extension of Plaintiff's time to respond to discovery after requests sent by APC both to you and your local counsel were lost in the mail.

I will address each of the exceptions to APC's answers and objections by reference to the subject Interrogatory.

Interrogatory No. 2:

Contrary to the contention in your letter, APC's objections are not without foundation. In fact, Plaintiff failed to define the term "adverse action", leaving it susceptible to multiple meanings notwithstanding the remaining language in the in this Interrogatory. In any event, APC provided a full response to this Interrogatory based on APC's reasonable interpretation



Exhibit 20

of the meaning of the term "adverse action." APC, therefore, will not be supplementing its response to this Interrogatory.

Interrogatory No. 3:

As with Interrogatory No. 2, this Interrogatory contains terms that are vague and subject to multiple interpretations. By providing a further explanation in your letter of the meaning of the term "participated in," you apparently concede that the Interrogatory was not, in the first instance, clear and unambiguous. Still, APC provided a full and specific response to this Interrogatory based on its reasonable interpretation of the terms used therein. This interpretation is consistent with the explanation of this Interrogatory that you provided in your letter.

Interrogatory No. 4:

Defendant maintains its objections to this Interrogatory, as documents "supporting the termination" is vague, ambiguous and susceptible to multiple meanings. Still, APC provided a response to this Interrogatory based on its reasonable interpretation of this phrase and has produced or identified all documents in its possession or control that are responsive to this request.

Interrogatory No. 5:

APC maintains its objections to Interrogatory No. 5. As you know, however, APC already produced (subject to the parties' agreement regarding confidentiality) documents (Bates Nos. APC 568-627) identifying the employees identified in Section I. B. of APC's letter of April 6, 2005 to the EEOC and Exhibit A to APC's letter of June 24, 2005 to the EEOC. The only individual listed on Exhibit A who was not identified in the documents previously produced is Rainer Waigle. Mr. Waigle worked outside of the United States at the time of his departure from APC. APC has sufficiently stated the reasons for the termination of these employees in the referenced correspondence to the EEOC. Plaintiff's request for information related to employees beyond those set forth in the list is objectionable on the bases set forth in APC's original response. Plaintiff's attempt to provide a temporal limitation for its request in your September 29, 2006 letter is not sufficient to address these objections.

Interrogatory No. 6:

On or about October 18, 2006, APC provided Plaintiff with a copy of APC's U.S. Travel Policy (the "APC Travel Policy"). APC has fully answered this Interrogatory.

Interrogatory No. 7:

Your statement in your exception to APC's response that APC's answer was non-responsive is incorrect. Plaintiff asked that APC identify all "policies, practices and procedures . . . relating or referring to travel points, vouchers, or benefits awarded by hotels, airlines or other outside entities to employees of APC." In fact, APC fully responded to this Interrogatory, and provided specific reference to its arrangement with the Johnson & Wales Inn. In addition, APC produced the APC Travel Policy, and other documents that are arguably responsive to this request.

Interrogatory No. 8:

APC maintains its objections to this Interrogatory. Further, APC has fully responded to and does not intend to supplement its response to this Interrogatory at this time.

Interrogatory No. 11:

In response to Plaintiff's willingness to limit temporally this interrogatory, APC attempted to identify the hotels in Rhode Island with which it negotiated special rates and /or where it encouraged employees to stay from 2000 through 2004. In addition, APC already supplemented its response to this Interrogatory by producing the APC Travel Policy dated March 1, 2003 (Bates Nos. APC 543-567). As we discussed, APC has reviewed its computer records to determine whether there is a readily-available master record of all hotels in Rhode Island at which APC employees have stayed since 2000. No such record exists. APC does not intend otherwise to supplement its response to this Interrogatory at this time.

Interrogatory No. 12:

APC maintains its objections to this Interrogatory. Further, APC has fully responded to and does not intend to supplement its response to this Interrogatory at this time.

Interrogatory No. 13:

APC maintains its objections to this Interrogatory. Further, APC has fully responded to and does not intend to supplement its response to this Interrogatory at this time. By way of further response, APC refers Plaintiff to the deposition testimony of Christine Bollman and Brian Kelly.

Interrogatory No. 14:

APC maintains its objections to this Interrogatory. As noted in other submissions related to this matter, Plaintiff personally profited from diverting APC employees from the Johnson and Wales Inn in Rhode Island to the Providence Marriott hotel. He devised a direct billing

relationship with the Marriott, in direct violation of APC's practices, whereby the Marriott sent the bills to him at his office at APC in East Providence. The Marriott allowed Plaintiff to accrue over 100,000 Marriott Rewards points for his personal account based upon the stays of other APC employees for APC training activities. On March 12, 2004, Christine Bollman received an electronic mail from the Marriott's Director of Sales and Marketing explaining that Plaintiff had rented a large number of rooms at the Marriott in January and February 2004 for APC events, and that he was awarded over 100,000 points to his personal Marriott Rewards account as a result. Further, the correspondence from the Marriott's Director of Sales and Marketing confirmed that, to the extent Plaintiff received rewards points for the stay of APC employees, the employees themselves were unable also to receive reward points for their stay at the Marriott.

Interrogatory No. 15:

APC maintains its objections to Interrogatory No. 15. Plaintiff's attempt to provide a temporal limitation for its request in your September 29, 2006 letter is not sufficient to address these objections.

Interrogatory No. 16:

APC maintains its objections to Interrogatory No. 16. Further, it is not clear what Plaintiff means by the term "the company's corporate credit card." APC does not maintain a single credit card for use by all employees. Further, discovery in this case has revealed that APC maintained a program whereby certain employees, Plaintiff among them, were eligible to apply for a corporate American Express card. Plaintiff rejected this opportunity. Additionally, many of the employees of APC made use of the American Express program, and used it to pay for travel related expenses. It would be unduly burdensome to identify each such instance in which APC employees used their corporate American Express card for travel-related expenses. Discovery in this case has further revealed that APC employees engage in an unusually high volume of work-related travel. Moreover, Plaintiff's request is also unduly burdensome because he placed no temporal limitation on the request. Of course, APC cannot conceive of a temporal limitation that would enable it to respond to this request. Finally, Plaintiff has failed to establish how this request is in any way relevant to the claims asserted by him.

---

[5] APC allows employees who travel on Company business to collect travel points for their own personal travel. Thus, if Daniels had followed Company practice, each individual renting a room at the Marriott would have collected travel points.

Interrogatory No. 17:

APC maintains its objections to Interrogatory No. 17. Discovery in this case has revealed that Plaintiff may have had conversations regarding issues related to his requests for expense reimbursement with John Bonzani, Christine Hendrix, Brian Kelly and Brian Gough. By way of further response, APC refers Plaintiff to the deposition testimony of Christine Hendrix, John Bonzani and Brian Kelly. APC does not otherwise intend to supplement its response to this Interrogatory at this time.

Interrogatory No. 18:

APC maintains its objections to this Interrogatory. Plaintiff failed to provide a temporal limitation on this request. Further, this Interrogatory is unclear regarding the nature of the complaint, the source(s) of the complaint, or to whom any such complaint might be directed (the hotel? to APC officials?). Finally, to the extent information regarding "complaints" is available, it is readily available to Plaintiff, and has been produced in this case.

Interrogatory No. 19:

APC maintains its objections to this Interrogatory. Further, APC does not intend to supplement its response to this Interrogatory at this time.

Sincerely,

George P. Kostakos

GPK/sm

Firmwide.81569227.1 049233.1004