IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SETH DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POWER CONVERSION CORPORATION,<br><br>Defendant. | Civil Action No: 05-00459-ML-LDA |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, defendant American Power Conversion Corporation ("Defendant") hereby responds to Plaintiff Seth Daniels' ("Daniels" or "Plaintiff") Request for the Production of Documents (the "Requests") as follows:

**PRELIMINARY STATEMENT**

Defendant has responded to Plaintiff's Requests as it interprets and understands those Requests. Defendant's responses are made on the basis of a reasonable investigation. Defendant reserves the right to supplement its objections and answers in accordance with Federal Rules of Civil Procedure 26(e) and 34 either based on further facts that come to light or if Plaintiff asserts an interpretation of any request that differs from the interpretation or understanding of Defendant.

Defendant reserves its right to object to the competency, relevancy, materiality, and admissibility of the information disclosed in the documents produced pursuant to its responses to Plaintiff's Requests. Further, any production of documents by Defendant does not represent any concession, agreement, or admission that any allegation or other factual implication contained in any individual document request is true or meritorious.

## GENERAL OBJECTIONS

The following general objections are made to each request in addition to any objections addressed to particular requests.

1. Defendant objects to the definitions and instructions contained in Plaintiff's requests to the extent those definitions and instructions impose obligations beyond those contained in the Federal Rules of Civil Procedure.

2. Defendant objects to each request to the extent that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

3. Defendant objects to each request to the extent that it calls for the production of documents protected by the attorney-client privilege. Subject to General Objection No. 8, to the extent any request seeks the production of a document that is subject to such privilege, Defendant will identify such document in an appropriate privilege log.

4. Defendant objects to each request to the extent that it calls for the production of documents prepared in anticipation of litigation or for trial, that is attorney work product, or that is otherwise privileged from discovery. Subject to General Objection No. 8, to the extent any request seeks the production of a document that is subject to such privilege, Defendant will identify such document in an appropriate privilege log.

5. Defendant objects to each request to the extent that it purports to impose an obligation to produce the same document in response to more than one request. To the extent Defendant has any non-privileged documents in its possession, custody, or control that are responsive to more than one request, Defendant will respond by producing documents in response to one rather than all of the requests to which they are responsive.

6. Defendant objects to each request to the extent that it seeks documents concerning matters of public record.

7. Defendant objects to those requests that seek documents that constitute, comprise, refer to, and/or concern, in whole or in part, the trade secrets, or confidential or proprietary information, of Defendant, its current or former business partners or prospective business partners, its current or former customers or prospective customers, or its current or former employees. Nonetheless, Defendant is willing to produce such documents, to the extent they are responsive to Plaintiff's requests, if the parties can agree to an appropriate form of confidentiality agreement.

8. Defendant objects to each request to the extent that it seeks information that was generated by counsel on or after January 4, 2005. January 4, 2005 is the date on which Plaintiff filed his charge of discrimination with the U.S. Equal Employment Opportunity Commission. Defendant objects on the grounds that such information is both privileged and subject to the work product protection in that it was generated in anticipation of litigation. Defendant further states that based on the combination of the timing of such communications (or the generation of other information subject to (4) above) and the involvement of counsel in such communications, it is apparent that the information is not subject to disclosure. Therefore, preparing and disclosing a privilege log with respect to such communications or other information within the scope of (3) or (4) above is not necessary to enable Plaintiff to assess the applicability of the privilege or protection and the burden on Defendant of preparing a privilege log with respect to such documents is not warranted. Furthermore, Defendant states that there may be documents generated earlier than January 4, 2005 that are similarly protected from disclosure by the attorney-client privilege and/or work product doctrine, and Defendant reserves the right to object to disclosure of those documents as well.

9. Each of these General Objections is hereby incorporated by reference into each of the responses set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

Production of documents in response to these requests is qualified by the Preliminary Statement and General Objections set forth above and the specific objections set forth hereafter. Production of documents does not waive any objection asserted in this response.

**Request No. 1**:

Any and all documents which are identified in or used in preparing your answers to Plaintiff's Interrogatories, and those you intend to introduce into evidence at trial in this case.

**Response to Request No. 1**:

Subject to and without waiving the general objections set forth above, Defendant states that its preparations for trial are ongoing and it has not yet decided which documents it intends to introduce into evidence at trial. Further, and subject to and without waiving the general objections set forth above, Defendant (a) will produce documents responsive to this Request, and (b) refers Plaintiff to the documents produced in response to Plaintiff's other, more particularized Requests.

**Request No. 2**:

Produce all organizational and/or lines-of-reporting charts, diagrams, lists, directories, tables, and maps showing the organizational and/or management structure of defendant as a whole and/or of each facility, division, department, district or other organizational unit, the geographic reach or coverage of each, and any documents which describe and/or indicate the number and locations of defendant's offices and facilities since January 1, 2003.

**Response to Request No. 2**:

Defendant objects to Request No. 2 on the ground that it seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objection, and the general objections set forth above, Defendant states that it has no organizational charts for the facility and department within which Plaintiff worked while he was employed by Defendant.

**Request No. 3**:

All documents comprising, containing, or reflecting employment policies and procedures manuals, employee handbooks, and policies and procedures of the Defendant regarding equal employment opportunity ("EEO"), harassment, discipline, discharge, bonuses, reimbursements, direct billing, travel policies and travel related expense policies, and award or travel points from January 1, 2003 to the present.

