LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

RECEIVED
DEC - 4 2006

ALABAMA
ARIZONA
CALIFORNIA
COLORADO
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
MASSACHUSETTS
MINNESOTA
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS

George P. Kostakos
Direct: 401.454-2910
Direct Fax: 617.531.2051
gkostakos@littler.com

December 1, 2006

**VIA FACSIMILE AND ELECTRONIC MAIL**

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, P.L.L.C.
7 Dupont Circle, N.W.
Suite 200
Washington, D.C. 20036

Re: Seth Daniels v. American Power Conversion Corporation, US DC Providence, RI

Dear Lori:

I write in response to your letter dated November 21, 2006, regarding the responses and objections of Defendant American Power Conversion Corporation ("APC") to Plaintiff Seth Daniels' ("Daniels" or "Plaintiff") Request for Production of Documents ("Requests"), and our recent conversation regarding discovery issues.

As in past letters, I will address each of the issues you raised in your November 21 letter by reference to the subject Request.

**Request No. 2.**

Agreed.

**Request No. 3.**

In our view, you have mischaracterized Christine Hendrix testimony. In any event, APC has not located any documents reflecting dissemination of the adoption of policies, including the Code of Ethics, via email. As many of the witnesses in this case have testified, electronic mail is retained on APC's computer system for only 180 days. Additionally, APC is reviewing the minutes of the meetings of its board of directors, and will produce any document reflecting the adoption of APC's Code of Ethics. As for



Exhibit 9

versions of the travel policy, Ms. Bollman testified that she did not maintain copies of previous versions or drafts, and that she changed and saved the travel policy in a single document she maintained in her word processing software program. Thus, the previous versions were not retained electronically by her. That said, APC did uncover one prior version of the policy and will produce that document.

With respect to your request for affirmative action plans, adverse impact analysis reports, and other documents related to OFCCP audits, APC does not intend to produce these documents. It is not clear to APC what relevance these documents have in this litigation. Further, APC the reasons employees are selected for these programs is varied and broad, and if an individual was included for disciplinary reasons among those selected, that simply fell under the category of "performance." Specific information regarding discipline is not included in these documents. In any event, they will not reflect specifics such as termination for the type of Code of Ethics violation committed by Plaintiff. Finally, and with specific respect to your request for OFCCP audit information, APC maintains that it has not developed any discipline or other policies as a result of any OFCCP audit or discussed "discipline" with the OFCCP, and the OFCCP has not made any determination that any employees have been terminated inappropriately.

**Request No. 4**

I take issue with your characterization of any agreement regarding production of documents for employees who worked under Paul Kavanaugh. As stated in my letter to you dated November 13, 2006 with respect to this request:

> In the spirit of compromise, APC will produce any documents related to complaints of race-based discrimination, harassment or retaliation that involved the same individuals that supervised Daniels and participated in the decision to terminate his employment.

In our conversation on November 21, 2006, I further stated that I would produce such documents with respect to comparators of Plaintiff.

First Circuit authority on the issue of comparative evidence is very clear. "As with all such comparative evidence, it is the plaintiff's burden to demonstrate that she is comparing apples to apples . . . She must provide a suitable provenance for the evidence by showing that others similarly situated to her in all relevant respects were treated differently by the employer . . . The test is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated." Rathbun v. Autozone, Inc., 361 F.3d 62, 76 (1st Cir. 2004) (internal citations and punctuation omitted). "[T]he proponent of the evidence must show that the individuals with whom he seeks to be compared have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Perkins v. Brigham & Women's Hosp., 78 F.3d 747, 752 (1st Cir. 1996).

By simply asking for "all complaints of race discrimination, harassment and retaliation dating back to 1999 for those employees who worked under Paul Kavanaugh", without

more, Plaintiff has not met his burden. Moreover, it is not sufficient for Plaintiff to demand information with respect to all individuals over whom Brian Gough had HR responsibility. Plaintiff has failed to identify any other individual similarly situated to him in all relevant respects, who engaged in the same or similar conduct (a similar violation of APC's Code of Ethics) that was treated differently that Plaintiff. Plaintiff's efforts to "narrow" this request fall well short of meeting his burden of proof.

