**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SETH DANIELS, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL NO: 05-00459-ML-LDA |
| | ) | Judge Mary Lisi |
| AMERICAN POWER CONVERSION CORPORATION | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT**
**OF HIS MOTION FOR EXTENSION OF TIME TO FILE**
**HIS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, through his undersigned attorneys, hereby files his Memorandum in Support of His Motion for Extension of Time to File His Opposition to Defendant's Motion For Summary Judgment.

## I. Background

Plaintiff has filed an Appeal of the Magistrate Judge's partial denial of Plaintiff's Motion to Compel. See Dkt. Nos. 39 and 41. Plaintiff had previously requested an extension, and this Court granted Plaintiff's request to file his response to APC's Motion for Summary Judgment, until after a decision on Plaintiff's Motion to Compel. Specifically, Plaintiff had requested an extension until after either a denial of the Motion to Compel, or production of documents by Defendant American Power Conversion Corporation ("APC") as a result of the granting of the Motion to Compel, whichever was later. The Magistrate Judge granted in part, and denied in

part, Plaintiff's Motion to Compel. Because Plaintiff has appealed certain of the Magistrate Judge's rulings partially denying Plaintiff's Motion to Compel, Plaintiff requests an additional extension until after this Court rules on Plaintiff's Appeal.

The reasons presented in Plaintiff's initial request for an extension remain. In his opposition to APC's Motion for Summary Judgment, Plaintiff anticipates relaying upon document which have not yet been produced. These documents are identified in Plaintiff's Appeal of the Magistrate Judge's decision denying in part Plaintiff's Motion to Compel. Examples of documents which will assist the Plaintiff in opposing summary judgment are documents related to comparators. For example, Daniels requested the expense and reimbursement files of John Bonzani and Paul Kavanaugh. These documents should reflect that these individuals charged expenses for other individual employees and/or paid for conference rooms at hotels on their individual credit cards. This evidence would help to establish that employees, other than Daniels, received reward points for expenses unrelated to themselves, and were not disciplined or terminated for such action. Daniels also requested documents related to individuals, who worked under his same supervisors and/or Daniels' Human Resources Director Brian Gough,1 who violated the ethics policy and/or other policies who were not terminated and/or who were disciplined. The Magistrate Judge granted only a limited portion of documents related to these requests. Several other documents which would also assist Plaintiff to prove pretext were denied by the Magistrate Judge as discoverable, and are the subject of Plaintiff's appeal.

Additionally, on December 18, 2006, APC for the first time, produced 284 pages of

1 HR Director Brian Gough is the individual who made the decision on behalf of APC to terminate Daniels.

documents which were responsive to Plaintiff's document requests which were served on July 3, 2006. Ex. 1. These documents are central to the issues in this case. For example, Defendant alleges that it terminated Daniels for receiving travel points after directing employees to stay at the Marriott Hotel in Providence. APC alleges that Daniels cost the company $8,000 by booking rooms at a cost of $95.00/day at the Marriott rather than at an APC preferred hotel.

But the documents produced on December 18, 2006, demonstrate that Daniels' use of the Marriott was not any different than the use of the same hotel by several other individuals except for one important fact. Daniels negotiated a less expensive rate of $95.00 than the rates used by other employees. Ex. 2. Additionally, the documents demonstrate that Daniels may have saved the company money by directing that the Marriott be used. Ex. 2. These documents demonstrate that Daniels did not cost the company $8,000 when he directed that rooms be used at the Marriott in Providence. It also shows that numerous hotel rooms were booked at hotels by other individuals which are not on the APC preferred hotel list, including the Marriott Hotel itself. *Id.* These documents also demonstrate unequivocally that other individuals stayed at the Marriott Hotel, the very same hotel for which Daniels was terminated for directing that hotel rooms be booked. *Id.* Had these documents been produced when they were first requested, Daniels would have followed through with additional discovery requests and questions during depositions. Moreover, there are several questions regarding these documents that cannot be answered without further discovery. For example, the documents do not reflect the dates on which the hotels were used. Plaintiff will need additional discovery to answer questions regarding these late produced documents. Under separate cover, Plaintiff will also file a request for additional limited discovery related to these late produced documents.

## II. ARGUMENT

APC's attempt to hide evidence until after a ruling of summary judgment will prejudice the Plaintiff. Under Fed. R. Civ. P. 56(f) the "court may refuse the application for judgment or may order a continuance to permit . . . discovery to be had . . . .

> "[W]here, . . . plaintiffs' case turns so largely on their ability to secure evidence within the possession of defendants, courts should not render summary judgment because of gaps in a plaintiff's proof without first determining that plaintiff has had a fair chance to obtain necessary and available evidence from the other party. Otherwise, defendants will be encouraged to "stonewall" during discovery-withholding or covering up key information that is otherwise available to them through the exercise of reasonable diligence.

*Carmona v. Toledo*, 215 F.3d 124, 133 (1st Cir. 2000).

Defendant has successfully stonewalled during the discovery process. It has withheld relevant and potentially damaging evidence and seeks to have this Court rule on summary judgment before it is ever required to produce the damaging and relevant evidence related to Plaintiff's claims. This type of stonewalling is what the First Circuit in *Carmona* warned against. As explained by the First Circuit, summary judgment is not appropriate where a Defendant has stonewalled and prevented Plaintiff from obtaining evidence in Defendant's possession.

Plaintiff does not desire to unnecessarily extend this case. However, Plaintiff will be unfairly prejudiced by having to respond to APC's Motion for Summary Judgment without the benefit of all of the evidence to which he believes he is entitled. Further, the resources of the Court and the parties will be preserved if the extension is granted and the remaining briefing regarding summary judgment is finished after a determination is made regarding the scope of the evidence to which Plaintiff is entitled.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the date for responding to APC's Motion for Summary Judgment be extended until either 10 days after production of any outstanding documents as Ordered by this Court in response to Plaintiff's Appeal of the Magistrate Judge's Opinion partially denying Plaintiff's Motion to Compel, or ten days following a denial of Plaintiff's Appeal, whichever is later.

Respectfully submitted this 13th day of March, 2007,

/s/ Noelle Clapham____________________
Noelle K. Clapham (R.I. Bar #5338)
Law Office of Noelle Clapham
24 Salt Pond Road
Suite A-8
South Kingston, RI 02879
claphamlaw@verizon.net
(401) 783-3600

Lori B. Kisch (MD Fed Bar # 25781)
Wiggins, Childs, Quinn & Pantazis PLLC
7 Dupont Circle, NW, Suite 200
Washington, DC 20036
lkisch@wcqp.com

***ATTORNEYS FOR THE PLAINTIFF***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Memorandum in Support of its Motion For Extension of Time to File His Opposition to Defendant's Motion For Summary Judgment will be served upon all counsel of record via the court's electronic filing system.

__________/s/ Noelle Clapham ____