**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SETH DANIELS, Plaintiff, | |
| v. | CIVIL NO: 05-00459-ML-LDA Judge Lisi |
| AMERICAN POWER CONVERSION CORPORATION Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO TAKE FURTHER LIMITED DISCOVERY**

The Plaintiff, through his undersigned Counsel, hereby submits this Motion To Take Further Limited Discovery.[1]

## I. INTRODUCTION

Plaintiff requests that this Court allow him to take three additional depositions relating to documents produced after the close of discovery. On January 19, 2007, Plaintiff served APC with a Rule 30(b)(1) deposition notice to take Jeffrey Giguere's deposition. Ex. 1. On that same day, Plaintiff also served upon APC a Rule 30(b)(6) Notice to take the deposition of its corporate designee(s) relating to certain documents produced on December 18, 2006 and January 5, 2007. Ex. 2. APC notified Plaintiff on January 22, 2007, that it refused to produce these witnesses despite a previous agreement to the contrary. Exs. 3, 4.

Plaintiff filed a Supplemental Motion to Compel on February 1, 2007, requesting that APC be ordered to produce the two witnesses requested by Plaintiff. The Magistrate Judge

[1] Plaintiff's counsel conferred with APC's counsel prior to filing this motion, but the parties were unable to resolve the dispute.

denied without prejudice Plaintiff's motion. Ex. 7, at 56-57. Magistrate Judge Almond held that the motion had not been referred to him, did not relate to the pending Motion to Compel, and that because the discovery deadline had passed, the Plaintiff needed to request that discovery be reopened. *Id.* at 53-57. Magistrate Judge Almond suggested that the Plaintiff wait until after he ruled on the Motion to Compel before making the request for discovery to be extended to take the additional depositions. *Id.*

On March 7, 2007, APC produced additional documents responsive to Plaintiff's discovery requests of July 2006, which it was ordered by the Magistrate Judge to produce. Ex. 8. Some of the documents produced provide comparator information which Daniels will rely upon in opposing summary judgment and which Daniels will rely upon at trial. Daniels requests leave to take the deposition of Laurie Gaspar, the manager of one of these comparators.

## II. BACKGROUND

On November 9, 2006, Plaintiff took his last deposition in this case. However, Plaintiff understood that Defendant was withholding many documents responsive to his document requests. Due to this concern, Plaintiff's counsel spoke with APC's counsel and entered into an agreement that Plaintiff would be entitled to take additional depositions, including recalling witnesses who already testified, if APC later produced documents which were responsive to Plaintiff's discovery requests.[2] Ex. 4. Plaintiff secured the agreement regarding witnesses who had already been deposed so as not to run afoul of the Federal Rules which generally require that

[2] The agreement reached between the parties also allowed APC to further depose Mr. Daniels after APC had taken his deposition for six hours and 45 minutes. In the spirit of cooperation, Plaintiff agreed to make himself available for a second day of a deposition and agreed to allow APC to depose him for an additional two and one half hours (2 ½ hours) beyond the almost full day previously conducted. In fact, APC did resume Mr. Daniels' deposition and deposed him for an additional 2 ½ hours. Ex. 4.

a witness may be deposed only once.[3]

After the close of discovery in early November, APC produced on December 15, 2006, December 18, 2006, and January 5, 2007, several additional responsive documents to Plaintiff's original document requests which were served on July 3, 2006. Ex. 5. The belatedly produced documents relate to possible comparators involved in the grey marketing and sales commission schemes, the ethics policy which Daniels is accused of violating, and the hotels used by APC employees, and their respective rates which would disprove APC's allegations that the Marriott hotel bookings cost the company money.

In his Order partially granting Plaintiff's Motion to Compel, Magistrate Judge Almond held that the documents relating to the grey marketing scheme and sales employee commission violations are relevant to the claims and defenses in this case. Ex. 9, Mem. and Order at 4-5.

APC's production of hundreds of pages of documents related to the grey marketing scheme and sales employee commission violations after the close of discovery prevented Plaintiffs from deposing witnesses regarding these documents. The witness whom Plaintiff seeks to depose about these documents is Jeffrey Giguere who was actively involved in the investigation surrounding the allegations against these individuals and has knowledge of issues relating to their terminations and/or resignations.

