LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

ALABAMA
ARIZONA
CALIFORNIA
COLORADO
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
MASSACHUSETTS
MINNESOTA
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
WASHINGTON

January 22, 2007

George P. Kostakos
Direct: 401.454.2910
Direct Fax: 617.531.2051
gkostakos@littler.com

**VIA E-MAIL AND REGULAR MAIL**

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis, P.L.L.C.
2031 Florida Avenue
Suite 300
Washington, D.C. 20009

**Re: Seth Daniels v. American Power Conversion Corporation**
**Civil Action No. 05-00459-ML-LDA**

Dear Lori:

I write in response to the deposition notices Mr. Daniels recently served on (a) Jeffrey Giguere, APC's in-house counsel, and (b) APC's Rule 30(b)(6) designee. Because the proposed depositions exceed the scope of our agreement regarding the limited continuation of discovery in this case, APC objects to Mr. Daniels' deposition notices in their entirety.

As you know, on October 3, 2006 you proposed the following agreement via email: you would agree to allow APC to depose Mr. Daniels for an additional two hours if APC would agree that "should [you] need to *continue* a deposition of a witness due to the belated production of discovery by APC, APC will not raise an objection." (emphasis added) At Mr. Daniels' deposition on November 10, 2006, you stated as follows: "defendant has agreed that to the extent that defendant produces documents and we need to *call back* any witnesses to depose them with regard to those documents, defendant has agreed to make themselves available, as well as not opposing us calling a third-party witness." See Daniels Dep. at 311-12 (emphasis added). In response, I stated as follows: "To the extent we produced documents in response to your exceptions, yes, we'll make witnesses available in accordance with our agreement." Id. at 312.

As stated in the email correspondence and on the record at Mr. Daniels' deposition, APC agreed to the re-opening of depositions so that you could question witnesses regarding documents subsequently produced by APC in response to your exceptions. APC never agreed, however, to allow Mr. Daniels to depose witnesses who had not previously been deposed in this case. Mr. Daniels has not previously deposed Attorney Giguere or APC's Rule 30(b)(6) designee. Accordingly, these depositions are not encompassed by our agreement.



Exhibit 3

Although APC objects to the Rule 30(b)(6) notice in its entirety, APC also specifically objects to topics 5, 6, and 7 identified therein. These topics refer to ". . . files or databases which have *not* been produced in this litigation by APC." (emphasis added). Our agreement was limited to the questioning of witnesses regarding documents produced by APC in response to your exceptions. Therefore, any attempt by Mr. Daniels to question witnesses regarding documents *not* produced by APC exceeds the scope of the agreement.

Discovery in this case has been closed for some time. Accordingly, absent Court order, the only legitimate basis upon which Mr. Daniels may seek to conduct depositions is if such depositions fall within the limited scope of our agreement. Because the two depositions noticed by Mr. Daniels fall outside the scope of this agreement, APC objects to them. APC will <u>not</u> produce any witnesses in response to these notices of deposition.

I fully intend to honor my agreement with you. Accordingly, please let me know if, consistent with our agreement, you intend to re-open any of the depositions previously conducted in this case.

Sincerely,

George P. Kostakos

cc: Noelle K. Clapham, Esq. (via e-mail and regular mail)
Christopher B. Kaczmarek, Esq.

Firmwide:81944387.1 049233.1004