**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION No. 05-00459-ML-LDA**

**SETH DANIELS**
**Plaintiff**

**v.**

**AMERICAN POWER CONVERSION CORPORATION**
**Defendant**

. . . . . . . . . . . . . . . .

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE LINCOLN D. ALMOND
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the plaintiff:

Lori Kisch, Esquire
Wiggins, Childs, Quinn & Pantazis, PLLC
7 Dupont Circle, NW
Suite 200
Washington, DC 20036
202-467-4489

Noelle K. Clapham, Esquire
24 Salt Pont Road, Suite A-8
South Kingstown, RI 02870
401-783-3600

For the defendant:

George P. Kostakos, Esquire
Littler Mendelson, PC
Suite 2700
One International Place
Boston, MA 02110
617-378-6000

Court Reporter:

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

***MARYANN V. YOUNG***
**Certified Court Transcriber**
**240 Chestnut Street**
**Wrentham, Massachusetts 02093**
**(508) 384-2003**

Exhibit 7

this. Request for production No. 12 I think raised basically the same issue?

MS. KISCH: Right.

THE COURT: Unless you have anything to add, Mr. Kostakos, because I think--

MR. KOSTAKOS: I don't, Your Honor.

MS. KISCH: I think 14 and 15, the next two interrogatories, we already addressed when we talked about request No. 6. And actually we've already talked about interrogatory No. 18, complaints of Johnson & Wales, although Mr. Kostakos represented there are no documents that they haven't produced with regard to the Johnson & Wales. This is No. 18, but I don't know whether or not they know of other complaints that were made and whether they've inquired with employees to refresh, you know, the recollection or whoever's answering these interrogatories. Certainly an email could be sent out to employees asking if there were complaints made.

THE COURT: All right. I'm just looking through these. I think we've adequately addressed these issues that are just repeating issues we've already had.

All right, now you also filed just late last week a supplemental motion. And I'm not sure if it's a new motion which, and you responded to it at the eleventh hour. It gets into a proposed deposition of Mr. Gregear.

MS. KISCH: Right. We would like to take two

depositions and we just found out that, you know, APC is refusing to go forward with these depositions. The first one is with, regard to Mr. Gregear who we learned after we filed the motion to compel and after discovery was closed, we learned that he is the compliance officer of the ethics policy under which our client was terminated. Certainly we would have noticed his deposition had we received these documents earlier. Additionally, you know, we, after we received the copies of the documents relating to the Gray marketing scheme and the Sales Employees, he was involved in the investigation. And we'd like to depose him with regard to that. We would have noticed his deposition much earlier had we received these documents.

The second deposition we want to take is a Rule 30(b)(6) deposition. And those relate to the hotel listings compilations that we received very recently.

THE COURT: So I guess what - why would this be appropriate for a supplement to the motion to compel that's already been pending? I mean, wouldn't the proper procedure for this issue to be raised with the court is for you to notice those depositions and then for Mr. Kostakos to seek a protective order as to those depositions?

MS. KISCH: We did notice the depositions and Mr. Kostakos sent us a letter saying we won't produce them. And so we're in the position of having to come to the court.

THE COURT: So this is - has your - no, I understand.

I'm just trying to - the problem we have in some of these motions is people just engage in this freewheeling briefing of they file a motion to compel and it's as if that then opens up the, this is my standing grievance on any discovery dispute that I feel compelled to bring up. Now all discovery disputes are related at some level, so I'm trying to figure out if this was really appropriate for a supplement. If it's a new motion to compel, this hasn't been referred to me by Judge Lisi. I assume she will if she sees that it's related. I don't know if it's more properly litigated in the context of a motion for a protective order. Has the period for taking depositions expired?

MS. KISCH: The period has expired.

THE COURT: All right, so then it's not really a motion to compel. If the period for taking depositions has expired, then you need to seek leave from Judge Lisi for permission to take additional depositions. Your deadline has gone by. Whether you're entitled to do it or not, the schedule has gone by, so you need to either seek to extend the discovery schedule or you need to seek to reopen discovery for the purpose of taking these two depositions. I don't think the way - the way you've done it in terms of trying to supplement this existing motion to compel is the proper way to do it.

MS. KISCH: Okay. We can certainly do it the other way. The reason why I supplemented was, one, I knew we were

having this hearing today, and it relates to documents that were specifically requested in our motion to compel that were produced after we filed our motion to compel, and that's why I thought since Your Honor was hearing the issues with regard to the documents of this issues, because the documents specifically related to the motion to compel were produced after the motion to compel was filed and now as we're taking these depositions, I thought it was appropriate to discuss in this context. But if, Your Honor - I certainly can go ahead and file a motion with Judge Lisi.

THE COURT: Why don't we do this, this document 36 I'm going to deny it without prejudice as not being a proper motion. And I intend to take the matters we've argued today under advisement but rule on them fairly promptly to get this case moving along. So why don't you wait to see what my ruling is. You have a right to obviously appeal my ruling and to show Judge Lisi that I was wrong. You could also take a look at that ruling and it may effect how these other issues proceed. And if you still feel compelled to take these depositions, I think since the deadline has expired you need to ask Judge Lisi to extend that deadline or reopen discovery or whatever the, however you want to characterize it. But I think a motion to compel under Rule 37 when discovery is closed is not the proper method for doing it.

MS. KISCH: Okay, Your Honor.

THE COURT: All right. All right, so the motion that was filed by defendant to compel I've already dealt with that, that's withdrawn without prejudice in view of the recent production by plaintiff and plaintiff's representation today that it will produce 2006 earning information when that becomes available.

The argument I've heard today as to plaintiff's motion to compel I'll take under advisement, and I will deny without prejudice plaintiff's supplemental motion to compel.

Anything further either side would like to put on the record today, Ms. Kisch?

MS. KISCH: No, Your Honor.

THE COURT: All right. Mr. Kostakos?

MR. KOSTAKOS: No, Your Honor, thank you.

THE COURT: Thank you. Court will stand in recess.

THE CLERK: All rise.

//
//
//
//
//
//
//
//
//