UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SETH DANIELS | : | |
| | : | |
| v. | : | C.A. No. 05-459ML |
| | : | |
| AMERICAN POWER CONVERSION | : | |
| CORPORATION | : | |

## MEMORANDUM AND ORDER

Before the Court for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72(a)) is Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories. (Document No. 16). The Motion is directed at Document Request Nos. 4-8, 10 and 12-18 and Interrogatories 5, 11, 14, 15 and 18 – a total of eighteen disputed requests. A lengthy hearing was held on February 5, 2007. After thoroughly reviewing the parties' extensive briefing and the arguments made at the hearing, this Court determines that Plaintiff's Motion should be GRANTED in part and DENIED in part as specified below.

### Discussion

Plaintiff initiated this action on November 3, 2005 against his former employer, Defendant American Power Conversion Corp. ("APC"), alleging race discrimination, harassment and retaliation. Plaintiff was hired by APC in September 2003 as a Training Manager for its Global Services Group. APC is headquartered in Rhode Island but has offices and facilities throughout the world. Plaintiff worked for APC at its East Providence facility. Plaintiff reported to John Bonzani, and Bonzani was supervised by Paul Kavanaugh. At the time, Brian Gough was APC's Director of Human Resources.

Exhibit 9

individuals. Finally, Plaintiff's Motion as to Interrogatories 14 and 15 has been denied on relevance grounds. See infra Decision regarding Interrogatories 14 and 15.

**Request No. 7** – APC shall produce all non-privileged documents relating to discipline of employees where the disciplinary decision was made in whole or material part by John Bonzani or Paul Kavanaugh from January 1, 2000 to the present.

**Request No. 8** – Plaintiff has not established the relevance of the additional documents sought regarding APC employees who attended a large sales meeting and stayed at the Providence Marriott. Plaintiff's Motion is DENIED.

**Request No. 10** – Plaintiff has not established the relevance of business expense documents from APC employees attending the January/February 2004 training sessions coordinated by him. Plaintiff argues that such documents are relevant to the allegation that he "stole reward points" from APC employees. However, Plaintiff has failed to establish the relevance of this specific allegation or that the request seeks relevant documents or could reasonably lead to admissible evidence. Plaintiff's Motion is DENIED.

**Request No. 12** – This Request is plainly overbroad and unduly burdensome. Plaintiff's Motion is DENIED.

**Request Nos. 13 and 14** – Plaintiff seeks documents regarding the termination of employees by APC as part of the "grey marketing" and telephone sales call manipulation schemes. APC objected to these Requests in part because they sought "information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence." APC also argues that the individuals involved in these schemes "are not similarly situated to [Plaintiff] in all relevant respects..." Document No. 27 at p. 18. APC's claim of lack of

relevance as to these Requests rings hollow. In a supplemental statement submitted by APC to the EEOC on April 6, 2005 (see Document No. 17, Ex. 2), APC advised the EEOC that it "has terminated other non-minority employees for similar unethical conduct." (emphasis added). As examples, APC points to its responses to the "grey marketing" and telephone sales call manipulation schemes. If such information was relevant enough to use as a comparator in defending Plaintiff's EEOC charge, it is relevant for purposes of this litigation. APC shall produce all non-privileged documents responsive to these Requests. Plaintiff's Motion is GRANTED.

**Request No. 15** – APC shall produce all non-privileged documents related to employee violations of APC policies, practices and/or procedures involving dishonest or unethical behavior where the employees were not terminated and such decision not to terminate was made in whole or material part by John Bonzani or Paul Kavanaugh from January 1, 2000 to the present. Plaintiff's Motion is otherwise DENIED.

**Request Nos. 16 through 18** – Plaintiff has not established the relevance of the documents sought in these broad requests. Plaintiff's Motion is DENIED.

**B. Interrogatories**

Plaintiff first argues that APC has waived all of its interrogatory objections by failing to object in a timely fashion. See Fed. R. Civ. P. 33(b)(4). Plaintiff's Interrogatories were mailed out on or about July 3, 2006. See Document No. 17, Ex. 15. In early August 2006, there was a cooperative and professional email exchange between counsel regarding APC's discovery responses and the scheduling of depositions. Id. This apparently resulted in an agreement that APC would respond by Friday, September 1, 2006. APC's responses were not provided until Monday, September 11, 2006. Plaintiff argues that this nine-calendar/five business-day delay resulted in a

Civ. P. 26(b)(5). Plaintiff may, if necessary and appropriate, thereafter renew his privilege log challenge under Fed. R. Civ. P. 37.

**Conclusion**

As noted above, Plaintiff's Motion to Compel (Document No. 16) is GRANTED in limited part and otherwise DENIED. Defendant shall respond as required by this Order within twenty (20) days. LR Cv 37(b).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 14, 2007