***Document Electronically Filed***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SETH DANIELS, Plaintiff, | ) | |
| v. | ) | Civil Action No: 05-00459-ML-LDA |
| AMERICAN POWER CONVERSION CORPORATION, Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OPPOSITION TO <u>PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME</u>**

Defendant American Power Conversion Corporation ("APC" or the "Company") opposes plaintiff Seth Daniels' motion for an extension of time to file his opposition to APC's motion for summary judgment. APC filed its summary judgment motion three months ago. Daniels offers no valid explanation for his request for additional time to file a response. To the contrary, his motion is littered with mischaracterizations of the facts of this case, the positions taken by APC, and even the arguments set forth in his own pleadings. Therefore, the Court should deny his motion.

## I. ARGUMENT

Daniels articulates two grounds for his motion. First, Daniels claims that an extension is appropriate because the Court has not yet ruled on his appeal of the Magistrate's decision regarding his motion to compel discovery, and a ruling in his favor *might* yield documents relevant to his opposition to APC's summary judgment motion. Second, Daniels claims that he requires additional, unspecified discovery regarding documents produced by APC back in December. Each argument is addressed in turn.

### A. Daniels Fails To Establish That A Favorable Ruling On His Appeal Will Result In the Production Of Documents Supportive Of His Opposition To APC's Summary Judgment Motion

Daniels asserts that an extension is necessary because he "anticipates" that, *if* the Court grants his appeal, it will order the production of documents that *may* assist him in opposing APC's motion for summary judgment. See Pl.'s Memo. in Support of Mot. for Extension of Time ("Pl.'s Mem.") at p. 2. In support of this speculative argument, Daniels identifies two examples of purportedly relevant documents he hopes to obtain as a result of his appeal. See id. A careful examination of both examples demonstrates the unavailing nature of Daniels' argument and illustrates the disingenuous approach he has taken with respect to this motion and, in a larger sense, this litigation.

First, Daniels claims that he "requested the expense and reimbursement files of John Bonzani and Paul Kavanaugh" and that such files "should reflect" that these two former APC employees "received rewards points for expenses unrelated to themselves" and were not disciplined for such behavior. Pl.'s Mem. at 2. This argument fails because Daniels misstates the scope of his own appeal: although Daniels' original discovery requests could arguably be construed as requesting these expense reimbursement files, his appeal brief contains no mention of them. In short, Daniels does not assert in his appeal that the Magistrate erred in not ordering APC to produce the expense reimbursement files of Bonzani and Kavanaugh.[1]

Even if these files were within the scope of his appeal, Daniels offers no basis for his speculation that such files "should reflect" the receipt of travel rewards points by Bonzani or Kavanaugh. See Pl.'s Mem. at 2. As APC asserted in its opposition to Daniels' motion to

[1] The only expense reimbursement files and/or personnel files sought by Daniels on appeal are those relating to employees who: (a) were implicated in the "grey marketing" or "telephone manipulation" schemes (Request No. 6); (b) failed to receive Marriott Rewards points because of Daniels (Requests Nos. 6 and 10); and (c) attended a large sales meeting at the Providence Marriott (Request No. 8). See Memo. of Law in Support of Pl.'s Appeal of the Magistrate Judge's Order ("Pl.'s Appeal Brief") at pp. 17-20, 22-25. Daniels does not – and cannot – claim that Bonzani or Kavanaugh fit within any of these three categories of APC employees.

compel, it is highly unlikely that any employee's expense reimbursement records will contain documents indicating whether such employee was credited with travel rewards points for his or her personal account as a result of an APC-related business trip or function.[2] In any event, even if such documents existed, and Daniels obtained them as a result of his appeal, it is clear that Bonzani (who was Daniels' supervisor) and Kavanaugh (who was Bonzani's supervisor) are not valid comparators for purposes of Daniels' employment discrimination claims. See, e.g., Cruse v. G&J USA Publishing, 96 F. Supp. 2d 320, 330 (S.D.N.Y. 2000) ("Most importantly, for other employees to be similarly situated, they must have reported to the same supervisor as plaintiff.").

Second, Daniels claims that he requested the following documents, and that such documents will assist him in establishing that APC's reason for terminating his employment was a pretext for discrimination and/or retaliation:

> "documents related to individuals, who worked under his same supervisors and/or Daniels' Human resources Director[,] Brian Gough, who violated the ethics policy and/or other policies who were not terminated and/or who were disciplined."

See Pl.'s Mem. at 2.

Daniels' use of the words "same supervisors" is inexact at best and misleading at worst. His word choice implies that the issue of whether APC is required to produce documents related to the discipline of individuals who worked under "his same supervisors" remains open. Contrary to the implication of Daniels' brief, however, the Magistrate already ordered APC to produce, and APC already has produced, documents regarding termination decisions made by Daniels' supervisors. Specifically, the Magistrate already ordered APC to produce documents relating to disciplinary decisions "made in whole or material part" by Daniels' supervisor (Bonzani) and even those made by his supervisor's supervisor (Kavanaugh) from January 1,

[2] Notably, Daniels had the opportunity to question Bonzani at deposition regarding the issue of travel rewards points, but chose not to do so.

