IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SETH DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POWER CONVERSION CORPORATION,<br><br>Defendant. | Civil Action No: 05-00459-ML-LDA |

**STIPULATED CONFIDENTIALITY AGREEMENT**
**AND PROTECTIVE ORDER**

This matter comes before the Court, pursuant to Fed. R. Civ. P. 26(c), for the entry of a Protective Order governing the disclosure of confidential information by plaintiff Seth Daniels ("Plaintiff") and defendant American Power Conversion Corporation ("APC") (collectively, the "Disclosing Parties") in response to discovery requests. The Disclosing Parties have agreed, as set forth in this Stipulated Confidentiality Agreement and Protective Order, to treat certain information as "Confidential" and subject to the protections afforded therein. It appears to the Court that entry of this Confidentiality Agreement and Protective Order is appropriate.

IT THEREFORE IS ORDERED THAT:

**1. Definition of "Documents or Information."**

The term "documents or information" shall include all documents or information in any form whatsoever, whether on paper, videotape or audiotape, diskette, computer storage or otherwise.

**2. Designation and Use of Confidential Material.**

A Disclosing Party may designate as "Confidential" any documents or information produced in response to discovery requests or subpoenas which, in good faith, such Disclosing Party believes contains information which is subject to protection under Fed. R. Civ. P. 26(c). Confidential information shall also include (a) compensation information, social security numbers, home addresses, or home telephone numbers concerning any current, former or prospective employee of APC (b) health or medical-related information, and/or (c) other financial, proprietary or trade secret information of a Disclosing Party or, in the case of APC, its vendors, customers or business partners. Such designation shall be made by stamping or otherwise affixing a label or sticker stating "CONFIDENTIAL" to the documents or information so designated at the time of their production.

Information disclosed or discussed in a deposition may be designated as "CONFIDENTIAL" by a Disclosing Party by so indicating on the record at the time of the deposition or, within thirty (30) days after receipt by the Disclosing Party of the applicable deposition transcript, by notifying counsel for the other Disclosing Party in writing as to which portions of the deposition transcript contain "CONFIDENTIAL" information.

All documents or information marked or designated "CONFIDENTIAL" in accordance with this Protective Order shall be used solely for the purpose of conducting the above-captioned proceeding (the "Proceeding"), and not for, or in connection with, any other

cases or disputes or for any other purpose. A recipient of any "CONFIDENTIAL" documents or information shall not disclose to anyone not specified in Paragraph 3 of this Protective Order any "CONFIDENTIAL" documents or information without the prior written consent of the Disclosing Party who produced such documents or information. Nothing contained in this Protective Order shall affect the right of a Disclosing Party to use or disclose materials that such Disclosing Party has produced and designated "CONFIDENTIAL" as such Disclosing Party sees fit; however, if a Disclosing Party uses or discloses the documents or information in a manner inconsistent with the designation of the documents or information as Confidential, and such use or disclosure is not inadvertent or unintentional, and is left uncorrected upon discovery of such use or disclosure, the documents or information will not be deemed Confidential for purposes of this Protective Order. All "CONFIDENTIAL" documents or information obtained by any person shall be maintained carefully so as to preclude access by persons who are not entitled to receive such documents or information.

**3. Disclosure of "CONFIDENTIAL" Documents or Information.**

Other than at trial, a deposition related to this Proceeding, or a hearing or conference regarding any motion in this Proceeding, documents or information marked or designated as "CONFIDENTIAL" may not be disclosed or made available by a recipient of such documents or information to any person other than:

(a) Plaintiff;

(b) employees of APC whose assistance is needed in the prosecution or defense of this Proceeding, and who the attorneys disclosing such documents, believe in good faith, that the particular documents disclosed may be relevant to that person's contributions in the litigation;

(c) former employees of APC whose assistance is needed in the prosecution or defense of this Proceeding, and who the attorneys disclosing such documents, believe in good faith, that the particular documents disclosed may be relevant to that person's contributions in the litigation;

(d) the in-house legal counsel of APC, and the clerical, paralegal, and secretarial, staff of such in-house legal counsel;

(e) the counsel of record of any party to this Proceeding, and the clerical, paralegal, secretarial and legal assistant and interns on staff of such counsel.

(f) individuals whom any party to this Proceeding may call as witnesses at trial, provided that such party reasonably believes the witness has information concerning the documents or information;

(g) outside experts or consultants who are engaged expressly for the purpose of assisting in the Proceeding, as well as commercial copy services, data entry and computer support organizations hired by and assisting counsel for a Disclosing Party; and

(h) the Court, court personnel, any court or shorthand reporter or typist used to record or transcribe testimony, and jurors or alternate jurors.

