**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SETH DANIELS, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL NO: 05-00459-ML-LDA |
| | ) | Judge Lisi |
| AMERICAN POWER CONVERSION CORPORATION | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO TAKE FURTHER LIMITED DISCOVERY**

The Plaintiff, through his undersigned Counsel, hereby submits his Reply in Support of his Motion To Take Further Limited Discovery.

## I. INTRODUCTION

APC has repeatedly misrepresented to this Court Plaintiff Daniels' efforts to secure timely discovery from Defendant. It has been Defendant which has delayed the discovery process and misled the Plaintiff and this Court regarding its intention to make good faith efforts to respond to discovery. Despite Plaintiff's service of discovery requests upon APC on July 3, 2006, only 11 days after Plaintiff was served with APC's discovery requests, APC did not begin to provide responsive documents until September 11, 2006. ACP belatedly produced documents responsive to these July 3rd requests as late as January 5, 2007. Additionally, despite Plaintiff's prompt response on September 29, 2006, to APC's objections dated September 11, 2006, APC

did not respond to Plaintiff's deficiency letter until after the close of discovery on November 13, 2006.

Further, Plaintiff served subpoenas *decus tecum* upon four third-party witnesses and deposed three of these witnesses (two travel agents and a hotel representative). The three depositions collectively lasted a total of fifty-three minutes. Plaintiff's Reply in Support of his Motion to Compel [Dkt. No. 35], Ex. 6, Colucci Dep. (15 min.); Ex. 7, Hayek Dep. (18 min.); Ex. 8, Laurence Dep. (20 min.). APC's counsel informed Plaintiff that he represented the travel agents and, upon their failure to produce the subpoenaed documents at their depositions on November 9, 2006, the two travel agents, agreed promptly to produce such documents to APC's counsel for production to Plaintiff. It was not until *eight* separate written inquiries by Plaintiff to APC's counsel requesting the outstanding documents that counsel for APC finally produced the travel agent documents -- over *four months* later on March 16, 2007. Ex. 1 attached hereto.

APC suggests that Daniels has served a significant amount of discovery, but APC overstates the discovery that has been conducted in this case. Plaintiff initially served APC with eleven document requests and twenty interrogatories. Plaintiff's Motion to Compel, Ex. 16 [Dkt. No. 17]. APC refused to answer several of the interrogatories and document requests and gave only partial responses to almost every other request. *Id.,* Exs. 17 and 24. On October 3, 2006, after APC refused to respond, and instead objected, to many of the requests, in part, because APC argued the discovery requests were overly broad, Plaintiffs served five additional interrogatories and nine additional document requests. Plaintiff's Reply in Support of his Motion to Compel [Dkt. No. 35], Ex. 4, Plaintiff's Supplemental Interrogatories and Request for Production of Documents and Plaintiff's Motion to Compel, *Id.*, Ex. 22, Second Supplemental

Request for Production of Documents. Many of the documents requested in these supplemental discovery requests were in fact responsive to Plaintiff's first requests and were merely re-served in an effort to be more specific. Plaintiff then took the depositions of six current and/or former employees of APC who possessed knowledge regarding Daniels and/or who were specifically involved in his termination, including John Bonzani, Christine Bollman, Doug Radamacher, Chrstine Hendrix, Brian Kelley, and Brian Gough. *Id.*, Ex. 5. APC had specifically identified each of these individuals in its initial disclosures. (In fact, APC identified additional individuals who were not deposed). Plaintiff took the depositions only of those individuals who were considered necessary to litigate the case. After taking most of the depositions, Plaintiff then served eighteen additional document requests, specifically for documents revealed during the depositions which had not yet been produced, but which were responsive to Plaintiff's previous discovery requests. Plaintiff served the more specific requests to ensure that the specific documents identified by the deponents were produced.

