LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

ALABAMA
ARIZONA
CALIFORNIA
COLORADO
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
MASSACHUSETTS
MINNESOTA
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
WASHINGTON

March 7, 2007

George P. Kostakos
Direct: 401.454.2910
Direct Fax: 617.531.2051
gkostakos@littler.com

**VIA ELECTRONIC AND**
**OVERNIGHT MAIL**

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis PLLC
2031 Florida Avenue
Suite 300
Washington, D.C. 20009

**Re: Seth Daniels v. American Power Conversion Corporation**
**Civil Action No. 05-00459-ML-LDA**

Dear Noelle and Lori:

In connection with the above referenced matter, I enclose Defendant's Supplemental Discovery Responses in Response to the Court's Memorandum and Order, as well as defendant's revised privilege log. Please note that we are sending the documents having Bates Nos. APC 950 – APC 1771 via overnight courier as they are voluminous in nature. Please note further that we designate all of the documents produced with this letter as confidential pursuant to the parties' agreement.

Very truly yours,

George P. Kostakos

Enclosures
cc: Christopher B. Kaczmarek, Esq.

Firmwide:82140233.1 049233.1004



Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SETH DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POWER CONVERSION CORPORATION,<br><br>Defendant. | Civil Action No: 05-00459-ML-LDA |

**DEFENDANT'S SUPPLEMENTAL DISCOVERY RESPONSES**
**IN RESPONSE TO THE COURT'S MEMORANDUM AND ORDER**

On February 15, 2007, the Court issued a Memorandum and Order (the "Order") denying in part and granting in part plaintiff Seth Daniels' "Motion to Compel APC to Produce Documents and Answer Interrogatories and to Provide Plaintiff with a Privilege Log." In response to the Court's Order, defendant American Power Conversion Corporation ("APC") hereby supplements its responses to Daniels' requests for production of documents as follows:

**SUPPLEMENTAL RESPONSES TO DOCUMENT REQUESTS**

**Request No. 4**:

All documents relating to any complaints of race discrimination and/or harassment and/or retaliation at the Defendant's Providence Rhode Island office, including, but not limited to, all internal complaints, documents, or memoranda, EEO complaints, EEOC Charges, and investigative files and lawsuits alleging race discrimination and/or against the Defendant from 1995 to the present.

**The Court's Order**:

APC shall produce all non-privileged documents relating to any complaints of race discrimination and/or harassment and/or retaliation directed personally at John Bonzani, Paul Kavanaugh, Brian Gough and/or Brian Kelly from January 1, 2000 to the present.

**APC's Supplemental Response to Request No. 4**:

APC has no documents responsive to the Court's Order.

**Request No. 6**:

The personnel files or any other file, including but not limited to, Human Resource's files, supervisor's files, departmental files, discipline files or other files, by whatever name, containing employment information relating to Seth Daniels, and all those employees identified in response to Interrogatory Nos. 5, 8, 14 and 15.

**The Court's Order**:

If APC has not already done so in response to Request No. 5, it shall produce all responsive, non-privileged documents as to Plaintiff.

**APC's Supplemental Response to Request No. 6:**

APC already has produced all responsive, non-privileged documents regarding plaintiff.

**Request No. 7**:

Any and all documents relating to discipline of employees including but not limited to any compilation, databases, and or lists of discipline compiled by Defendant.

**The Court's Order**:

APC shall produce all non-privileged documents relating to discipline of employees where the disciplinary decision was made in whole or material part by John Bonzani or Paul Kavanaugh from January 1, 2000 to the present.

**APC's Supplemental Response to Request No. 7:**

In response to the Court's Order, APC produces herewith documents Bates Nos. APC 1744 – APC 1771. All privileged documents responsive to Request No. 7 are identified on the privilege log produced herewith.

**Request No. 13**:

Produce all documents related to the termination of white employee executives who according to APC participated in a "gray marketing" scheme whereby the executives allowed a distributor of the Company's products to purchase large quantities of APC products at the price reserved for a particular Latin American country.

**The Court's Order**:

APC shall produce all non-privileged documents responsive to these Requests (i.e., Requests Nos. 13 and 14).

**APC's Supplemental Response to Request No. 13:**

In response to the Court's Order, APC produces herewith documents Bates Nos. APC950-1743. All privileged documents responsive to Request No. 13 are identified on the privilege log produced herewith.

**Request No. 14**:

Produce all documents related to the termination of white males and females in their twenties in the sales organization who allegedly manipulated the phone system to inflate the number of calls they received or placed which inflated their commission bonuses.

**The Court's Order**:

APC shall produce all non-privileged documents responsive to these Requests (i.e., Requests Nos. 13 and 14).

**APC's Supplemental Response to Request No. 14:**

APC already has produced all non-privileged documents that are responsive to Request No. 14.

**Request No. 15**:

Produce all documents which reflect violations of APC policies, practices and/or procedures by any APC employee since 1997 where such employees were not terminated by APC for the stated violations.

**The Court's Order**:

APC shall produce all non-privileged documents related to employee violations of APC policies, practices and/or procedures involving dishonest or unethical behavior where the employees were not terminated and such decision not to terminate was made in whole or material part by John Bonzani or Paul Kavanaugh from January 1, 2000 to the present.

**APC's Supplemental Response to Request No. 14:**

APC has no documents responsive to the Court's Order.

## PRIVILEGE LOG

The Court ordered APC to supplement its Privilege Log to provide a description of each entry sufficient to comply with Fed. R. Civ. P. 26(b)(5). In response to the Court's Order, APC produces herewith a revised privilege log.

Respectfully submitted,

AMERICAN POWER CONVERSION
CORPORATION,

By its attorneys,

George P. Kostakos (6971)
Christopher B. Kaczmarek (*pro hac vice*)
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
(401) 454-2903 (tel.)
(401) 454-2969 (fax)
gkostakos@littler.com

Dated: March 7, 2007

CERTIFICATE OF SERVICE

I, Christopher B. Kaczmarek, herby certify that on this 7th day of March 2007, a true and accurate copy of the foregoing Defendant's Supplemental Discovery Responses in response to the Court's Memorandum and Order was served via electronic, first class and overnight mail upon plaintiff's counsel of record:

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis PLLC
2031 Florida Avenue
Suite 300
Washington, D.C. 20009

George P. Kostakos