**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
A PROFESSIONAL LIMITED LIABILITY COMPANY

2031 FLORIDA AVE, N.W.
SUITE 300
WASHINGTON, DC 20009
TELEPHONE (202) 467-4123
FACSIMILE (202) 467-4489

January 11, 2006

**Via Electronic and First Class U.S. Mail**
George Kostakos, Esq.
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903

***Re: Seth Daniels v. American Power Conversion Corporation***

Dear Mr. Kostakos:

As you know, I have inquired several times regarding the status of the documents which were responsive to the subpoenas served upon Arthur Hayek and Lisa Laurence. Those documents should have been brought to their depositions on November 9, 2006. However, both witnesses and you agreed that a search would be conducted for the documents and they would be produced without delay. It has now been two months and despite my several emails requesting the outstanding documents I still have not received them. I ask that you produce the outstanding documents no later than Monday, January 15, 2007.

Additionally, after reviewing the privilege log that you recently produced I noticed that there were no documents listed on the log other than those relating to the grey marketing scheme and/or the sales group terminations. Are you representing that no other documents were withheld based upon a privilege? There were no documents relating to Mr. Daniels' employment and/or termination that were withheld based upon a privilege? I appreciate a response to this issue by January 15, 2007 as well.

Further, most of the documents withheld on the privilege log relating to the grey marketing scheme and the sales department terminations should not have been withheld. As I am sure you are aware, documents created or received by an in-house counsel, such as Jeffrey Giguere, are not automatically privileged simply because he is an attorney. Rather, APC must demonstrate that the documents satisfy the standards for protection under the attorney-client privilege and/or work product doctrine. As you know, the documents must have been created in anticipation of litigation. Documents are not protected if they are prepared in the ordinary course of business, would have been created in essentially similar form irrespective of the litigation, and this is true even if the documents aid in the preparation of litigation. *See, e.g., State of Maine v. U.S. Dept. of Interior*, 298 F.3d 60 (1st Cir. 2002). Also, the fact that litigation ultimately occurred is not dispositive on the question of whether a party reasonably anticipated that litigation would occur. *Binks Manufacturing v. National Presto Industries,* 709 F.2d 1118 (7th Cir. 1983). Even if APC were able to meet the initial burden of demonstrating work product, Daniels would still be entitled to the documents to the extent that the documents contain facts

because it would be an undue hardship for him to obtain the materials by other means. *See, e.g., City of Springfield v. Rexnord Corp.*, 196 F.R.D. 7 (D. Mass. 2000). Clearly transcripts, investigation notes, settlement agreements (whether in draft or final form), and emails with factual information are not privileged or protected under the work product doctrine and must be produced. As I am sure you are also aware, even if certain documents are considered to be privileged or protected under the work product doctrine, such privilege and/or protection does not extend to other unrelated litigation. *See e.g., Untied States v. International Bus. Mach. Corp.*, 66 F.R.D. 154 (S.D.N.Y 1974) and Honeywell, Inc. v. Piper Aircraft Corp., 50 F.R.D. 117 (M.D.Pa. 1970). We request that you reconsider your designation of these documents as privileged and protected under the work product doctrine and advise us by Monday, January 15th as to whether you will produce the responsive documents.

Very truly yours,

Lori Kisch

cc: Noelle Clapham, Esq.