IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SETH DANIELS,

Plaintiff,

v.

AMERICAN POWER CONVERSION CORPORATION,

Defendant.

Civil Action No: 05-00459-ML-LDA

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**SECOND SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, defendant American Power Conversion Corporation ("Defendant" or the "Company") hereby responds to Plaintiff Seth Daniels' ("Daniels" or "Plaintiff") Second Supplemental Request for Production of Documents (the "Requests") as follows:

**PRELIMINARY STATEMENT**

Defendant has responded to Plaintiff's Requests as it interprets and understands those Requests. Defendant's responses are made on the basis of a reasonable investigation. Defendant reserves the right to supplement its objections and answers in accordance with Federal Rules of Civil Procedure 26(e) and 34 either based on further facts that come to light or if Plaintiff asserts an interpretation of any Request that differs from the interpretation or understanding of Defendant.

Defendant reserves its right to object to the competency, relevancy, materiality, and admissibility of the information disclosed in the documents produced pursuant to its responses to Plaintiff's Requests. Further, any production of documents by Defendant does not represent any

concession, agreement, or admission that any allegation or other factual implication contained in any individual Request is true or meritorious.

## GENERAL OBJECTIONS

The following general objections are made to each request in addition to any objections addressed to particular Requests.

1. Defendant objects to the definitions and instructions contained in Plaintiff's Requests to the extent those definitions and instructions impose obligations beyond those contained in the Federal Rules of Civil Procedure.

2. Defendant objects to each Request to the extent that it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

3. Defendant objects to each Request to the extent that it calls for the production of documents protected by the attorney-client privilege. Subject to General Objection No. 8, to the extent any Request seeks the production of a document that is subject to such privilege, Defendant will identify such document in an appropriate privilege log.

4. Defendant objects to each Request to the extent that it calls for the production of documents prepared in anticipation of litigation or for trial, that is attorney work product, or that is otherwise privileged from discovery. Subject to General Objection No. 8, to the extent any Request seeks the production of a document that is subject to such privilege, Defendant will identify such document in an appropriate privilege log.

5. Defendant objects to each Request to the extent that it purports to impose an obligation to produce the same document in response to more than one Request. To the extent Defendant has any non-privileged documents in its possession, custody, or control that are



Exhibit 6

responsive to more than one Request, Defendant will respond by producing documents in response to one rather than all of the Requests to which they are responsive.

6. Defendant objects to each Request to the extent that it seeks documents concerning matters of public record.

7. Defendant objects to those Requests that seek documents that constitute, comprise, refer to, and/or concern, in whole or in part, the trade secrets, or confidential or proprietary information, of Defendant, its current or former business partners or prospective business partners, its current or former customers or prospective customers, or its current or former employees. Nonetheless, Defendant is willing to produce such documents, to the extent they are responsive to Plaintiff's Requests, if the parties can agree to an appropriate form of confidentiality agreement.

8. Defendant objects to each Request to the extent that it seeks information that was generated by counsel on or after January 4, 2005. January 4, 2005 is the date on which Plaintiff filed his charge of discrimination with the U.S. Equal Employment Opportunity Commission. Defendant objects on the grounds that such information is both privileged and subject to the work product protection in that it was generated in anticipation of litigation. Defendant further states that based on the combination of the timing of such communications (or the generation of other information subject to (4) above) and the involvement of counsel in such communications, it is apparent that the information is not subject to disclosure. Therefore, preparing and disclosing a privilege log with respect to such communications or other information within the scope of (3) or (4) above is not necessary to enable Plaintiff to assess the applicability of the privilege or protection and the burden on Defendant of preparing a privilege log with respect to such documents is not warranted. Furthermore, Defendant states that there may be documents

generated earlier than January 4, 2005 that are similarly protected from disclosure by the attorney-client privilege and/or work product doctrine, and Defendant reserves the right to object to disclosure of those documents as well.

9. Each of these General Objections is hereby incorporated by reference into each of the responses set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

Production of documents in response to these Requests is qualified by the Preliminary Statement and General Objections set forth above and the specific objections set forth hereafter. Production of documents does not waive any objection asserted in this response.

**REQUEST NO. 13**:

Produce all documents related to the termination of white employee executives who according to APC participated in a "gray marketing" scheme whereby the executives allowed a distributor of the Company's products to purchase large quantities of APC products at the price reserved for a particular Latin American country.

**RESPONSE NO. 13**:

Defendant objects to Request No. 13 on the ground that it seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks documents that constitute attorney work product and/or are subject to the attorney-client privilege. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant will produce documents sufficient to identify the executive(s) whom the Company terminated or asked to resign because of their involvement in the "gray marketing" scheme referred to in Request No. 13.

**REQUEST NO. 14**:

Produce all documents related to the termination of white males and females in their twenties in the sales organization who allegedly manipulated the phone system to inflate the number of calls they received or placed which inflated their commission bonuses.

**RESPONSE NO. 14**:

Defendant objects to Request No. 14 on the grounds that it is unduly burdensome and seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

foregoing specific objections, and the general objections set forth above, Defendant will produce documents responsive to this request.

**REQUEST NO. 15**:

Produce all documents which reflect violations of APC policies, practices and/or procedures by any APC employee since 1997 where such employees were not terminated by APC for the stated violations.