**Response to Request No. 3**:

Defendant objects to Request No. 3 on the ground that it seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of

admissible evidence. Subject to and without waiving the foregoing specific objection, and the general objections set forth above, Defendant will produce documents responsive to this Request. Defendant also refers Plaintiff to the documents produced in response to Request No. 5.

**Request No. 4**:

All documents relating to any complaints of race discrimination and/or harassment and/or retaliation at the Defendant's Providence Rhode Island office, including, but not limited to, all internal complaints, documents, or memoranda, EEO complaints, EEOC Charges, and investigative files and lawsuits alleging race discrimination and/or against the Defendant from 1995 to the present.

**Response to Request No. 4**:

Defendant objects to Request No. 4 on the ground that it seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Because Request No. 4 seeks documents regarding alleged incidents that are remote in time from the alleged incidents regarding Plaintiff, it is overly broad, unduly burdensome, and exceeds the permissible scope of discovery. Further, because Request No. 4 seeks documents regarding all alleged employee complaints, and does not attempt to limit the scope of discovery to those employees who might arguably be similarly situated to Plaintiff, it is overly broad, unduly burdensome and exceeds the permissible scope of discovery.

**Request No. 5**:

Any and all documents relating to Plaintiff's employment by Defendant and/or his termination from employment by Defendant.

**Response to Request No. 5**:

Defendant objects to Request No. 5 on the grounds the phrase "relating to" is undefined and, as used therein, is vague, ambiguous, and susceptible to multiple meanings. Read literally, this Request seeks all documents that are in any way related to any aspect of Plaintiff's employment with Defendant and, therefore, is over broad, unduly burdensome, and exceeds the permissible scope of discovery. Defendant also objects to this Request because it seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant will produce a copy of Plaintiff's personnel file, as such file is maintained by Defendant, as well as additional documents (including email correspondence) that are responsive to this request.

**Request No. 6**:

The personnel files or any other file, including but not limited to, Human Resource's files, supervisor's files, departmental files, discipline files or other files, by whatever name, containing employment information relating to Seth Daniels, and all those employees identified in response to Interrogatory Nos. 5, 8, 14 and 15.

**Response to Request No. 6**:

Defendant objects to Request No. 6 on the ground that it seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. To the extent Request No. 6 seeks documents relating to Plaintiff, Defendant refers Plaintiff to the documents produced in response to Request No. 5. To the extent Request No. 6 seeks documents regarding individuals referred to in Interrogatory Nos. 5, 8, 14, and 15 other than Plaintiff, Defendant incorporates its responses and objections to such Interrogatories herein by reference. Defendant further objects to Request No. 6 on the grounds that it is unduly burdensome and unnecessarily invades the reasonable privacy interests of current and former employees of Defendant.

**Request No. 7**:

Any and all documents relating to discipline of employees including but not limited to any compilation, databases, and or lists of discipline compiled by Defendant.

**Response to Request No. 7**:

Defendant objects to Request No. 7 on the grounds that that the phrase "relating to discipline," as used therein, is vague and ambiguous. Defendant also objects to this request because it seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Read literally, Request No. 7 seeks the production of any and all documents related to any and all disciplinary actions taken by Defendant, for any and all reasons, at any time since Defendant was founded. This vague, unfocused Request is therefore unduly burdensome and exceeds the permissible scope of discovery.

**Request No. 8**:

All documents reflecting and/or referring or relating to the Marriot Hotel in Providence and/or the Johnson & Whales hotel.

**Response to Request No. 8**:

Defendant objects to Request No. 8 on the grounds that it is vague, ambiguous, unduly burdensome, and lacks any temporal limitation. Defendant also objects to this request because it seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant will produce documents responsive to this request. Defendant also refers Plaintiff to the documents produced in response to Request No. 5.

**Request No. 9**:

All documents related or referring to training sessions in which Daniels was involved in organizing and/or assisting in organizing and/or implementing.

**Response to Request No. 9**:

Defendant objects to Request No. 9 on the grounds that it is vague, ambiguous, unduly burdensome, and seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant will produce documents responsive to this request. Defendant also refers Plaintiff to the documents produced in response to Request Nos. 3, 5, and 8.

**Request No. 10**:

All documents, including but not limited to all bills, received by the Finance Department related to training sessions held during the months of January and February 2004.

**Response to Request No. 10**:

Defendant objects to Request No. 10 on the ground that it is unduly burdensome and seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant refers Plaintiff to the documents produced in response to Request Nos. 3 and 8.

**Request No. 11**:

Document retention policies of Defendant.

**Response to Request No. 11**:

Defendant objects to Request No. 11 on the grounds that it is vague, ambiguous, and seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant states that it does not have any documents responsive to this request.

Respectfully submitted,

AMERICAN POWER CONVERSION CORPORATION,

By its attorneys,

George P. Kostakos (6971)
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
(401) 454-2903 (tel.)
(401) 454-2969 (fax)
gkostakos@littler.com

Dated: September 1, 2006

CERTIFICATE OF SERVICE

I, George P. Kostakos, herby certify that on this 1st day of September 2006, a true and accurate copy of the foregoing Defendant's Responses to Plaintiff's Request for Production of Documents was served via first class mail upon plaintiff's counsel of record:

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A-8
South Kingston, RI 02879

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis PLLC
7 Dupont Circle NW Suite 200
Washington, DC 20036

George P. Kostakos

81396992.1 049233.1004