In any event, APC states that, other than the claim asserted in this case by Plaintiff, APC has no documents regarding race-based discrimination, harassment or retaliation complaints made by or regarding John Bonzani, Seth Daniels or Brian Kelly. With respect to your request for documents related to Mike Cox, APC maintains that you have failed to establish how he is a comparator of Plaintiff. While Christine Hendrix testified that he was a technical employee that traveled, and that he lost receipts and was refused reimbursement by Brian Kelly, her testimony does not establish that he was similarly situated in all material respects. Further, Ms. Hendrix's testimony regarding complaints by Ron Templeton reflects only that they are unrelated in any way to race discrimination or retaliation, and does nothing to establish that the information qualifies as comparator evidence. The same holds true for Ms. Hendrix's testimony regarding Rom Saleki.

With respect to your specific request for information regarding claims of discrimination by Kevin Brown and Kathleen Green based upon testimony by Doug Rademacher, APC maintains that Plaintiff failed to meet his burden with respect to comparator evidence with respect to these individuals. First, with respect to both individuals, Mr. Radamacher testified that he did not have first-hand knowledge of discrimination claims asserted by these individuals. Second, neither alleged claim appeared to involve claims of race discrimination. Finally, neither individual is a comparator of Plaintiff.

For these reasons, APC will not further respond to this request.

**Request No. 5**

First, APC is gathering and will produce any expense and reimbursement information related to Plaintiff. APC has otherwise produced all personnel file documents related to Plaintiff.

Second, APC does not intend to produce expense files for John Bonzani and Paul Kavanaugh as they are not comparators of Plaintiff. Further, Plaintiff's speculative testimony that Bonzani and Kavanaugh received points by paying for APC-sponsored events is not sufficient to establish that they, in fact, engaged in such activity. Finally, a mere review of their voluminous expense files will not reveal whether they received award points for their expenses.

Third, APC does not intend to produce any documents related to hotels stays at the Marriott Providence at which it is alleged that numerous sales employees stayed. As previously stated, Plaintiff failed to establish that these employees are comparators of Plaintiff. Further, Plaintiff was terminated for wrongfully accruing over 100,000 reward points for organizing stays by APC employees at the Marriott Providence, and not for staying in a hotel that was not on the list of preferred APC hotels. It is unclear how

documents and expense files related to a sales meeting have any relevance to the issues in this litigation.

Lastly, please see my comments with respect to Michael Cox in response to Request No. 4.

**Request No. 6**

Plaintiff was not given an annual review as he was not employed with APC for a sufficient period of time to receive such a review.

APC will produce relevant portions of personnel files for the individuals involved in the "grey marketing scheme."

As for your request for employees who lost equipment and/or had company equipment stolen, APC has not been able to identify any of the individuals described in your letter of November 21. Moreover, it has not identified any information related to numbers 2 and 3 of that portion of your letter.

**Request No. 7**

As with your statements in Request No. 4, I take issue with respect to your characterization of our agreement with respect to this request. I agreed that I would provide any discipline related documents for people in Paul Kavanaugh's organization that constituted comparators to Plaintiff. See my discussion of this point in response to Request No. 4 above. APC maintains that Plaintiff has failed to meet his burden as to comparator evidence with respect to this request, including with respect to the individuals you either list or describe in your November 21 letter as to this Request.

**Request No. 8**

APC has no additional documents regarding direct billing at the Marriot Hotel. APC will produce documents received by Ms. Bollman and about which she testified relating to reports she received on a periodic basis regarding, among other things, the frequency of hotel usage by APC employees. APC has produced any documents in its files regarding complaints about the Johnson & Wales hotel.

**Request No. 9**

APC has not been able to locate any notes regarding Bonzani's expectations of Plaintiff.

**Request No. 10**

APC has no additional documents in its files for this case relative to the Marriot Providence. APC has not been able to identify any lists of individuals who attended training sessions over which Plaintiff organized. APC does not intend to produce expense or reimbursement files for those individuals who attended training sessions as (1) they do not represent comparators of Plaintiff; and (2) they are wholly irrelevant to the

issues in this litigation as APC does not contend that it terminated Plaintiff's employment for taking award points from these employees for their use of the Marriott Providence.

**Request No. 11**

Agreed.

**Request Nos. 12 and 17**

For the reasons stated herein, APC does not intend to produce any documents relative to Jim Biller because: (1) Plaintiff has not established that Biller is a comparator; and (2) any stay by Biller at a non-preferred hotel is irrelevant to the issues in this litigation.

Sincerely,

George P. Kostakos

GPK/sm