Plaintiff also seeks to depose Giguere regarding APC's ethics policy for which Daniels was accused of violating and under which Daniels was allegedly terminated. Giguere's role in relation to the ethics policy only became evident after APC belatedly produced documents after the close of discovery. On December 15, 2006, APC produced documents relating to its ethics

[3] In fact, counsel for APC, stated that such an agreement between counsel was not even necessary because if APC produced more documents, Plaintiff would obviously be entitled to take depositions regarding any such late

policy which specifically state that "the General Counsel of the Corporation shall serve as the Compliance Officer under the Code of Ethics and Business Conduct." Exs. 5, 6. APC had not previously identified Mr. Jeffrey Giguere, the General Counsel, as an individual who was involved in enforcing the ethics policy under which Mr. Daniels was allegedly terminated. APC's effort to withhold this document for four months after its initial responses were due, and then to produce it only after the depositions had concluded is not only a violation of the Federal Rules, but also evidences the bad faith under which APC has conducted itself during the discovery process.

Plaintiff seeks to take a Rule 30(b)(6) deposition relating to documents produced after the close of discovery which are central to prove that Plaintiff did not cost APC any money by booking hotel rooms at the Marriott, one of the reasons he was allegedly fired.

On December 18, 2006, APC produced for the first time, documents which list hotels used by APC employees, the average rates charged by the hotels, and the number of nights used at each hotel by APC employees. APC produced these documents despite its previous response that such documents did not exist. In its supplemental response to Plaintiff's Request for Production of Documents No. 8 which requested documents that contained certain hotel information, APC stated that "no documents responsive to this request exist in APC's files other than those already produced by Plaintiff." See Plaintiff's Reply Mem. at 36-37 and Ex. 15. The belatedly produced documents on December 18, 2006, were responsive to this request and Plaintiff should be entitled to take a Rule 30(b)(6) deposition related to these documents. Further, Plaintiff seeks to question the corporate designee(s) regarding the possible existence of other documents which have not been produced. Because APC falsely represented in its

---

produced documents. *Id.*

supplemental response that no responsive documents existed to Request No. 8, Plaintiff should be entitled to question APC's corporate designee(s) regarding the possible existence of other responsive documents.

Finally, Plaintiff seeks to depose Lori Gaspar, the manager of a white comparator who was disciplined rather than terminated for unethical conduct. Plaintiff learned of this comparator for the first time when documents relating to the discipline were first produced on March 7, 2007. The deposition is required to understand all of the facts surrounding the unethical activity, APC's investigation of such activity, and its response upon learning of the unethical conduct.

## III. ARGUMENT

Plaintiff requests that he be entitled to take the deposition of Jeffrey Guigere and the Rule 30(b)(6) deposition because, through no fault of his own, he was unable to take these depositions during the discovery period. Plaintiff had been concerned that there were numerous documents that had been withheld and for good reason. APC has produced hundreds of documents after the close of discovery. It was based upon this concern that Plaintiff entered into an agreement with APC that in exchange for submitting himself to a second day of a deposition by APC, and two hours and fifteen minutes of additional deposition time beyond the seven hour limit, he would be permitted to take further depositions if responsive discovery produced by APC was belatedly produced after the close of discovery.

APC will argue that the agreement only included recalling individuals already deposed. Ex. 3. But the spirit of the agreement was that Plaintiff should not be prejudiced by APC's late production of documents, to which APC itself agreed. APC's own attorney admitted that no agreement was necessary between the parties to protect Plaintiff's right to take further

depositions where APC belatedly produced documents. Further, Plaintiff could not possibly know, prior to receiving the belated documents that additional individuals other than those he had already deposed would become relevant witnesses.

Even without an agreement between the parties, Plaintiff has good cause to take such depositions. It is APC who withheld documents until after the close of discovery. Plaintiff should not be prejudiced by APC's failure to abide by its discovery obligations. To rule otherwise would serve to encourage Defendants to withhold documents until the conclusion of discovery, preventing plaintiffs from questioning witnesses regarding such documents, and ultimately limiting their ability to fully prepare their cases for trial.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that the Court grant his request for further limited discovery and to allow him to take two additional depositions.

Dated: March 15, 2007

Respectfully submitted,

/s/ Noelle Clapham____________________
Noelle K. Clapham (R.I. Bar #5338)
Law Office of Noelle Clapham
24 Salt Pond Road
Suite A-8
South Kingston, RI 02879
claphamlaw@verizon.net
(401) 783-3600

Lori B. Kisch (MD Fed Bar # 25781)
Wiggins, Childs, Quinn & Pantazis PLLC
2031 Florida Ave., NW, Suite 300
Washington, DC 20009
lkisch@wcqp.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion for Further Limited Discovery and exhibits will be served upon all counsel of record via the court's electronic filing system.

__________/s/ Noelle Clapham ____