2000 to the present. See Memorandum and Order dated Feb. 14, 2007 at 4. In addition, the Magistrate also ordered APC to produce documents related to employee violations of APC policies involving unethical behavior where the "decision not to terminate was made in whole or material part by" Bonzani or Kavanaugh from January 1, 2000 to the present. Id. at 5.

In reality, Daniels' appeal seeks documents and information concerning discipline imposed on employees "who worked under the supervision of" Bonzani and/or Kavanaugh but who actually were disciplined by other managers. See Pl.'s Appeal Brief at 26. Because employees who were disciplined by other managers – regardless of whether those managers reported up to Bonzani or Kavanaugh – are not similarly situated to Daniels, the Magistrate properly denied Daniels' request for these materials. See, e.g., Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989) (holding that a plaintiff must compare herself to "persons situated similarly in all relevant aspects").

As for the documents regarding disciplinary situations involving Gough, the Magistrate correctly recognized that Daniels' request sweeps too broadly. On appeal, Daniels seeks documents and information concerning discipline imposed on employees "over whom Gough had human resources responsibility." Daniels does not attempt to limit his demand to documents regarding the discipline of employees who were similarly situated to himself. Indeed, because Gough had human resources responsibility over hundreds of APC employees in many different positions, Daniels' request plainly seeks information regarding individuals who are not similarly situated to him and, therefore, are not appropriate comparators. Notably, Daniels cannot identify any particular disciplinary decisions involving Gough that might arguably be relevant to this case, despite having deposed Gough at length. For these reasons, the Court should deny Daniels' motion.

**B. The Documents Produced By APC Do Not Warrant The Requested Extension**

Daniels next claims that an extension is necessary so that he can undertake additional, unspecified discovery regarding documents produced by APC on or about December 18, 2006. This argument is disingenuous.

First, contrary to Daniels' spurious allegations, APC did not "stonewall" him. In many instances, Daniels propounded vague, overly-broad discovery requests that were susceptible to multiple interpretations. In response, APC set forth clear, legitimate objections and made a good faith effort to respond based on its reasonable interpretation of such requests. When Daniels questioned APC regarding the basis for these objections, the Company reiterated its positions and, where appropriate, provided additional information in support thereof (including citations to legal authority and the evidence in the record). The fact that the Magistrate largely rejected Daniels' discovery arguments, and affirmed the objections advanced by APC, further serves to refute Daniels' suggestions (repeated throughout this litigation) that APC engaged in inappropriate discovery tactics.

In that vein, it should be noted that APC produced the documents referred to by Daniels – even though it did not believe such documents were relevant or likely to lead to the discovery of admissible evidence – in an attempt to end a needless discovery dispute and avoid further motion practice. For Daniels to argue that he was prejudiced by APC's allegedly late production of these documents is absurd: if the Company had waited for the Magistrate to rule on Daniels' motion to compel, APC likely would not have been required to produce the vast majority of these documents.

In any event, Daniels has had these documents in his possession for almost <u>three</u> <u>months</u>. If, as Daniels claims, it is imperative that he undertake additional discovery regarding these

documents before being required to respond to APC's summary judgment motion, Daniels should have filed his motion for an extension (or additional discovery) when they were produced to him in December. In light of Daniels' failure to explain his three-month delay in addressing this issue, the Court should deny his motion.[3]

Regrettably, this is but the latest example of Daniels' dilatory conduct. Among other things, he:

(1) waited over three months before serving his complaint on APC;

(2) failed to serve discovery until eight months after filing the complaint;

(3) waited until the final weeks of discovery to pursue certain depositions;

(4) filed his motion to compel discovery on the last date on which such motions could be filed; and

(5) filed a supplemental motion to compel (after the filing deadline) seeking to obtain additional discovery.

In light of this history, and his professed intent to file yet another request for additional discovery, Daniels' statement that he "does not desire to unnecessarily extend this case" rings hollow. Accordingly, his motion should be denied.

[3] APC notes that the parties negotiated, and the Court approved, amendments to the scheduling order in November 2006. With reasonable diligence, Daniels could have foreseen and addressed the issues he now attempts to address in his eleventh-hour motion by seeking a further extension of the due date for his opposition to APC's motion at that time.

## II. CONCLUSION

For the foregoing reasons, APC respectfully requests that the Court deny Daniels' motion.

Respectfully submitted,

AMERICAN POWER CONVERSION CORPORATION,

By its attorneys,

/s/ George P. Kostakos

George P. Kostakos (6971)
Christopher B. Kaczmarek (*pro hac vice*)
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
(401) 454-2903 (tel.)
(401) 454-2969 (fax)
gkostakos@littler.com

Dated: March 16, 2007

## CERTIFICATE OF SERVICE

I, George P. Kostakos, hereby certify that on this 16th day of March 2007 the foregoing **Memorandum Of Law in Support Of Defendant's Opposition to Plaintiff's Motion for an Extension of Time** was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ George P. Kostakos
George P. Kostakos