Nothing herein shall prevent any person from seeking, by written agreement of the signatories hereto or court order, further, greater or lesser protection with respect to the use of any "CONFIDENTIAL" materials in connection with this Proceeding. Any party to this Proceeding who wishes to file "CONFIDENTIAL" documents with the Court shall file a motion with the Court requesting that such documents be filed under seal.

**4. Signing of Declaration of Confidentiality.**

Each person to whom disclosure is made pursuant to Paragraphs 3(a), 3(c), 3(f), or

3(g) shall be given a copy of this Protective Order and shall sign a declaration, a copy of which is attached hereto as Exhibit A, prior to receipt of any "CONFIDENTIAL" documents or information. Such declaration shall state that the receiving party agrees that he or she is bound by the terms of this Protective Order. Nothing contained herein shall limit the duty or obligation of a party to produce documents in a timely manner pursuant to the Federal Rules of Civil Procedure or pursuant to any agreed extension by the opposing party's counsel of record.

**5. Return of Documents or Information.**

At the conclusion of the Proceeding, all documents or information covered by this Protective Order, and all copies of same, shall be returned by each person to whom disclosure is made pursuant to Paragraphs 3(c), (f) or 3(g) to counsel for the Disclosing Party, or shall be destroyed, and counsel of record shall certify in writing within sixty (60) days of the conclusion of the Proceeding that such material has been returned or destroyed. This paragraph shall not apply to such documents that are exempted from this paragraph by an agreement and stipulation signed by the Disclosing Party or its counsel of record.

**6. Disputes Regarding Designation of Material.**

Where disputes arise as to the protected nature of any information or documents, such disputes shall be resolved, if possible, by agreement by and between the Disclosing Parties. If an agreement cannot be reached within thirty (30) days from a Disclosing Party's receipt of a written request from another Disclosing Party that certain documents or information not be designated as "CONFIDENTIAL," such Disclosing Party may serve an appropriate motion requesting that certain information not be designated "CONFIDENTIAL." The party who designated the Confidential Information as confidential shall be given notice of the motion by

the other party prior to the filing of the motion, and an opportunity to respond to the notice of motion within seven calendar days. The burden to prove the information is confidential shall be upon the party seeking protection.

**7. Contempt Proceedings.**

The provisions of this Protective Order may be enforced like any other court order, including, where appropriate, by contempt proceedings.

**8. Full Force and Effect.**

This Order, until it is entered by the Court, and even if it is never entered by the Court, shall be deemed to be an enforceable agreement between the Parties.

ENTER:

Dated:___________________________ _________________________________

AGREED:

SETH DANIELS,

By his attorneys,

/s/ Noelle K. Clapham
Noelle K. Clapham (R.I. Bar #5338)
LAW OFFICE OF NOELLE CLAPHAM
24 Salt Pond Road, Suite A-8
South Kingston, RI 02879
claphamlaw@verizon.net
(401) 783-3670

Lori Kisch
Wiggins, Childs, Quinn & Pantazis PLLC
2031 Florida Ave., N.W., Suite 300
Washington, D.C. 20009
lkisch@wcqp.com
(202) 263-3681

AMERICAN POWER CONVERSION CORPORATION

By its attorneys,

/s/ George P. Kostakos
George P. Kostakos (R.I. Bar #6971)
LITTLER MENDELSON, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
gkostakos@litler.com
(401) 454-2903

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SETH DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POWER CONVERSION CORPORATION,<br><br>Defendant. | ) | Civil Action No: 05-00459-ML-LDA |

**DECLARATION AND AGREEMENT TO BE BOUND BY THE STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

1. My name is ____________________________________________.
I live at ______________________________________________________.
I am employed as _____________________________________________ (state position) by _________________________________________________ (state name and address of employer).

2. I am aware that a Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") has been entered in the above case by the Court, and a copy thereof has been give to me. I have read and understand the terms of the Protective Order. I agree to be bound by the terms of the Protective Order.

3. I promise that the documents and information designated as "confidential" pursuant to the Protective Order in this case will be used by me only in connection with the litigation of the above captioned matter.

4. I understand that any use of information obtained by me from material marked "confidential" in any manner contrary to the provisions of the Protective Order will subject me to sanctions for contempt by this Court.

5. I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings concerning the Protective Order.

______________________________
(Signature of Affiant)

SUBSCRIBED AND SWORN to

before me this _____ day of

__________________, _________

______________________________
Notary Public