## II. Daniels Is Entitled To Take The Depositions He Has Requested

### A. APC's Counsel Represented That No Agreement Was Necessary To Take Further Depositions of Late-Produced Documents

APC's recitation of the discussions between counsel regarding the taking of further depositions of any late-produced documents is incorrect. APC's counsel unequivocally stated to Plaintiff's counsel that no agreement was necessary for Plaintiff to take further depositions if APC belatedly produced documents. Motion to Take Further Limited Discovery, [Dkt. No. 46], Ex. 4. It was based upon this statement and others made by APC's counsel that led Plaintiff's counsel to believe that APC would act in good faith in scheduling additional depositions if

needed, and it was based upon these representations that Plaintiff agreed to make himself available for a second day of deposition and two (2) hours and fifteen (15) minutes beyond the seven hours provided in the Federal Rules of Civil Procedure.

**B. APC Mischaracterizes the Plaintiff's Discovery Requests and its Responses**

APC argues that Plaintiff's discovery requests were vague and overly broad, that such requests were susceptible to multiple interpretations and that APC's objections were made in good faith. APC Mem. at 4. A brief review of some of APC's objections illustrates its attempt to delay the discovery process. In Interrogatory No. 3, Plaintiff requested the following: "Identify all persons who made or participated in the decision to terminate the Plaintiff's employment and describe the job title and role of each such person." See Plaintiff's Motion to Compel [Dkt. No. 17], Ex. 17. APC responded "Defendant objects to Interrogatory No. 3 on the grounds that the phrases "participated in" and "role," as used therein, are undefined and therefore vague, ambiguous, and susceptible to multiple meanings." *Id.* Request No. 7 asked for "Any and all documents relating to discipline of employees including but not limited to any compilation, databases, and or lists of discipline compiled by Defendant." *Id.*, Ex. 24. APC responded and objected stating "Defendant objects to Request No. 7 on the grounds that the phrase "relating to discipline," as used therein, is vague and ambiguous." *Id.* In Request No. 11, Plaintiff asked for "Document retention policies of Defendant." *Id.* APC responded, "Defendant objects to Request No. 11 on the grounds that it is vague, ambiguous and seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence." *Id.*

APC argues that had it waited for the Magistrate Judge's opinion, it would not have had to produce the documents about which Daniels now seeks to depose certain witnesses. APC Mem. at 4. But two of the three sets of documents about which Daniels has requested depositions are documents which Magistrate Judge ordered APC to produce. For example, APC produced a Performance Corrective Action Plan related to Julie Kelly. Plaintiff seeks to depose Laurie Gaspar, Kelly's supervisor who signed off on the discipline. Contrary to APC's assertions, this document was produced on March 8, 20007, and only after APC was ordered by the Court to produce the document. Ex. 2; Defendant's Mem., Ex. A, APC 1770-71; Mem. and Order at 4 [Dkt. No. 39]. Additionally, Plaintiff has requested to depose Attorney Giguiere, one of the individuals responsible for conducting the investigation into the grey marketing scheme. Again, many of the grey marketing scheme documents were not produced until after the Magistrate Judge ordered their production stating "APC's claim of lack of relevance as to these Requests rings hollow." *Id.* at 4-5.

**C. The Deposition of Jeffrey Giguere Is Necessary and Appropriate**

Daniels set forth two reasons for its request to depose Jeffrey Giguere. The first is that APC belatedly produced a document after the close of discovery which revealed that Giguere is the individual responsible for administering the ethics policy under which Daniels was allegedly terminated. Had this document been produced prior to the close of discovery, Daniels would have noticed Giguere's deposition. APC does not dispute Plaintiff's articulated reason for needing to depose Giguere on this issue. See APC's Mem. at 5-6.