**RESPONSE NO. 15**:

Defendant objects to Request No. 15 on the ground that it seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. The Company has employed tens of thousands of employees at locations throughout the world since January 1, 1997. Read literally, Request No. 15 seeks documents regarding each and every alleged violation of Company policies, practices, and/or procedures committed by each and every one of those employees during the preceding nine-plus years. Thus, because Request No. 15 seeks documents regarding alleged violations of Company policies, practices, and/or procedures that are remote in time from Plaintiff's employment with the Company, it is overly broad, unduly burdensome, and exceeds the permissible scope of discovery. Further, because Request No. 15 seeks documents regarding all such violations, and does not attempt to limit the scope of discovery to those employees who might arguably be similarly situated to Plaintiff, it is overly broad, unduly burdensome, and exceeds the permissible scope of discovery.

**REQUEST NO. 16**:

Produce all documents sent to and/or received from the Marriott Hotel in Providence Rhode Island, including, but not limited to all bills from the Marriott and payments made by APC to the Marriott Hotel in Providence Rhode Island since 1998.

**RESPONSE NO. 16**:

Defendant objects to Request No. 16 on the grounds that it is unduly burdensome, seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. To the extent this Request seeks documents regarding the Company's relationship with the Marriott Hotel in Providence, Rhode Island that pre-date or post-date Plaintiff's employment with the Company and do not concern hotel reservations made at such hotel by, or at the direction of, Plaintiff, it seeks documents that are not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence and unduly burdensome to locate and produce. Subject to and without waiving the foregoing specific objections, and the general objections set forth above, Defendant refers Plaintiff to the documents previously produced by Defendant, including documents Bates Nos. 373-425 and 521-34.

**REQUEST NO. 17**:

Produce all documents referring or related to the use of any hotels by APC and/or its employees on business for APC, which hotel at the time, was not on an APC preferred hotel list.

**RESPONSE NO. 17**:

Defendant objects to Request No. 17 on the ground that it is unduly burdensome. Request No. 17 contains neither a temporal nor a geographic limitation. As stated in response to Request No. 15, the Company has employed tens of thousands of individuals across the world since 1997 alone. Thus, read literally, Request No. 17 purports to require the Company to: (a) identify each and every employee who ever stayed at a hotel on Company business anywhere in the world since the Company was founded, (b) determine which hotels were on the Company's preferred list of vendors at the time of each such hotel stay, and (c) cross-reference each and every hotel reservation with the relevant list of preferred vendors to determine whether, for each occasion, each such employee did not stay at a hotel on such list. Therefore, Request No. 17 is unduly burdensome and exceeds the permissible scope of discovery. Further, to the extent Request No. 17 seeks documents that pre-date or post-dates Plaintiff's employment with the Company and do not concern hotel reservations made by, or at the direction of, Plaintiff, it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, the question of whether an employee booked, or the Company approved, a reservation at a hotel that was not one of the Company's preferred hotels is wholly irrelevant to this case: the Company terminated Plaintiff's employment because he wrongfully accepted travel or award points from the Providence Marriott in violation of APC's policies, not because he utilized a non-preferred hotel.

**REQUEST NO. 18**:

Produce all documents related to Requests for reimbursements submitted by Laurie Gaspar and APC issued checks for such reimbursements for events hosted at her house.

**RESPONSE NO. 18**:

Defendant objects to Request No. 18 on the grounds that it is unduly burdensome and seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. The Company has reviewed the portion of Ms. Gaspar's expense reimbursement records that are electronically available (those dating from January 1, 2005 onward): none of those records specifically reference events that were hosted at Ms. Gaspar's house. The remaining expense reimbursement records are voluminous, available only in paper, as opposed to electronic, form and are stored offsite. These records are not indexed. Further, the expense reimbursement forms submitted by Ms. Gaspar did not require that she specifically indicate whether the events for which she sought reimbursement were hosted at her home. Thus, unless Ms. Gaspar specifically documented the fact that she was seeking reimbursement for an event hosted at her house, it would be impossible for the Company to determine which records, if any, related to such events. In light of the foregoing, it would be unduly burdensome for Defendant to obtain the requested records from its offsite storage location and review each and every expense reimbursement form ever submitted by Ms. Gaspar

during the course of her employment with the Company to determine whether any of those requests related to events held at her house. The time and expense associated with such an undertaking far exceeds the permissible scope of discovery, particularly in light of the fact that the requested documents are entirely irrelevant to the claims asserted by Mr. Daniels.

**REQUEST NO. 19**:

Produce all documents related to any discipline given to Laurie Gaspar.

**RESPONSE NO. 19**:

Defendant objects to Request No. 19 on the ground that it seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific objection, and the general objections set forth above, Defendant states that it has no documents responsive to this request.

Respectfully submitted,

AMERICAN POWER CONVERSION CORPORATION,

By its attorneys,

George P. Kostakos /CBK

George P. Kostakos (6971)
Littler Mendelson, P.C.
10 Weybosset Street, Suite 404
Providence, RI 02903
(401) 454-2903 (tel.)
(401) 454-2969 (fax)
gkostakos@littler.com

Dated: November 6, 2006

CERTIFICATE OF SERVICE

I, George P. Kostakos, herby certify that on this 6th day of November 2006, a true and accurate copy of the foregoing Response to Plaintiff's Second Supplemental Request for Production of Documents was served via electronic mail and Federal Express upon plaintiff's counsel of record:

Noelle K. Clapham, Esq.
24 Salt Pond Road, Suite A-8
South Kingston, RI 02879

Lori Kisch, Esq.
Wiggins, Childs, Quinn & Pantazis PLLC
7 Dupont Circle NW Suite 200
Washington, DC 20036

George P. Kostakos / CBK
George P. Kostakos