APC argues that the grey marketing scheme and sales department employees who were terminated for unethical behavior are not comparators, and, therefore, no further discovery is

necessary on these issues. APC made the same argument to the Magistrate Judge who rejected its argument as "hollow." Mem. and Order at 5. [Dkt. No. 39]. Further, APC cites *Cruse v. G&J USA Publishing*, 96 F. Supp. 2d 320, 330 (S.D.N.Y. 2000) in support of the proposition that in order to be similarly situated, an employee must report to the same supervisor as the plaintiff. APC Mem. at 6. APC's failure to cite First Circuit law on this very point is highly suspect. The First Circuit has specifically held that "a discriminatory atmosphere is not rendered irrelevant by its failure to coincide precisely with the *particular actors* or timeframe involved in the specific claim that generated a claim of discriminatory treatment." *Cummings v. Standard Register Co.*, 265 F.3d 56, 63 (1st Cir. 2001) (emphasis added).

**D. The Information Sought From APC's Rule 30(b)(6) Designee is Not Irrelevant**

APC argued in its Motion for Summary Judgment that Daniels cost APC $8,000 by arranging for the hotel booking at the Marriott. APC's Memorandum in Support of its Motion for Summary Judgment at 15 [Dkt. Nos. 19 & 20]. APC cannot credibly argue that a material fact which it chose to include in its Motion for Summary Judgment is somehow irrelevant for the purpose of discovery. Such an argument is nonsensical. Further, Brian Gough testified that the reason Daniels was terminated was because he diverted the business from one hotel to another which cost the company money. Plaintiff's Opposition to Motion For Summary Judgment [Dkt. Nos. 54 and 60], Ex. 3, Gough Dep. at 164-65. The hotel information produced after the close of discovery is relevant to establish that Daniels did not cost APC any money and is evidence of pretext.

**E. Julie Kelly is a Proper Comparator**

APC argues that Julie Kelly is not a proper comparator because she was disciplined by Gaspar rather than one of Daniels' supervisors, Bonzani and Cavanaugh. However, as the First Circuit in *Cummings* has held, the evidence need not be limited to the "particular actors" at issue to be discoverable. *Cummings*, 265 F.3d at 63. Further, APC argues that it is clear, from the face of the belatedly produced discipline document, that Kelly is not a proper comparator. APC is incorrect. The discipline document does not list all of the supervisors who participated in the decision to discipline Kelly. In his Order of February 14, 2007, the Magistrate Judge ordered APC to produce "all non privileged documents relating to discipline of employees where the disciplinary decision was made *in whole or material part by John Bonzani or Paul Kavanaugh* from January 1, 2000 to the present." Mem. and Order at 4 [Dkt. No. 39] (emphasis added). In response to this Order, APC produced the discipline document relating to Kelly for which Plaintiff seeks to take a deposition. Ex. 2, Defendant's Supplemental Discovery Responses, at 2 attached hereto. The fact that APC produced the document in response to the Court's Order is evidence, in and of itself, that Bonzani and/or Cavanaugh were involved in the decision to discipline Kelly.

Further, Plaintiff need not establish that Kelly is a comparator prior to receiving discovery regarding the actions taken against Kelly. *See, e.g.*, *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987), where the court held that it is inappropriate to make determinations regarding comparator analysis without first allowing a plaintiff to obtain the related discovery.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that his Motion to Take Further Limited Discovery be granted.

Dated: April 12, 2007

Respectfully submitted,

/s/ Noelle Clapham____________________
Noelle K. Clapham (R.I. Bar #5338)
Law Office of Noelle Clapham
24 Salt Pond Road
Suite A-8
South Kingston, RI 02879
claphamlaw@verizon.net
(401) 783-3600

Lori B. Kisch (MD Fed Bar # 25781)
Wiggins, Childs, Quinn & Pantazis PLLC
2031 Florida Ave., NW, Suite 300
Washington, DC 20009
lkisch@wcqp.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Reply Memorandum in Support of his Motion To Take Further Limited Discovery and exhibits will be served upon all counsel of record via the court's electronic filing system.

__________/s/ Noelle Clapham ____